A CERTIFIED TRUE COPY
ATTEST

By Tarrell L. Littleton on Oct 05, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT - 5 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 05, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ANDROGEL ANTITRUST
LITIGATION (NO. II)                                                                          MDL No. 2084

TRANSFER ORDER

      **Before the entire Panel**[*]: Now before the Panel are two motions brought, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of certain of the eight actions listed on Schedule A. The motions collectively encompass six actions in the Northern District of Georgia and one action each in the District of Minnesota and the Middle District of Pennsylvania.[1]

      Plaintiff in the District of Minnesota action moves for centralization in the District of Minnesota or, alternatively, the District of New Jersey. Similarly, plaintiffs in the Middle District of Pennsylvania action seek centralization in the Middle District of Pennsylvania. Plaintiffs in the potential tag-along action in the Middle District of Pennsylvania support the second motion.

      Plaintiffs in the other actions before the Panel variously support centralization, either primarily or in the alternative, in the movants' three suggested transferee districts. All defendants – Unimed Pharmaceuticals, Inc.; Solvay Pharmaceuticals, Inc.; Watson Pharmaceuticals, Inc.; Par Pharmaceuticals, Inc.; and Paddock Laboratories, Inc. – support centralization under Section 1407 in the Northern District of Georgia.

      On the basis of the papers filed and hearing session held, we find that these eight actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising from allegations that the defendants

---

   [*]   Judge Heyburn took no part in the decision of this matter.

   [1]   The motion originally encompassed three actions in the District of New Jersey; however, the court there transferred those actions to the Northern District of Georgia pursuant to 28 U.S.C. § 1404. Also, the parties have notified the Panel of a related action pending in the Middle District of Pennsylvania. This action and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

conspired to restrain trade and monopolize the domestic market for AndroGel, used in testosterone replacement therapy, and its generic equivalents. Plaintiffs in all actions assert that the defendants entered into agreements to settle patent litigation that delayed and excluded generic competition from the market for AndroGel in violation of antitrust laws. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary.

The Northern District of Georgia stands out as an appropriate transferee forum. Six of the actions before the Panel are pending there, following transfer pursuant to 28 U.S.C. § 1404 from district courts in California and New Jersey. A government action that is not encompassed by the Section 1407 motion is pending in the Northern District of Georgia as well. Centralization in this district also permits assignment to a judge with extensive experience in multidistrict litigation who is already familiar with the patent litigation underlying the antitrust claims in these actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash, Jr., for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

ATTEST: A TRUE COPY
CERTIFIED THIS

OCT - 5 2009

James N. Hatten, Clerk
By: Deputy Clerk

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman*      Kathryn H. Vratil
David R. Hansen                     W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.

**IN RE: ANDROGEL ANTITRUST
LITIGATION (NO. II)**                                              MDL No. 2084

## SCHEDULE A

### Northern District of Georgia

Rochester Drug Co-Operative, Inc. v. Unimed Pharmaceuticals, Inc., et al., C.A. No. 1:09-956
Louisiana Wholesale Drug Co., Inc. v. Unimed Pharmaceuticals, Inc., et al., C.A. No. 1:09-957
Meijer, Inc., et al. v. Unimed Pharmaceuticals, Inc., et al., C.A. No. 1:09-958
Stephen L. LaFrance Pharmacy, Inc., et al. v. Unimed Pharmaceuticals, Inc., et al.,
   C.A. No. Unassigned
Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund v.
   Unimed Pharmaceuticals, Inc., et al., C.A. No. Unassigned
Raymond Scurto v. Unimed Pharmaceuticals, Inc., et al., C.A. No. Unassigned

### District of Minnesota

United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund v. Unimed
   Pharmaceuticals, Inc., et al., C.A. No. 0:09-1168

### Middle District of Pennsylvania

Rite Aid Corp., et al. v. Unimed Pharmaceuticals, Inc., et al., C.A. No. 1:09-1153

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Northern District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

October 5, 2009

James N. Hatten, Clerk
2217 Richard B. Russell Federal Bldg.
& U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303-3309

Re: MDL No. 2084 -- IN RE: AndroGel Antitrust Litigation (No. II)

Dear Mr. Hatten:

      Attached as a separate document is a certified copy of a transfer order that the Judicial Panel on Multidistrict Litigation issued today in the above-captioned matter. The order is directed to you for filing. Rule 1.5 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 428 (2001), states "A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district."

      Today we are also serving an information copy of the order on the transferor court(s). The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred [transferor court]."

      Rule 1.6(a), pertaining to transfer of files, states "the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action." **With the advent of electronic filing, many transferee courts have found that it is not necessary to request the original file. Some transferee courts will send their certified copy of the Panel order with notification of the newly assigned transferee court case number and inform the transferor courts that they will copy the docket sheet via PACER. Others may request a certified copy of the docket sheet and a copy of the complaint (especially if it was removed from state court). You should be specific as to the files you would like to receive from the transferor courts and if no files will be necessary, you should make that clear. Therefore, Rule 1.6(a) will be satisfied once a transferor court has complied with your request.**

      You may find Chapter 7 of Volume 4 of the <u>Clerks Manual, United States District Courts</u> helpful in managing the MDL docket.

      The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. Therefore, we would appreciate your cooperation in keeping the Panel advised of the progress of this litigation. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge suggesting to the Panel that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

Attached to this letter, for your information, is a copy of the Panel Service List and a listing of the transferor court clerks with respect to this order.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By *Tarrell L. Littleton*
Tarrell L. Littleton
Deputy Clerk

Attachments (Transfer Order is a Separate Document)

cc:   Transferee Judge: Judge Thomas W. Thrash, Jr.
      Chief Judge Transferee District: Judge Julie E. Carnes

JPML Form 33

# Judicial Panel on Multidistrict Litigation - Panel Service List
## for
## MDL 2084 - IN RE: AndroGel Antitrust Litigation (No. II)

*** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
   * Signifies that an appearance was made on behalf of the party by the representing attorney.
   # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
   All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
   Docket: 2084 - AndroGel Antitrust (No. II)
   For Open Cases

**Judicial Panel on Multidistrict Litigation - Panel Service List**  Page 1

Docket: 2084 - IN RE: AndroGel Antitrust Litigation (No. II)
Status: Transferred on 10/05/2009
Transferee District: GAN   Judge: Thrash, Jr, Thomas W.   Printed on 10/05/2009

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Ademi, Guri<br>ADEMI & O'REILLY LLP<br>3620 East Layton Avenue<br>Cudahy, WI 53110 | =>Phone: (414) 482-8000  Fax: (414) 482-8001  Email: gademi@ademilaw.com<br>Scurto, Raymond |
| Cramer, Eric L.<br>BERGER & MONTAGUE PC<br>1622 Locust Street<br>Philadelphia, PA 19103 | =>Phone: (215) 875-3000  Fax: (215) 875-4604  Email: ecramer@bm.net<br>Rochester Drug Co-Operative, Inc.* |
| Gerstein, Bruce E.<br>GARWIN GERSTEIN & FISHER LLP<br>1501 Broadway<br>Suite 1416<br>New York, NY 10036 | =>Phone: (212) 398-0055  Fax: (212) 764-6620  Email: bgerstein@garwingerstein.com<br>Louisiana Wholesale Drug Co., Inc.* |
| Goldstein, Jayne Arnold<br>SHEPHERD FINKELMAN MILLER & SHAH LLC<br>1640 Town Center Circle<br>Suite 216<br>Weston, FL 33326 | =>Phone: (954) 943-9191  Fax: (954) 943-9173  Email: jgoldstein@sfmslaw.com<br>Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund* |
| Grannon, Eric<br>WHITE & CASE LLP<br>701 Thirteenth Street, NW<br>Washington, DC 20005 | =>Phone: (202) 626-3646  Fax: (202) 639-9355  Email: egrannon@whitecase.com<br>Paddock Laboratories, Inc.*; PAR Pharmaceutical, Inc.*; Par Pharmaceuticals, Inc.* |
| Lukens, Joseph T.<br>HANGLEY ARONCHICK SEGAL & PUDLIN<br>One Logan Square<br>18th and Cherry Street<br>Suite 2700<br>Philadelphia, PA 19103-6933 | =>Phone: (215) 496-7032  Fax: (215) 568-0300  Email: jlukens@hangley.com<br>Caremark, LLC; CVS Pharmacy, Inc.; Eckerd Corp.; JCG (PJC) USA, LLC; Maxi Drug, Inc. dba Brooks Pharmacy; Rite Aid Corp.; Rite Aid Headquarters Corp. |
| Nussbaum, Linda P.<br>KAPLAN FOX & KILSHEIMER LLP<br>850 Third Avenue<br>14th Floor<br>New York, NY 10022 | =>Phone: (212) 687-1980  Fax: (212) 687-7714  Email: lnussbaum@kaplanfox.com<br>Meijer Distribution, Inc.*; Meijer, Inc.* |
| Roberti, John<br>MAYER BROWN LLP<br>1999 K Street, NW<br>Washington, DC 20006 | =>Phone: (202) 263-3428  Fax: (202) 762-4228  Email: jroberti@mayerbrown.com<br>Solvay Pharmaceuticals, Inc.*; Unimed Pharmaceuticals, Inc.* |
| Roda, Joseph F.<br>RODANAST PC<br>801 Estelle Drive<br>Lancaster, PA 17601 | =>Phone: (717) 892-3000  Fax: (717) 892-1200  Email: jroda@rodanast.com<br>Stephen L. LaFrance Holdings, Inc.*; Stephen L. LaFrance Pharmacy, Inc. dba SAJ Distributors* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Sunshine, Steven C.<br>SKADDEN ARPS SLATE MEAGHER & FLOM LLP<br>1440 New York Avenue, NW<br>Washington, DC 20005 | =>Phone: (202) 371-7000  Fax: (202) 393-5760  Email: steven.sunshine@skadden.com<br>Watson Pharmaceuticals, Inc.* |
| Wexler, Kenneth A.<br>WEXLER WALLACE LLP<br>55 West Monroe Street<br>Suite 3300<br>Chicago, IL 60603 | =>Phone: (312) 346-2222  Fax: (312) 346-0022  Email: kaw@wexlerwallace.com<br>United Food & Commercial Workers Union & Employers Midwest Health Benefits Fund* |

IN RE: ANDROGEL ANTITRUST
LITIGATION (NO. II)                                                                 MDL No. 2084

## INVOLVED CLERKS LIST

Mary E. D'Andrea, Clerk
P.O. Box 983
Harrisburg, PA 17108-0983
**Kevin Calpin/PAMD/03/USCOURTS**

Richard Sletten, Clerk
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
**MNDdb_MDL Panel Orders**

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

| | | | |
|---|---|---|---|
| **CHAIRMAN:**<br>*John G. Heyburn II*<br>*United States District Court*<br>*Western District of Kentucky* | **MEMBERS:**<br>*Robert L. Miller, Jr.*<br>*United States District Court*<br>*Northern District of Indiana*<br><br>*Kathryn H. Vratil*<br>*United States District Court*<br>*District of Kansas*<br><br>*David R. Hansen*<br>*United States Court of Appeals*<br>*Eighth Circuit* | *W. Royal Furgeson, Jr.*<br>*United States District Court*<br>*Northern District of Texas*<br><br>*Frank C. Damrell, Jr.*<br>*United States District Court*<br>*Eastern District of California* | **DIRECT REPLY TO:**<br><br>Jeffery N. Lüthi<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal<br>Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002<br><br>Telephone: [202] 502-2800<br>Fax:         [202] 502-2888<br>http://www.jpml.uscourts.gov |

October 5, 2009

Honorable Thomas W. Thrash, Jr.
U.S. District Judge
2188 Richard B. Russell Federal
Building & U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303-3361

Re: MDL No. 2084 -- IN RE: AndroGel Antitrust Litigation (No. II)

Dear Judge Thrash:

  Attached are: (i) a letter directed to the Clerk of your district advising that the above-referenced litigation has been transferred to you under 28 U.S.C. § 1407 and (ii) a copy of the related transfer order.

  As you may know, this office maintains all multidistrict litigation statistics and submits them to the Administrative Office for inclusion in the <u>Annual Report of the Director</u>. Consequently, once yearly we will verify the actual number and status of the actions assigned to you, including actions added to the docket either by transfer of tag-along actions or additional related actions originally filed in your district. You will receive a copy of our annual inquiry to your Clerk.

  You may use our Citrix remote access server to access our database for information regarding assigned multidistrict litigation. Our database contains transferor and transferee information for your multidistrict litigation. It identifies counsel who made appearances in the transferor districts, counsel who filed appearances before the Panel and counsel assigned by you as liaison counsel. It tracks each individual action from the date of transfer to termination either by dismissal, remand to transferor district, remand to state court, etc. You may access the server on a Windows based personal computer with DCN access. To use the server, please feel free to contact our Systems Administrator, Al Ghiorzi, to establish a password and receive instructional information.

  Your attention is directed to Rule 7.6 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 436-38 (2001), dealing with termination and remand of actions transferred by the Panel. Specifically, the rule states, in part, the following:

- 2 -

    (a) Actions terminated in the transferee district court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, shall not be remanded by the Panel and shall be dismissed by the transferee district court....

    (b) Each action transferred only for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district for trial....

    (c) The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on...suggestion of the transferee district court....

We will promptly act upon any written notices from you that remand of actions or separable claims transferred under Section 1407 is appropriate.

If you appoint liaison counsel, in your pretrial order outlining liaison counsel's responsibilities, please consider reinforcing Panel Rule 5.2(e), which provides:

    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule [Panel Rule 5.2, Service of Papers Filed Before the Panel] shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

Thanks for your help. Feel free to contact this office if we may be of assistance to you.

    Very truly,

    Jeffery N. Lüthi
    Clerk of the Panel


By _____*Tarrell L. Littleton*_____
    Tarrell L. Littleton
    Deputy Clerk

Attachments (Separate Documents)

cc:    Clerk, United States District Court
        for the Northern District of Georgia

JPML Form 23