# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DISTRICT

| | |
|---|---|
| IN RE: ANDROGEL ANTITRUST LITIGATION (NO. II) <br><br> (END-PAYOR CLASS ACTIONS) | 1:09md2084-TWT <br> Judge Thomas W. Thrash Jr. |
| FRATERNAL ORDER OF POLICE, FORT LAUDERDALE LODGE 31, INSURANCE TRUST FUND, on Behalf of itself and all others similarly situated, <br>           Plaintiff, <br> v. <br> UNIMED PHARMACEUTICALS, INC., et al. <br>           Defendants. | Civ. Action No.: <br> 1:09CV2914-TWT |
| RAYMOND SCURTO, on Behalf of himself and all others Similarly situated, <br>           Plaintiff, <br> v. <br><br> UNIMED PHARMACEUTICALS, INC., et al. <br>           Defendants. | Civ. Action No.: <br> 1:09CV2915-TWT <br><br> Judge Thomas W. Thrash Jr. |

## END-PAYOR PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL ) <br> WORKERS UNIONS AND EMPLOYERS ) <br> MIDWEST HEALTH BENEFITS FUND, ) <br> on behalf of itself and all others ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNIMED PHARMACEUTICALS, INC., ) <br> et al. ) <br> Defendants. ) <br> _____) | Civ. Action No. <br> 1:09CV2848-TWT |

**END-PAYOR PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS**

## I.     INTRODUCTION

The Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund ("FOP"), Raymond Scurto and United Food and Commercial Workers Unions and Employer's Midwest Health Benefits Fund (collectively, "End-Payor Plaintiffs" or "Plaintiffs") are end-payors or indirect purchasers of AndroGel, a testosterone replacement drug marketed by Solvay.[1]

The Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund and Raymond Scurto filed their respective complaints in the District of New

---

[1] "Solvay" refers to defendants Solvay Pharmaceutical, Inc. and Unimed Pharmaceuticals, Inc.

2

Jersey and the United Food and Commercial Workers' Unions and Employers Midwest Health Benefits Fund filed its complaint in the District of Minnesota. The Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order transferring these cases to this District on October 6, 2009, but the cases were not filed in this District until October 29, 2009. *See* Dkt. No. 5. On October 30, 2009 –*the day after* the Conditional Transfer Order was entered in this District, Defendants[2] Solvay and Watson [Dkt. No. 7] and Par/Paddock filed separate motions to dismiss each of the End-Payors' Complaints.[3] [Dkt. No. 8]

Defendants had previously filed motions to dismiss the Direct Purchaser Plaintiffs' Complaints on August 31, 2009 [Dkts. 134 and 135, case no. 1:09-cv-00957] to which the Direct Purchasers responded on October 28, 2009. [Dkt. No. 149] Because the Defendants' memoranda rely in part on the arguments made in their motions to dismiss the Direct Purchasers and because the underlying

---

[2] Collectively, the Defendants are Solvay Pharmaceutical, Inc. and the "Generic Defendants" which include Watson Pharmaceuticals, Inc. ("Watson"), Paddock Laboratories, Inc. ("Paddock") and Par Pharmaceutical Companies, Inc. ("Par"). Par and Paddock are collectively referred to as "Par/Paddock".

[3] There can be no dispute that the End-Payor Plaintiffs' Complaints were transferred to this District pursuant to the MDL order entered in the United States District Court for the Northern District of Georgia on October 29, 2009 [Dkt. 5] and not, as Defendants suggest, pursuant to a transfer order entered by Judge Hayden.

allegations regarding the Defendants' conduct are the same, the End-Payor Plaintiffs join in, adopt and incorporate by reference the Direct Purchasers' Memorandum in Opposition to Defendants' Motions to Dismiss the Second Amended Complaint.[4]  This opposition, filed on behalf of all End-Payor Plaintiffs, along with the Direct Purchasers' memorandum responds to Defendants' motions to dismiss the End-Payor Plaintiffs' Complaints.

## II.   ARGUMENT

### A. The Standard on the Motion to Dismiss

In a ruling on a motion to dismiss, courts must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *Quality Foods de Centro America, S.A. v. Latin American Agri. Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *Metal Morphosis, Inc. v. Acorn Media Publ., Inc.,* 639 F.Supp.2d 1367, 1372 (N.D. Ga. 2009)(same).  A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a plausible claim for relief.  *Id.* (citing *Bell Atlantic v. Twombly*, 550 U.S. 544

---

[4]   FOP's complaint alleges sham litigation in the underlying patent dispute. FOP's Complaint at ¶ 79.  To the extent that the Defendants single out FOP's allegations in that regard, FOP joins in, adopts and incorporates by reference the Direct Purchasers' Memorandum in Opposition to Defendants' Motions to Dismiss the Second Amended Complaint on that issue.  See Direct Purchasers' Mem. at 42 – 50.

(2007); Fed. R. Civ. P. 12(b)(6). The Supreme Court's recent decision in *Twombly*, did not alter the pleading standards but left within the discretion of the district judge whether a plaintiff has alleged sufficient factual detail. *CBT Flint Partners, LLC v. Goodmail Systems, Inc.*, 529 F.Supp.2d 1376, 1379-80 (N.D. Ga. 2007). Here, the Plaintiffs' Complaints are more than sufficiently detailed to state viable antitrust and state law claims.

### B. Defendants' Blanket Arguments to Dismiss Plaintiffs' State Law Claims Are Inadequate

Rather than addressing each of the Plaintiffs' state-law claims, Defendants broadly sweep those claims under federal law via footnoted string cite or summary conclusions devoid of meaningful analysis. *See Solvay's Mem.* at footnotes 4 and 5; *Par/Paddock Mem.* at 3-5. Collectively, the End-Payor Plaintiffs have alleged viable violations of various states' antitrust, unfair and deceptive trade practices acts and claims for unjust enrichment. Defendants' attempt to dispose of those claims with a string-citation reference to federal law is simply inadequate.

### C. Plaintiffs Have Adequately Alleged Violations of State Antitrust and Consumer Protection Statutes

The three End-Payor Complaints contain sufficient allegations of Defendants' violations of numerous states' antitrust and consumer protection

statutes.[5]  As an initial matter, in light of the Defendants' failure to fully address Plaintiffs' alleged violations of various state statutes, Defendants' motions to dismiss should be denied.

Instead of addressing Plaintiffs' legitimate state claims head on, the Defendants argue that federal court antitrust law should guide interpretations of state antitrust and consumer protection laws, thus leading to the Defendants' conclusion that state antitrust and unfair trade practices claims are never sustained by Federal Courts.  Solvay's Mem. at 8.  Defendants' argument that many state antitrust and consumer protection statutes are guided by interpretations of the corresponding federal laws is no barrier to Plaintiffs' recovery. To the contrary, the vast majority of the state consumer protection statutes in the Complaint are "Baby FTC Acts" modeled on the Federal Trade Commission Act, 15 U.S.C. § 41, and adopt the FTC Act's broad view of a "deceptive practice."[6]  It is well settled

---

[5]  Given the timing of Defendants' Motion to Dismiss, the End-Payor Plaintiffs were not given the opportunity to file a Consolidated Amended Complaint. In the event that the Court grants Defendants any relief requested against the End-Payor Complaints, we request leave to file a Consolidated Amended Complaint.

[6]  *See*, *e.g.*, *State by Lefkowitz v. Colorado State Christian College of Church of Inner Power, Inc*., 346 N.Y.S.2d 482, 486 (1973) (New York's Baby FTC Act is co-extensive with FTC Act and is "intended to be broadly construed"); *Goshen v. Mut. Life Ins. Co. of N.Y*., 98 N.Y.2d 314, 324 (N.Y. 2002) (stating a claim under New York's Baby FTC Act requires "a showing that defendant is engaging in an

that antitrust violations and deceptive conduct alike constitute the kinds of acts and practices[7] contemplated and proscribed by the consumer protection statutes Plaintiffs assert.[8]

Moreover, even beyond deceptive conduct, the consumer protection statutes prohibit conduct that is unfair and unconscionable as well as deceptive.[9] The

---

act or practice that is deceptive and misleading in a material way and that plaintiff has been injured by reason thereof").

[7]   *New York v. Feldman*, 210 F. Supp. 2d 294, 302 (S.D.N.Y. 2002) (citations omitted); *see also FTC v. Motion Picture Adver. Servs. Co., Inc.*, 344 U.S. 392, 394-95 (1953) (monopolistic conduct prohibited by Sherman Act necessarily violates FTC Act); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 350 F. Supp. 2d 160, 192 (D. Me. 2004) (declining to dismiss a claim under the Montana Unfair Trade Practices and Consumer Protection Act that, like the claim at issue here, was based on allegations of anticompetitive misconduct; observing that the Montana statute's language is "very similar" to the language of the FTC Act; and "conclud[ing] that conduct violating the FTC Act would violate Montana's consumer protection statute as well."); *Mack v. Bristol-Myers Co.*, 673 So. 2d 100, 103 (Fla. Dist. Ct. App. 1996) (the acts proscribed by subsection 501.204(1) of the Florida Deceptive and Unfair Trade Practices Act include antitrust violations.); FLA. STAT. § 501.204(2) ("due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to [the FTCA (15 U.S.C. § 45(a)(1))].")

[8]   Certain consumer protection statutes in the Complaints that are *expressly* to be interpreted consistent with, or with great weight or due consideration given to, the scope of the FTC Act, include those of: Arizona, Connecticut, Florida, Hawaii, Illinois, Louisiana, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Mexico, Ohio, Rhode Island, Texas, Utah, Vermont, Washington, and West Virginia.

Supreme Court has defined "unfair acts" in Section 5 of the FTC Act as conduct that is "immoral, unethical, oppressive, unscrupulous . . . [or] causes substantial injury to consumers." *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244-45 n.5 (1972) (citation omitted). State courts across the country have adopted similar definitions of "unfair acts" for purposes of enforcing the Baby FTC Acts, and have likewise recognized that End Payors such as Plaintiffs may pursue relief under those statutes. *See e.g., Mourning v. Smithkline Beecham Corp.*, No. C 08-04929 WHA, Case No. 08-04929, 2009 U.S. Dist. LEXIS 25894, at \*\*11-12 (N.D. Cal. Mar. 17, 2009) (quotations omitted) (a business practice violates the proscription against unfair conduct if *either*: (1) offends an established public policy; (2) is immoral, unethical, oppressive, unscrupulous; *or* (3) is substantially injurious to consumers); *Siegel v. Shell Oil Co.*, 480 F. Supp. 2d 1044, n. 5 (N.D. Ill. 2007)

---

[9] Consumer protection statutes in the complaint that prohibit "unfair" conduct include those of: Alaska, California, Colorado, Connecticut, Delaware, D.C., Florida, Hawaii, Idaho, Illinois, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Vermont, Washington, and West Virginia. Consumer protection statutes in the complaint that prohibit "unconscionable" conduct include those of: Arkansas, D.C., Florida, Idaho, Kansas, Kentucky, Michigan, Nebraska, New Mexico, Ohio, Oklahoma, Oregon, Texas, Utah, and West Virginia.

(quoting *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403 (Ill. 2002)) (citing the same unfair factors under Illinois' Consumer Fraud Act).

Here, Plaintiffs' allegations are more than adequate to plead Defendants' unfair, unconscionable, and/or deceptive acts sufficient to state a claim under the various state consumer protection statutes. *See* FOP Complaint ¶¶ 83-86, Scurto Complaint ¶¶ 143-191, 201, and UFCW Complaint ¶¶ 144-151.

### D. Plaintiffs Have Adequately Alleged a Claim for Unjust Enrichment

Defendants' memoranda ignores Plaintiffs' well-plead unjust enrichment claims. *See* FOP Complaint ¶¶ 87-89, Scurto Complaint ¶¶ 192-201, and UFCW Complaint ¶¶ 194-203. The unjust enrichment laws of indirect-purchaser States are sufficiently similar to render appropriate the nationwide application of the common law doctrine of unjust enrichment. Indeed, the elements of proof for unjust enrichment are materially identical. *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 697 n.40 (S.D. Fla. 2004) ("state claims of unjust enrichment are 'universally recognized causes of action that are materially the same throughout the United States'") (quoting *Singer v. A T & T, Corp.*, 185 F.R.D. 681, 692 (S.D. Fla. 1988). As many courts have observed, any differences in the way various state courts have described the common law doctrine of unjust enrichment are inconsequential. *Powers v. Lycoming Engines*, 245 F.R.D. 226,

9

231 (E.D. Pa. 2007), *rev'd on other grounds*, 2009 U.S. App. LEXIS 6785 (3d Cir. 2009). ("Although there are numerous permutations of the elements of the [unjust enrichment] cause of action in the various states, there are few real differences . . . In other words, regardless of which state's unjust enrichment elements are applied, the result is the same. Thus, there is no real conflict surrounding the elements of the cause of action."); *see In re Abbott Labs. Norvir Antitrust Litig.,* Nos. C 04-1511 & 04-4203, 2007 WL 1689899, at *9 (N.D. Cal. June 11, 2007) (finding variance in description of unjust enrichment "idiosyncratic" and insufficient to "alter the central issue or the manner of proof."); *see also Taylor v. Home Ins. Co.*, 777 F.2d 849, 859 (4th Cir. 1985); *Davis v. Ampthill Rayon Workers, Inc.*, 446 F. Supp. 681, 684 (E.D. Va. 1978) *aff'd*, 594 F.2d 856 (4th Cir. 1979); *Doe v. S.C. Med. Malpractice Liab. Joint Underwriting Ass'n*, 557 S.E.2d 670, 672 (S.C. 2001). Therefore, Plaintiffs' unjust enrichment claims should be sustained.

### III. CONCLUSION

For the foregoing reasons, End-Payor Plaintiffs respectfully request that Defendants' motions to dismiss the pursuant to Rule 12(b)(6) be denied in all respects.

DATED: DECEMBER 2, 2009          HOLZER HOLZER & FISTEL, LLC


                                 _____s/Marshall P. Dees_____
                                 Corey D. Holzer (Ga. Bar No. 364698)
                                 Marshall P. Dees (Ga. Bar No. 105776)
                                 200 Ashford Center North, Suite 300
                                 Atlanta, GA  30338
                                 Telephone:  (770) 392-0090

                                 *Proposed Liaison Counsel for the
                                 Indirect-Purchaser Plaintiffs*

SHEPHERD FINKELMAN MILLER
 & SHAH LLP
Natalie Finkelman Bennett
Jayne Arnold Goldstein
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880

*Proposed Interim Co-Lead Counsel for End-Payor Plaintiffs and Counsel for Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund*

MILLER LAW LLC
Marvin A. Miller
Lori A. Fanning
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400

*Proposed Interim Co-Lead Counsel for End-Payor Plaintiffs and Counsel for Raymond Scurto*

GUSTAFSON GLUEK PLLC
Daniel E. Gustafson
Karla M. Gluek
650 Northstar East
608 Second Avenue South
Minneapolis MN 55402
Telephone: (612) 333-8844

*Proposed Interim Co-Lead Counsel for End-Payor Plaintiffs and Counsel for United Food and Commercial Workers Union and Employers Midwest Health Benefit Funds*

**CERTIFICATE OF SERVICE AND TYPE**

Pursuant to Local Rule 7.1D, the undersigned counsel for Plaintiff hereby certifies that the forgoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 2nd day of December, 2009, the forgoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the counsel of record registered with the CM/ECF system.

                                              HOLZER HOLZER & FISTEL, LLC

                                              _____s/Marshall P. Dees_____
                                              Marshall P. Dees
                                              Georgia Bar No. 105776