**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DISTRICT**

| | |
|---|---|
| **IN RE ANDROGEL ANTITRUST LITIGATION (II)** | **Case No. 1:09-md-2084-TWT ALL CASES** |
| **FEDERAL TRADE COMMISSION**<br>**Plaintiff**<br>**v.**<br>**WATSON PHARMACEUTICALS, INC., et al.**<br>**Defendants** | **Case No. 1:09-cv-955 (TWT)** |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P 26(c), by and between the parties to the above-styled action, including Unimed Pharmaceuticals, LLC ("Unimed"); Solvay Pharmaceuticals, Inc. ("Solvay"); Watson Pharmaceuticals, Inc. ("Watson"); Paddock Laboratories, Inc. ("Paddock"); Par Pharmaceuticals, Inc. ("Par") (collectively, "Defendants"); plaintiffs in the "Direct Purchaser Class Actions" (09-cv-0956-TWT, 09-cv-0957-TWT, 09-cv-0958-TWT, and 09-cv-2913-TWT); plaintiffs in the "Direct Purchaser Individual Actions" (09-cv-2776-TWT and 09-

cv-3019-TWT); plaintiffs in the "End Payor Class Actions" (09-cv-2848-TWT, 09-cv-2914-TWT, and 09-cv-2915-TWT); the Federal Trade Commission (the "FTC"); and parties to any subsequent actions consolidated with the above actions (collectively, and including any subsequent appeals, "the Actions"), through their respective counsel, agree that the terms and conditions of this Stipulated Protective Order shall govern the production and handling of documents, responses to interrogatories and requests for admissions, pleadings, exhibits, deposition or other testimony, and other information exchanged by the parties or by third parties in the Actions.  The Court, finding that good cause exists for entry of a protective order in the Actions to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential information during and after the course of the litigation,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1.      **Materials Covered**.  Any party or other person, including non-party recipients of discovery requests/subpoenas, may designate all or any part of a document, discovery response, deposition, or other material which that party or person produces, serves, or provides in connection with these Actions as "Confidential" or "Highly Confidential," as described below.

a.      "Confidential Material" shall mean material that the party producing the material (the "producing party") believes in good faith deserves protection under Fed. R. Civ. P. 26(c), including, without limitation, trade secrets or other confidential non-public research or analysis, development, or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.      "Highly Confidential Material" shall mean any Confidential Material that contains trade secrets; highly sensitive and non-public research or analysis; customer information; current (not more than five years old) financial, marketing, or strategic business planning information (including past information indicative of current practices); current or any future pricing information; information relating to research, development, testing of, or plans for, a party's existing or proposed future products; information relating to the processes, apparatus, or analytical techniques used by a party in its present or proposed commercial production of such products; information relating to pending or abandoned patent applications which have not been made available to the public; communications regarding any of the Highly

Confidential Material; and any other information that a party believes in good faith could be used by a competitor to harm its business.

c.      Any document produced by a party or non-party in this litigation may be designated as Confidential Material by marking it "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" on the face of the document at or prior to the time of production.  Any document produced by a party or non-party in this litigation may be designated as Highly Confidential Material by marking it "HIGHLY CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" on the face of the document at or prior to the time of production.  A party or non-party may designate electronic documents and other non-paper media as "Confidential Material" or "Highly Confidential Material," as appropriate, by noting such designation in an accompanying cover letter, without the need to include additional designations within the electronic document or non-paper media itself.

d.      Testimony provided in this litigation may be designated as Confidential Material or as Highly Confidential Material by any party if the testimony concerns or relates to that party's confidential information, subject to paragraphs 11 and 16.  The person desiring to designate any portion of testimony as Confidential Material or Highly Confidential Material shall do so by so stating orally on the record on the day that the testimony is being given, either personally

or through counsel.  If anyone makes such an oral designation, the confidential portions of the deposition shall be taken only in the presence of persons entitled to access to such information under this Order.  Additionally, any party or non-party may designate any or all portions of the transcript and/or video of any deposition (or of any other testimony) as containing Confidential Material or Highly Confidential Material in accordance with this Order by notifying all other parties in writing, within thirty (30) days of receipt of the transcript and/or video that it contains Confidential Material or Highly Confidential Material and designating the specific pages and/or line as containing Confidential or Highly Confidential Material.  All transcripts and/or videos shall be treated as Highly Confidential Material and subject to this Protective Order until a time thirty (30) days after a final, official (non-draft) transcript and video of the deposition (or other testimony) are received.  Any portion of any deposition testimony that is not designated as Confidential Material or Highly Confidential Material in accordance with paragraph 1 hereof, within thirty (30) days after a final, official (non-draft) transcript and/or video of the deposition (or other testimony) are received, shall not be entitled to the protections afforded under this Protective Order.  If practicable, the reporter shall bind the Confidential and Highly Confidential testimony in separate volumes and mark the face of the transcript to indicate its confidential

nature and production pursuant to this Protective Order.  Any video cassettes (or other storage media) containing Confidential or Highly Confidential testimony shall be labeled in accordance with the provisions of this Order.

e.      Any document produced (or material containing information from a document produced) by a party or by a non-party as well as all transcripts of any investigational hearings during the precomplaint investigation by the FTC shall be treated as Highly Confidential for purposes of this Order, unless either the original source of the document agrees or the Court orders otherwise.  In any event, such materials remain subject to the confidentiality requirements of the Federal Trade Commission's Rules of Practice and any other legal obligation imposed upon the Commission.  If a non-party which has produced documents to the FTC has requested that its identity not be revealed, its identity shall be kept Highly Confidential, unless such a non-party agrees or the Court orders otherwise; provided, however, that the FTC shall provide outside counsel with a list of those non-parties who have requested confidential treatment for their identities and whose Highly Confidential materials are disclosed to counsel under this Order, and shall identify on that list the specific documents produced by each such non-party.

f.      Any document produced (or material containing information from a document produced), any deposition transcripts or exhibits, any expert reports, any

filings, and other materials from underlying patent litigations involving any of the parties in these Actions, that were designated therein as confidential or highly confidential shall be treated as Highly Confidential under this Order, unless either the original source of the document agrees or the Court orders otherwise.

2.   **Use of Materials and Declaration**.

a.   All materials produced in discovery, including, but not limited to, those which are designated "Confidential" and "Highly Confidential," shall be used solely in furtherance of the prosecution or defense of these Actions, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Order.

b.   Each person to whom "Confidential" or "Highly Confidential" material is disclosed, except the persons identified in Paragraphs 3(a)-(c) and 4(a)-(c) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Order, before receiving "Confidential" or "Highly Confidential" material.

c.   Notwithstanding any contrary provision in this Order, a party is permitted to disclose "Confidential" and "Highly Confidential" documents to the extent required by a valid subpoena or other valid legal process, provided that the procedures in this paragraph are followed.  The party which has received a valid

subpoena or other valid legal process (the "receiving party") must provide the party or non-party that designated the material that is to be treated pursuant to this Order as Confidential or Highly Confidential (the "designating party") with written notice of such subpoena or other legal process, via electronic mail/PDF, or hand delivery, at least fifteen (15) business days before disclosure or a lesser period if ordered by the court ("the response period"), in order to afford the designating party an opportunity to object. The receiving party shall not produce any of the Confidential or Highly Confidential material during the response period. If, within the response period, the designating party gives notice to the receiving party that the designating party opposes production, the receiving party, other than the Federal Trade Commission as set forth in Section 2(d), shall not thereafter produce such information except pursuant to a court order requiring production or rejecting the designating party's objections or as set forth in Section 2(d). If a court orders production of documents that are subject to this Order, then production of such documents pursuant to that Court Order shall not be deemed a violation of this Order. The designating party shall be solely responsible for asserting any objection to the requested production and shall move as soon as practicable for a protective order or other relief. Nothing herein shall be construed as requiring the

receiving party to subject itself to any penalties for non-compliance with any subpoena, access request, or legal process or to seek any relief from the Court.

d.      Nothing in this Order shall prevent the FTC from disclosing and using Confidential and Highly Confidential documents, subject to taking appropriate steps to preserve confidentiality, to the extent necessary to comply with Sections 6(f) and 21 of the Federal Trade Commission Act, or any other legal obligation imposed upon the Commission.

**3.      Disclosure of "Confidential" Materials**.      Disclosure of "Confidential" materials may be made only to:

a.      the Court, its secretaries, clerks, law clerks and other support staff in the manner set forth herein;

b.      attorneys for a party who are working on these Actions and their employed economists and employed or retained support staff, secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, litigation consultants, document management services and graphics services (this category hereinafter referred to as "Attorneys").  Except as set forth below, Attorneys shall include in-house counsel actively involved in the prosecution or defense of these Actions ("In-House Counsel").

c.      FTC personnel, including FTC Commissioners, Commission attorneys, employees, and law clerks;

d.      court reporters, court videographers, and similar transcription services and their support staff (this category hereinafter referred to as "Court Reporters");

e.      any expert or consultant (including all non-party personnel and support staff assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed) who is retained by counsel for any of the parties in these Actions to assist counsel in these Actions (this category hereinafter referred to as "Experts");

f.      any person who may testify as a witness either at a deposition or court proceeding in these Actions, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness (this category hereinafter referred to as "Witnesses"); and

g.      any other person that all parties agree to in writing or by Order of the Court, after notice to all parties.

**4.      Disclosure of "Highly Confidential" Materials**.   Disclosure of "Highly Confidential" materials may be made only to:

a.      the Court, its secretaries, clerks, law clerks and support staff in the manner set forth herein;

b.      Attorneys (as defined in paragraph 3(b) above), but not to In-House Counsel;

c.      FTC personnel (as defined in paragraph 3(c) above);

d.      Court Reporters (as defined in paragraph 3(d) above);

d.      Experts (as defined in paragraph 3(e) above);

e.      Witnesses (as defined in paragraph 3(f) above), provided, however that such disclosure shall only be made to a witness:

i.      who is a current employee of the party producing the "Highly Confidential" material; or

ii.     who is a former employee of the producing party and who originally created or received the document in the ordinary course of that employment; or

iii.    who is a former employee of the producing party and who originally had an authorized right of access to the document in the ordinary course of that employment; or

iv.     who is an author, addressee, or recipient of the material in question, or if there are other indicia that the witness has seen the document previously; or

v.       if the party seeking to disclose the material provides counsel for the designating party with advance written notice, via electronic mail/PDF, or hand delivery, at least three (3) business days before disclosure, that states the identity of the material for which disclosure is sought and the identity of the witness to whom disclosure would be made.  Counsel for the designating party may challenge the proposed disclosure of material pursuant to this provision, by providing counsel for the party seeking disclosure with a written objection, via electronic mail/PDF or hand delivery, within two (2) business days thereafter.  If a written objection is made, the party seeking disclosure shall not proceed with disclosure unless authorized to do so pursuant to the procedures described in Paragraph 6 below.

f.       any other person that all parties agree to in writing or by Order of the Court, after notice to all parties.

**5.**    **Challenge to Designation**.    A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made.   A party may challenge a confidentiality designation or insufficient designation at any time (including without limitation designations pursuant to paragraph 1(d)), and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so.  Any party wishing to challenge the "Confidential" or "Highly Confidential" designation assigned by another party

or other person with respect to any material shall give written notice of such objection to counsel for the designating party.  The parties shall confer in good faith in an attempt to resolve any such objection.  In the event any objection to a designation is not first resolved by agreement of counsel, the party challenging the "Confidential" or "Highly Confidential" designation may file an appropriate motion with the Court after counsel confer in good faith.  Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material.  Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" or "Highly Confidential" material to demonstrate the propriety of such designation.  Until the parties or the Court resolves a challenge to the designation of "Confidential" or "Highly Confidential" material, the original designation shall remain in full force and effect.

6.   **Handling of Confidential and Highly Confidential Materials**.  All material designated "Confidential" or "Highly Confidential" shall remain in the possession of the Attorneys of record to whom such material is produced, and they shall not permit any such materials to leave their possession, nor should they release or disclose the nature, substance, or contents thereof, except that copies of

such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary.  Within sixty (60) days after such time as these Actions are concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" or "Highly Confidential" material may require the return of all materials and copies thereof containing "Confidential" or "Highly Confidential" information (including but not limited to copies in the possession or control of any Expert or employee), and all reasonable costs of such return shall be borne by the party requesting such disposal.  Alternatively, the producing party may allow all other counsel to certify in writing to the producing party that all such information has been destroyed.  As to those materials that contain or reflect attorney work product, counsel of record for the parties shall be entitled to retain such work product in their files, so long as such materials, in accordance with the provisions of this Protective Order, are clearly marked to reflect that they contain information subject to this Order, and are maintained as such.  In addition, counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Material or Highly Confidential Material, so

long as such materials, in accordance with the provisions of this Protective Order, are clearly marked to reflect that they contain information subject to this Order, and are maintained as such.  Nothing in this Order shall preclude the FTC from complying with the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. Sec. 4.12.

7.    **Inadvertent Production of Privileged Documents**.    Inadvertent production of any document produced in these Actions by any party or person, that such party or person later claims should have been withheld on grounds of a privilege (an "Inadvertently Produced Privileged Document"), including but not limited to the work product doctrine, will not be deemed, in itself, to waive any privilege or work product protection either as to specific information in the Inadvertently Produced Privileged Document or as to any other information relating thereto or on the same or related subject matters.  A party or person claiming privilege or other protections for an Inadvertently Produced Privileged Document may notify any party that received the documents and state the basis for the privilege.  After being notified, any possessing party must not use or disclose the document until the claim is resolved and must take reasonable steps to retrieve the document if the party disclosed it before being notified.  In addition, within five (5) days, any possessing party must return, sequester, or destroy the specified

document and any copies it has and the producing party must retain a copy of the document until the resolution or termination of this Case.   After a document is returned, sequestered, or destroyed pursuant to this paragraph, a party may move the Court for an order compelling production of the document, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production.

8.   **Inadvertent Failure to Designate**.   In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential" or "Highly Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with the confidentiality designation that the producing party states should have been affixed to it.   The producing party must then re-produce the document, paper, or thing with the appropriate confidentiality designation.   The inadvertent failure of a party or person to designate a document as "Confidential" or "Highly Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.

9.     **Inadvertent Disclosure of Material by Receiving Party**.  If a party receiving Confidential or Highly Confidential materials learns that, by inadvertence or otherwise, it has disclosed the protected material to any person or in any circumstance not authorized under this Order, the receiving party must, as soon as is practicable:   (a) notify in writing the designating party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Order.

10.     **Information from Non-Party Sources**.   To the extent that any discovery requests are served on a non-party, the party serving the discovery request(s) shall, at the time of service, provide the non-party with a copy of this Stipulated Protective Order.  Documents produced by non-parties in these Actions that consist of or contain portions of documents originally created or generated by a party shall be treated as Highly Confidential until the expiration of a 15-day period after the production.  During that 15-day period, if any party governed by this Order believes a non-party has produced information which the party believes should be designated as Confidential or Highly Confidential, that party may notify the non-party that it may have inadvertently failed to designate the information as

Confidential or Highly Confidential.   The non-party may then correct the designation as provided in Paragraph 8.

**11.     Use in Court Proceedings**.   Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" or "Highly Confidential" material.   The parties reserve the right to seek additional relief from the Court with respect to "Confidential" or "Highly Confidential" material that may be presented at trial or in any hearing before the Court.   "Confidential" or "Highly Confidential" material shall not lose its designated status through its use at trial or in any hearing before the Court; however, use or disclosure of Confidential or Highly Confidential material by the designating party in public proceedings shall result in the material no longer retaining its designation.   Further procedures for the handling of Confidential and Highly Confidential information at trial shall be addressed in a final pretrial order.

**12.     Filing in Court Under Seal**.   No "Confidential" or "Highly Confidential" materials, including any documents, pleadings, motions, transcripts, or other filings that disclose the contents or substance thereof, shall be filed in the public record of these Actions.   All papers filed with the Court that contain or make reference to material designated as "Confidential" or "Highly Confidential"

shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further written order of the Court specifically directing that the material be unsealed.  To facilitate compliance with this Order by the Clerk's office, material filed under these designations shall be contained in a sealed envelope bearing the appropriate designation on its front face, of either "CONFIDENTIAL – FILED UNDER SEAL" or "HIGHLY CONFIDENTIAL – FILED UNDER SEAL."  Any Confidential or Highly Confidential material will be deemed timely filed when a notice of filing under seal is filed with the Clerk of Court and an electronic version of the brief or submission (without attachments or exhibits) is transmitted to counsel for all relevant parties via electronic mail/PDF, or hand delivery; on the following business day, the materials to be filed under seal may be lodged with the Court and, if the brief or submission includes attachments or exhibits, a complete copy of the brief or submission accompanied by any such attachments and exhibits shall be served upon all parties via overnight delivery.

13.  **Further Application**.  Nothing in this Order shall preclude any party, or any non-party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during these Actions.  The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be

bound by the terms of this Order, during the pendency of these Actions and for such time thereafter as is needed to carry out the terms of this Order.

**14.    <u>Reservation of Rights</u>**.

(a)    By designating any material "Confidential" or "Highly Confidential," the parties do not acknowledge that any such material is relevant or discoverable in these Actions.  All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in these Actions.

(b)    Nothing in this Stipulated Protective Order shall prohibit a party from disclosing publicly available information, unless the party is aware that the information has become public improperly or inadvertently.

**15.    <u>Modification by the Court</u>**.  The Court retains the right to modify this stipulation at any time in the interest of justice.

**16.    <u>Use by Party of Its Own Materials</u>**.  Nothing in this Protective Order shall prevent a party to these Actions from using its own Confidential or Highly Confidential materials in any way that it sees fit, without prior consent of any person or the Court, provided that public disclosure by a party of its own document shall constitute the party's waiver of the designation of that document for its use by any party in these Actions.

17.   **Violations**.   The Court has jurisdiction to enforce this order and to grant relief, as authorized by law or in equity, for any violations thereof.

IT IS SO ORDERED, this 22nd day of December, 2009.

/s/Thomas W. Thrash
Hon. Thomas W. Thrash, Jr.
United States District Judge

So stipulated and agreed to by the parties, this 18th day of December, 2009.

| | |
|---|---|
| David Allen Rabin | /s/ Teresa T. Bonder |
| Georgia Bar No. 591469 | Teresa T. Bonder |
| drabin@mmmlaw.com | Georgia Bar No. 703969 |
| Jason William Eakes | Teresa.bonder@alston.com |
| Georgia Bar No. 237048 | Matthew D. Kent |
| jeakes@mmmlaw.com | Georgia Bar No. 526272 |
| MORRIS MANNING & MARTIN, LLP | Matthew.kent@alston.com |
| 1600 Atlanta Financial Center | ALSTON & BIRD LLP |
| 3343 Peachtree Road, N.E. | 1201 West Peachtree Street |
| Atlanta, Georgia 30326-1044 | Atlanta, GA 30309-3424 |
| Telephone:  (404) 233-7000 | Telephone:  (404) 881-7000 |
| Facsimile:  (404) 365-9532 | Facsimile:  (404) 881-7777 |
| | |
| Steven C. Sunshine | Mark W. Ryan |
| Steven.Sunshine@skadden.com | MRyan@mayerbrown.com |
| Julia K. York | John Roberti |
| Julia.York@skadden.com | JRoberti@mayerbrown.com |
| Maria Raptis | Christopher J. Kelly |
| Maria.Raptis@skadden.com | CJKelly@mayerbrown.com |
| SKADDEN ARPS SLATE MEAGHER & FLOM, LLP | MAYER BROWN LLP |
| 1440 New York Avenue, N.W. | 1999 K Street, N.W. |
| Washington, DC 20005 | Washington, DC 20006 |
| Telephone:  (202) 371-7000 | Telephone:  (202) 263-3000 |
| Facsimile:  (202) 393-5760 | Facsimile:  (202) 263-3300 |
| | |
| *Counsel for Watson Pharmaceuticals, Inc.* | *Counsel for Unimed Pharmaceuticals, Inc. and Solvay Pharmaceuticals, Inc.* |
| | |
| Kenneth S. Canfield | Bruce E. Gerstein |
| Georgia Bar No. 107744 | bgerstein@garwingerstein.com |
| kcanfield@dsckd.com | Joseph Opper |
| DOFFERMYRE SHIELDS CANFIELD & KNOWLES, LLC. | jopper@garwingerstein.com |
| 1355 Peachtree Street, Suite 1600 | GARWIN GERSTEIN & FISHER LLP |
| Atlanta, Georgia 30309 | 1501 Broadway, 14th Floor |
| | New York, NY 10036 |

Telephone:  (404) 881-8900
Facsimile:  (404) 881-3007

Linda P. Nussbaum
lnussbaum@kaplanfox.com
John D. Radice
jradice@kaplanfox.com
KAPLAN FOX & KILSHEIMER, LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:  (212) 687-1980
Facsimile:  (212) 687-7714

Joseph M. Vanek
jvanek@vaneklaw.com
David P. Germaine
dgermaine@vaneklaw.com
VANEK, VICKERS & MASINI, P.C.
111 South Wacker Drive, Suite 4050
Chicago, IL 60606
Telephone:  (312) 224-1500
Facsimile:  (312) 224-1510

Paul E. Slater
pes@sperling-law.com
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Telephone:  (312) 641-3200
Facsimile:  (312) 641-6492

Joseph R. Saveri
jsaveri@lchb.com
Eric B. Fastiff
efastiff@lchb.com
Jordan Elias
jelias@lchb.com
LIEFF CABRASER HEIMANN &

Telephone: (212) 398-0055
Facsimile: (212 ) 764-6620

David P. Smith
dpsmith@smithfoote.com
W. Ross Foote
rfoote@smithfoote.com
THE SMITH FOOTE LAW FIRM LLP
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309
Telephone: (318) 445-4480
Facsimile: (318)487-1741

John Gregory Odom
jodom@odrlaw.com
Stuart Des Roches
stuart@odrlaw.com
ODOM & DES ROCHES
Poydras Center
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Telephone: (504) 522-0077
Facsimile: (504) 522-0078

Russell A. Chorush
rchorush@hpcllp.com
HEIM PAYNE & CHORUSH LLP
Chase Tower
600 Travis, Suite 6710
Houston, TX 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

BERNSTEIN, LLP
Embarcadero Center West
Battery Street, Suite 3000
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Donald L. Perelman
dperelman@fineblack.com
Roberta D. Liebenberg
rliebenberg@fineblack.com
FINE, KAPLAN AND BLACK, R.P.C.
1835 Market Street, 28th Floor
Philadelphia, PA 19103
Telephone:  (215) 567-6565
Facsimile:  (215) 568-5872

*Counsel for Meijer, Inc. and Meijer
Distribution, Inc.*

Eric L. Cramer
ecramer@bm.net
David F. Sorensen
dsorensen@bm.net
Peter Kohn
pkohn@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (215) 875-4683
Facsimile:  (215) 875-4604

Joshua P. Davis
davisj@usfca.edu
LAW OFFICES OF JOSHUA P. DAVIS
437A Valley Street
San Francisco, CA 94131
Telephone:  (415) 422-6223

Adam M. Moskowitz
AMM@KTTLAW.com
KOZYAK TROPIN THROCKMORTON
2525 Ponce de Leon Blvd.
9th Floor
Miami, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

*Counsel for Louisiana Wholesale Drug
Company, Inc.*

Dianne M. Nast
dnast@rodanast.com
Erin C. Burns
eburns@rodanast.com
RODA NAST, P.C.
801 Estelle Drive
Lancaster, PA 17601
Telephone:  (717) 892-3000
Facsimile:  (717) 892-1200

Michael L. Roberts
ROBERTS LAW FIRM, PA
PO Box 241790
20 Rahling Circle
Little Rock, Arkansas 72223-1790
Telephone:  (501) 821-5775
Facsimile:  (501) 821-4474

David Balto
LAW OFFICES OF DAVID BALTO
2600 Virginia Ave., N.W. Suite 1111
Washington, DC 20037

*Counsel for Rochester Drug Cooperative, Inc.*

Markus H. Meier
mmeier@ftc.gov
Bradley S. Albert
balbert@ftc.gov
Mark J. Woodward
mwoodward@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, DC 20580
Telephone:  (202) 202-326-3759
Facsimile:  (202) 326-2884

*Counsel for the Federal Trade Commission*

Steven D. Shadowen
sshadowen@hangley.com
HANGLEY, ARONCHICK, SEGAL &
PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA 17101
Telephone:  (717) 364-1030
Facsimile:  (717) 364-1020

Joseph T. Lukens
jlukens@hangley.com
HANGLEY, ARONCHICK, SEGAL &
PUDLIN
One Logan Square, Suite 2700
18th and Cherry Streets

*Counsel for Stephen L. LaFrance Pharmacy, Inc. d/b/a SAJ Distributors, and Stephen L. LaFrance Holdings, Inc.*

Scott E. Perwin
sep@kennynachwalter.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, FL 33131
Telephone:  (305) 373-1000

*Counsel for Walgreen Co.; Safeway, Inc.; American Sales Company, Inc.; HEB Grocery Company, LP*

Philadelphia, PA 19103
Telephone:  (215) 496-7023
Facsimile:  (215) 568-0300

*Counsel for Rite Aid Corporation; Rite Aid
Hdqtrs. Corp.; JCG (PJC) USA, LLC; Maxi
Drug, Inc.; Eckerd Corporation; CVS
Pharmacy, Inc.; and Caremark LLC*

Corey Daniel Holzer
cholzer@holzerlaw.com
Marshall P. Dees
mdees@holzerlaw.com
HOLZER, HOLZER & FISTEL LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Telephone:  (770) 392-0090

Daniel E. Gustafson
dgustafson@gustafsongluek.com
Karla M. Gluek
kgluek@gustafsongluek.com
David A. Goodwin
dgoodwin@gustafsongluek.com
GUSTAFSON GLUEK PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone:  (612) 333-8844
Facsimile:  (612) 339-6622

Kenneth A. Wexler
WEXLER & WALLACE LLP
55 West Monroe, Suite 3300
Chicago, IL 60603
Telephone:  (312) 346-2222

*Counsel for United Food & Commercial*

Natalie Finkelman Bennett
nfinkelman@sfmslaw.com
Jayne Arnold Goldstein
jgoldstein@sfmslaw.com
SHEPHERD FINKELMAN MILLER &
SHAH, LLC
35 State Street
Media, PA 19063
Telephone:  (610) 891-9880

*Counsel for Fraternal Order of Police and
Fort Lauderdale Lodge 31, Insurance Trust
Fund*

*Workers Unions & Employers Midwest*
*Health Benefits Fund*

Marvin A Miller
MMiller@millerlawllc.com
Lori A. Fanning
LFanning@millerlawllc.com
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone:  (312)332-3400
Facsimile (312) 676-2676

Guri Ademi
Shpetim Ademi
Savid Syrios
ADEMI & O'REILLY
3620 East Layton Ave.
Cudahy, WI 53110

Michael Buchman
mbuchman@pomlaw.com
POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP
100 Park Avenue
New York, NY 10017

*Counsel for Raymond Scurto*

Mark Gerald Trigg
Georgia Bar No. 716295
triggm@gtlaw.com
Ryan C. Grelecki
Georgia Bar No. 245068
greleckir@gtlaw.com
GREENBERG TRAURIG
3290 Northside Parkway, Suite 400
The Forum
Atlanta, Georgia 30327
Telephone:  (678) 553-2415

Eric Grannon
egrannon@whitecase.com
J. Mark Gidley
mgidley@whitecase.com
WHITE & CASE, LLP
701 Thirteenth Street, N.W.
Washington, DC
Telephone:  (202) 639-9355

*Counsel for Par Pharmaceuticals, Inc. and*
*Paddock Laboratories, Inc.*

# EXHIBIT A

## DECLARATION UNDER STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL

I, _____, am employed by

_____, and my personal address is as follows:

_____.  I acknowledge and certify that:

1.      I have read the Stipulated Protective Order in *In re AndroGel Antitrust Litigation (No. II)*, 1:09-md- 02084, MDL No. 2084, Northern District of Georgia, and agree to be bound by its terms;

2.      I will not make copies or notes of Confidential or Highly Confidential material except as necessary to enable me to render assistance in connection with these Actions;

3.      I will not disclose Confidential or Highly Confidential material to any person not expressly entitled to receive it under the terms of the Stipulated Protective Order, and will retain any such material in a safe place;

4.      I will not use Confidential or Highly Confidential material for any purpose other than that authorized by the Stipulated Protective Order; and

5.      I will retain all Confidential or Highly Confidential material in my custody until I have completed my assigned duties, whereupon they will be returned to the party that provided them to me or destroyed, as provided by the

Stipulated Protective Order.  Such delivery or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Stipulated Protective Order; and

6.     I agree to be subject to the jurisdiction of this Court for the sole purpose of having the terms of the Stipulated Protective Order enforced.


Date: _____     Signature: _____
                                  Address: _____
                                  _____