# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **IN RE ANDROGEL ANTITRUST LITIGATION (II)** | **CASE NO. 1:09-md-2084**<br><br>**DIRECT PURCHASER CLASS ACTIONS**<br><br>1:09-CV-956-TWT<br>1:09-CV-957-TWT<br>1:09-CV-958-TWT<br>1:09-CV-2913-TWT<br><br>**DIRECT PURCHASER INDIVIDUAL ACTIONS**<br><br>1:09-cv-2776-TWT<br>1:09-cv-3019-TWT |

## DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PAR'S AND PADDOCK'S MOTION FOR CLARIFICATION

On February 22, 2010, the Court entered an Order (the "Order") granting in part and denying in part Defendants' motions to dismiss. [D.E. No. 50.] The Court denied Defendants' motions to dismiss the Direct Purchaser Plaintiffs' allegations relating to sham litigation. Order at 16-21. On March 5, 2010, Defendants Par and Paddock ("Par/Paddock") filed a

"Motion for Clarification" contending that the Court's Order dismissed *all* of the Direct Purchasers' claims against the generic Defendants, and asking the Court to "clarify" that the generic Defendants cannot be liable for settling sham litigation by agreeing to stay out of the market. [D.E. No. 51.] The Direct Purchaser Plaintiffs oppose the motion for the following reasons.

In its Order, the Court recognized that the Direct Purchaser Plaintiffs alleged Solvay engaged in sham litigation and that "the generic Defendants conspired to restrain trade by entering into settlements of the sham litigation in exchange for a portion of Solvay's monopoly profits." Order at 16. After discussing Plaintiffs' allegations and the applicable law, the Court held that "[t]he Direct Purchasers have alleged facts that may support a sham litigation theory of recovery. Therefore, the motions to dismiss should be denied." Order at *20. Par/Paddock argue, however, that the sham litigation allegations can only support a claim against Defendant Solvay, the plaintiff in the patent litigation, regardless of their agreement with Solvay to settle that same sham suit in a way that, Plaintiffs allege, was an agreement not to compete.

As the Court explained when addressing the reverse payment allegations, "[g]enerally, when one company agrees to pay a competitor not to compete, the agreement is a per se antitrust violation." *Id*. at *12 (citing

*Valley Drug Co. v. Geneva Pharms., Inc.*, 344 F.3d 1294, 1304 (11th Cir. 2003)). The Court stated, however, that under Eleventh Circuit law, analysis of a patent settlement that might otherwise be a *per se* antitrust violation, requires an examination of the scope of the exclusionary potential of the patent. Order at *12 (citing and quoting *Schering-Plough Corp. v. Federal Trade Comm'n*, 402 F.3d 1056, 1065 (11th Cir. 2005)).[1] And, as the Court noted further, "it appears that the Eleventh Circuit's Hatch-Waxman cases allow antitrust Plaintiffs to assert "sham litigation" in the content of reverse payment patent infringement settlements." Order at 16.

As the Court determined in its Order, Plaintiffs have sufficiently alleged that Solvay's patent litigation against Par/Paddock (and Watson) was a sham, and that the generic Defendants became complicit in the antitrust violation when they agreed to settle that sham litigation and not compete in return for a share of Solvay's monopoly profits (*i.e.* reverse payments). Order at 16-21. Once the patent litigation is established as a sham, the shield of the patent is no longer available and Par/Paddock (and Watson) cannot escape antitrust liability for entering into an agreement not to compete in exchange for payments from their competitor Solvay. *See In re Terazosin Hydrochloride Antitrust Litigation*, 352 F. Supp. 2d 1279, 1294-

---

[1] Plaintiffs are not here trying to reargue their view of Eleventh Circuit law.

1319 (S.D. Fla. 2005) (holding that reverse-payment agreement between brand-name manufacturer and generic competitor was unlawful conspiracy in restraint of trade because it exceeded the exclusionary scope of the relevant patent).

> As this Court recognized:
>
>> The Direct Purchasers allege that Solvay engaged in sham litigation in filing and prosecuting the patent infringement actions against the generic Defendants. They allege that *the generic Defendants conspired to restrain trade by entering into settlements of the sham litigation* in exchange for a portion of Solvay's monopoly profits.

Order at *16 (emphasis added). After finding sufficient Plaintiffs' allegation that the Solvay patent suit was a sham, the Court also upheld Plaintiffs' allegation that the generic Defendants "enter[ed] into settlements of the sham litigation" with Solvay "in exchange for a portion of Solvay's monopoly profits." *Id*.

Par/Paddock should not now be able to hide behind the patent settlement shield when Plaintiffs adequately have alleged that the patent litigation itself was a sham and that the generic Defendants participated in an agreement not to compete as part of the settlement of that sham litigation. Plaintiffs respectfully request that the Court deny Par/Paddock's motion for clarification and judgment.

4

Accordingly, the Generic Defendants remain in the case, and their motion for "clarification" should be rejected.

Dated:  March 10, 2010.

          /s/ Kenneth S. Canfield
Kenneth S. Canfield
Ga. Bar. No. 107744
kcanfield@dsckd.com
1355 Peachtree Street, Suite 1600
Atlanta, Georgia 30309
Telephone; (404) 881-8900
Facsimile (404) 881-3007

David F. Sorensen, Pro Hac Vice
dsorensen@bm.net
Eric Cramer, Pro Hac Vice
ecramer@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215)-875-4683
Facsimile: (215)-875-4604

Joshua P. Davis (SBN. 193254)
davisj@usfca.edu
LAW OFFICES OF JOSHUA P. DAVIS
437A Valley Street
San Francisco, CA 94131
Telephone: (415) 422-6223

David Balto
LAW OFFICES OF DAVID BAL TO
2600 Virginia Ave NW Suite 1111
Washington, DC 20037

*Counsel for Rochester Drug Co-operative, Inc.*

5

        Bruce E. Gerstein (admitted Pro Hac Vice)
[bgerstein@garwingerstein.com](mailto:bgerstein@garwingerstein.com)
Joseph Opper (admitted Pro Hac Vice)
jopper@garwingerstein.com
Elena K. Chan (admitted Pro Hac Vice)
[echan@garwingerstein.com](mailto:echan@garwingerstein.com)
GARWIN GERSTEIN & FISHER LLP
1501 Broadway, Suite 1416
New York, NY 10036
Telephone: (212) 398-0055
Facsimile: (212 ) 764-6620

David P. Smith
[dpsmith@smithfoote.com](mailto:dpsmith@smithfoote.com)
W. Ross Foote
[rfoote@smithfoote.com](mailto:rfoote@smithfoote.com)
THE SMITH FOOTE LAW FIRM LLP
720 Murray Street
P.O.Box 1632
Alexandria, LA 71309
Telephone: (318) 445-4480
Facsimile: (318)487-1741

John Gregory Odom
[jodom@odrlaw.com](mailto:jodom@odrlaw.com)
Stuart Des Roches
[stuart@odrlaw.com](mailto:stuart@odrlaw.com)
ODOM & DES ROCHES
Poydras Center
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Telephone: (504) 522-0077
Facsimile: (504) 522-0078

6

Russell A. Chorush
rchorush@hpcIlp.com
HElM PAYNE & CHORUSH LLP
Chase Tower
600 Travis, Suite 6710
Houston, TX 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Adam M. Moskowitz
AMM@KTTLAW.com
Kozyak Tropin Throckmorton
2525 Ponce de Leon Blvd., 9th Floor
Miami, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-35

*Counsel for Louisiana Drug Company, Inc.*

Linda P. Nussbaum
lnussbaum@kaplanfox.com
John D. Radice
jradice@kaplanfox.com
KAPLAN, FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

Joseph M. Vanek
jvanek@vaneklaw.com
David P. Germaine
dgermaine@vaneklaw.com
VANEK, VICKERS & MASINI, P.C.
111 South Wacker Drive, Suite 4050
Chicago, IL 60606
Telephone: (312)224-1500
Facsimile: (312) 224-1510

7

Paul E. Slater
pes@sperling-law.com
SPERLING & SLATER
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200
Facsimile: (312)641-6492

Joseph R. Saveri (SBN 130064)
isaveri@lchb.com
Eric B. Fastiff (SBN 182260)
efastiff@1chb.com
Jordan Elias (SBN 228731)
ielias@1chb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
Battery Street, Suite 3000
San Francisco, CA 94111-3339
Telephone. (415) 956-1000
Facsimile. (415) 956-1008

Donald Perelman
dperelman@fineblack.com
Roberta Liebenberg
rliebenberg@fineblack.com
1835 Market Street, 28th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 567-6565
Facsimile: (215) 568-5872

*Counsel for Meijer, Inc. and Meijer Distribution, Inc.*

Steve D. Shadowen (PA41953)
sshadowen@hangley.com
Hangley Aronchick Segal & Pudlin
30 North Third Street
Harrisburg, PA 17101

Telephone: (717) 364-1030
Facsimile: (717) 364-1020

Joseph T. Lukens (PA67405)
jlukens@hangley.com
Hangley Aronchick Segal & Pudlin
One Logan Square, Ste. 2700
18th and Cherry Streets
Philadelphia, PA 19103
Telephone: (215) 496-7032
Facsimile: (215) 568-0300

*Counsel for Rite Aid Corporation*

Dianne M. Nast
dnast@rodanast.com
Erin C. Burns
eburns@rodanast.com
RodaNast, P.C.
801 Estelle Drive
Lancaster, Pennsylvania 17601
Phone: 717-892-3000
Fax: 717-892-1200

*Counsel for Stephen L. Lafrance Pharmacy, Inc.*

Scott E. Perwin
sperwin@kennynachwalter.com
Lauren Ravkind
lravkind@kennynachwalter.com
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

*Counsel for Walgreens, Inc.*