**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE ANDROGEL ANTITRUST LITIGATION (II) | Case No. 09-md-2084-TWT |

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., et al., <br>         Plaintiffs, <br>                 v. <br> UNIMED PHARMACEUTICALS, INC., et al. <br>         Defendants. | Case No. 09-cv-956-TWT |

| | |
|---|---|
| LOUISIANA WHOLESALE DRUG COMPANY, INC., et al., <br>         Plaintiffs, <br>                 v. <br> UNIMED PHARMACEUTICALS, INC., et al. <br>         Defendants. | Case No. 09-cv-957-TWT |

| | |
|---|---|
| MEIJER, INC., et al., <br>         Plaintiffs, <br>                 v. <br> UNIMED PHARMACEUTICALS, INC., et al. <br>         Defendants. | Case No. 09-cv-958-TWT |

| | |
|---|---|
| RITE AID CORP., et al., <br>         Plaintiffs, <br>                 v. <br> UNIMED PHARMACEUTICALS, INC., et al. <br>         Defendants. | Case No. 09-cv-2776-TWT |

WALGREEN CO., et al.,
            Plaintiffs,

                                    v.

UNIMED PHARMACEUTICALS, INC., et
al.
            Defendants.

Case No. 09-cv-3019-TWT

**DEFENDANTS PAR PHARMACEUTICAL COMPANIES, INC. AND
PADDOCK LABORATORIES, INC.'S REPLY IN SUPPORT OF MOTION
FOR CLARIFICATION OF THE COURT'S FEBRUARY 22, 2010 ORDER**

Direct Purchaser Plaintiffs ignore entirely the two points that compel

clarification given the Court's unequivocal holding that "only the sham litigation

claim survives." Slip op. at 22. First, Plaintiffs ignore that only Count II of their

three-count complaint mentions "sham litigation" (SAC ¶ 204) and Plaintiffs

expressly limited Count II to Solvay: "Monopolization in Violation of Section 2 of

the Sherman Act Against Solvay" (as opposed to Counts I and III against "All

Defendants"). Indeed, Plaintiffs ignore entirely the counts of their own complaint.

Second, Plaintiffs ignore that of the four categories of pre-settlement

conduct alleged in the sham litigation claim, the Court's February 22 Order

expressly rejects the only two categories that applied to the generic Defendants.

*Compare* Slip op. at 9-10 ("The Direct Purchasers, but not the other Plaintiffs, also

assert antitrust claims based on the Defendants' conduct before the settlements.

They say that [1] Solvay filed sham infringement actions against Watson and

Paddock; [2] Solvay improperly listed the '894 patent in the Orange Book; [3] all of the Defendants participated in a scheme to monopolize the market for generic AndroGel; and [4] Watson, Par, and Paddock agreed not to compete with each other in the market for generic AndroGel."), *with* slip op. at 21-23 (expressly denying Direct Purchasers' claims regarding generic Defendants' pre-settlement conduct in [3] "Overall Scheme" section and [4] "Agreements Between Watson, Par, and Paddock" section).

The question here is *not* whether some hypothetical set of sham litigation claims can *ever* lay against any settling generic defendant, but rather what, if any, of Direct Purchasers' sham litigation claim currently before the Court remains as to the generic Defendants.  The Direct Purchasers chose to frame their only sham litigation count solely against Solvay.  If in some other case, on different facts, an antitrust plaintiff alleges that a settling generic defendant was a partner in the patent holder's sham litigation—e.g., that the patent litigation was a farce, some sort of show—that would be a different case.  Undisputedly, there is no such allegation here.  Indeed, the Direct Purchasers concede that the generic Defendants "vigorously argued" against Solvay's patent in the patent litigation.  *E.g.*, SAC ¶ 143.

Critically, Plaintiffs are forced to concede that *here* the only remaining conduct by the generic Defendants potentially in furtherance of sham litigation is *settlement*:   "Plaintiffs have sufficiently alleged that Solvay's patent litigation against Par/Paddock (and Watson) was a sham, and that the generic Defendants **became complicit** in the antitrust violation **when they agreed to settle** sham litigation and not compete in return for a share of Solvay's monopoly profits (*i.e.*, reverse payments)."  Opp'n at 3 (emphasis added).

But this contention that their sham litigation claim survives against the generic Defendants on the sole basis of *settlement* ignores and is contrary to the Court's February 22 Order, which:   (i) categorically denies Plaintiffs' reverse payment settlement claims, slip op. at 16; (ii) analyzes Direct Purchasers' separate sham litigation claim as involving *pre*-settlement conduct, slip op. at 9-10 ("The Direct Purchasers, but not the other Plaintiffs, also assert antitrust claims based on the Defendants' conduct before the settlements."); and (iii) parses the Direct Purchasers' sham litigation claim into four categories of *pre*-settlement conduct and proceeds to reject outright the only two categories that applied to the generic Defendants, slip op. at 10, 21-23.

Plaintiffs are at a total loss for words as to what count of their complaint survives against the generic Defendants.  The Order holds that "only the sham

litigation claim survives[,]" slip op. at 22, and only Count II of the Direct

Purchasers' complaint mentions sham litigation—and then only against Solvay.

The text, structure, and logic of the February 22 Order accordingly compel the

conclusion that nothing remains of the Direct Purchasers' sham litigation claim

against the generic Defendants, and movants respectfully request that the Court's

entry of judgment clarify that outcome.[†]

---

[†] For sake of completeness, movants note that Plaintiffs' citation of the pre-*Schering-Plough*, district court decision in *Terazosin* for the proposition that settlement terms that exceed the scope of a patent are unlawful is entirely unilluminating. The February 22 Order plainly holds that the settlements here are within the scope of the patent. Slip op. at 12 ("The Plaintiffs do not allege that the settlements between the Defendants exceed the scope of the '894 patent."). And the finding in *Terazosin* that the settlement exceeded the scope of the patent had nothing whatsoever to do with sham litigation. *Terazosin*, 352 F. Supp. 2d at 1308.

Respectfully submitted, this 11th day of March, 2010.

|  |  |
|---|---|
|  | /s/ Mark G. Trigg |
| Eric Grannon* | Mark G. Trigg |
| J. Mark Gidley* | Georgia Bar No. 716295 |
| Stephen M. LeBlanc* | Ryan C. Grelecki |
| WHITE & CASE LLP | Georgia Bar No. 245068 |
| 701 Thirteenth Street, N.W. | GREENBERG TRAURIG, LLP |
| Washington, DC  20005 | The Forum |
| (202) 626-3600 (telephone) | 3290 Northside Parkway, Suite 400 |
| (202) 639-9355 (facsimile) | Atlanta, GA  30327 |
| egrannon@whitecase.com | (678) 553-2100 (telephone) |
| mgidley@whitecase.com | (678) 553-2212 (facsimile) |
| sleblanc@whitecase.com | triggm@gtlaw.com |
|  | greleckir@gtlaw.com |

\* Admitted *Pro Hac Vice*.  Practicing
pursuant to JPML Rule 1.4.

*Counsel for Defendants Par*          *Counsel for Defendants Par*
*Pharmaceutical Companies, Inc.*       *Pharmaceutical Companies, Inc.*
*& Paddock Laboratories, Inc.*         *& Paddock Laboratories, Inc.*

## <u>L.R. 7.1(D) CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), specifically Times New Roman 14 point.

Respectfully submitted this 11th day of March, 2010.

<u>/s/ Mark G. Trigg</u>
Mark G. Trigg
Georgia Bar No. 716295
GREENBERG TRAURIG, LLP
3290 Northside Parkway, Suite 400
Atlanta, GA  30327
(678) 553-2100 (telephone)
(678) 553-2212 (facsimile)
triggm@gtlaw.com

*Counsel for Defendants Par*
*Pharmaceutical Companies, Inc.*
*& Paddock Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed **DEFENDANTS PAR PHARMACEUTICAL COMPANIES, INC. AND PADDOCK LABORATORIES, INC.'S REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF THE COURT'S FEBRUARY 22, 2010 ORDER, AND THE L.R. 7.1(D) CERTIFICATE OF COMPLIANCE** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filings to the attorneys of record.

Dated:  March 11, 2010

/s/ Mark G. Trigg
Mark G. Trigg
Georgia Bar No. 716295
GREENBERG TRAURIG, LLP
3290 Northside Parkway, Suite 400
Atlanta, GA  30327
(678) 553-2100 (telephone)
(678) 553-2212 (facsimile)
triggm@gtlaw.com

*Counsel for Defendants Par
Pharmaceutical Companies, Inc.
& Paddock Laboratories, Inc.*