## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| **IN RE ANDROGEL ANTITRUST LITIGATION (II)** | **CASE NO. 1:09-MD-2084 (TWT)**<br><br>**END-PAYOR CLASS ACTION** |
| **FRATERNAL ORDER OF POLICE, FORT LAUDERDALE LODGE 31, INSURANCE TRUST FUND, ET AL.,**<br><br>    **Plaintiff,**<br><br>    **V.**<br><br>**UNIMED PHARMACEUTICALS, INC., ET AL.**<br><br>    **Defendants.** | **CASE NO. 1:09-CV-2914-TWT** |

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Watson Pharmaceuticals, Inc. ("Watson"), by and through its attorneys, hereby submits its Answer in response to Plaintiff's Amended Class Action Complaint (the "Amended Complaint") in this matter.  Plaintiff filed its Amended Complaint after the Court dismissed Plaintiff's original complaint in the Order dated February 22, 2010.  This Court's Order holding that "only the sham

litigation claim survives," Slip. op. at 22, is the law of the case governing Plaintiff's Amended Complaint.  Watson's Answer is governed equally by the law of the case established in the Court's  Order, which dismissed all claims other than the sham litigation claim.

Watson avers generally that the answers contained herein are with respect to the allegations directed to Watson only, as Watson is not required to respond to allegations put forth against any other Defendant.  Watson generally denies each and every allegation that Watson does not expressly admit.   Watson also specifically denies some allegations without affecting its general denial of other allegations.   In addition to the above general answers, Watson now offers the following answers to the specific allegations set forth in each numbered paragraph of the Amended Complaint:

1.    Watson admits that AndroGel is a testosterone replacement therapy for males with a deficiency or absence of endogenous testosterone. Watson denies the  allegations in the first sentence of paragraph 1.[1] Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 1.

---

[1] All references to "paragraphs" and "allegations" refer to the paragraphs and allegations of the Amended Complaint.

2.     Watson denies the allegations in paragraph 2.

3.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 3.

4.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 4.

5.     Paragraph 5 states legal conclusions or arguments to which no answer is required.  To the extent an answer may be required, Watson denies the allegations in paragraph 5.

6.     Watson admits that AB-rated generic versions of brand name drugs contain the same active ingredient as their brand name counterparts, and that the FDA requires all drugs it approves to be safe and effective.  Furthermore, generic drugs are generally less costly than the brand name drugs to which they are AB-rated.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 6.

7.     Paragraph 7 states legal conclusions or arguments to which no answer is required.  To the extent an answer may be required, Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 7.

8.     Watson denies the allegations in the second sentence of

paragraph 8.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 8.

9.     Watson denies the allegations in paragraph 9.

10.    Watson denies the allegations in paragraph 10.

11.    Paragraph 11 states legal conclusions or arguments to which no answer is required.  To the extent an answer may be required, Watson denies the allegations in paragraph 11.

12.    Paragraph 12 states legal conclusions to which no answer is required.

13.    Paragraph 13 states legal conclusions or arguments to which no answer is required.  To the extent an answer may be required, Watson admits that venue is proper in the Northern District of Georgia and that this action has been transferred to this District pursuant to an Order of the Judicial Panel on Multidistrict Litigation, but denies the remaining allegations in paragraph 13.

14.    Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 14.

15.    Watson denies the allegations in paragraph 15.

16.    Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 16.

17.    Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 17.

18.    Watson admits that it is a Nevada corporation and that the Watson group of companies develops, manufactures, and markets generic versions of brand name drugs.  Watson denies the remaining allegations in paragraph 18.

19.    Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 19.

20.    Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 20.

21.    Paragraph 21 describes legal conclusions to which no answer is required.

22.    Paragraph 22 describes legal conclusions to which no answer is required.

23.    Paragraph 23 describes legal conclusions to which no answer is required.

24.    Paragraph 24 describes legal conclusions to which no answer is required.

25.    Paragraph 25 describes legal conclusions to which no answer is required.

26.     Paragraph 26 describes legal conclusions to which no answer is required.  To the extent an answer may be required, Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 26.

27.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 27.

28.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 28.

29.     Watson admits the first sentence of paragraph 29.  Watson denies the remaining allegations in paragraph 29.

30.     Watson admits that generic drugs are generally less costly than the brand name drugs to which they are AB-rated.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 30.

31.     Paragraph 31 describes legal conclusions or arguments to which no answer is required.

32.     Paragraph 32 describes legal conclusions or arguments to which no answer is required.

33.     Paragraph 33 describes legal conclusions or arguments to which no answer is required.

34.     Paragraph 34 describes legal conclusions or arguments to which no answer is required.

35.     Paragraph 35 describes legal conclusions or arguments to which no answer is required.

36.     Watson denies the allegations in paragraph 36.

37.     Watson admits that generic drugs are generally less costly than the brand name drugs to which they are AB-rated.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 37.

38.     Paragraph 38 describes legal conclusions to which no answer is required.  To the extent an answer may be required, Watson admits that AB-rated generic versions of drugs can be substituted for their corresponding reference listed drug.   Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 38.

39.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 39.

40.     Watson lacks knowledge or information sufficient to form a belief concerning the expiration of patents covering the synthesis of artificial testosterone.  Watson denies the remaining allegations in paragraph 40.

41.     Watson admits the allegations in paragraph 41.

42.     Watson admits that AndroGel provides for topical application and controlled release of testosterone into the bloodstream.   Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 42.

43.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 43.

44.     Watson admits that United States Patent Application Serial No. 09/651,777 was filed with the U.S. Patent Office (PTO) on August 30, 2000 and that the PTO issued the '894 Patent on January 7, 2003.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 44.

45.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 45 do not accurately reflect those documents, Watson denies the allegations in paragraph 45.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 45.

46.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the

allegations in paragraph 46 do not accurately reflect those documents, Watson denies the allegations in paragraph 46.

47.   To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 47 do not accurately reflect those documents, Watson denies the allegations in paragraph 47.

48.   To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 48 do not accurately reflect those documents, Watson denies the allegations in paragraph 48.  Watson admits that the chemical symbol for sodium hydroxide is "NaOH."

49.   To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 49 do not accurately reflect those documents, Watson denies the allegations in paragraph 49.

50.   To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 50 do not accurately reflect those documents, Watson denies the allegations in paragraph 50.

51.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 51 do not accurately reflect those documents, Watson denies the allegations in paragraph 51.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 51.

52.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 52 do not accurately reflect those documents, Watson denies the allegations in paragraph 52.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 52.

53.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 53 do not accurately reflect those documents, Watson denies the allegations in paragraph 53.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 53.

54.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 54 do not accurately reflect those documents, Watson denies the allegations in paragraph 54.

55.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 55 do not accurately reflect those documents, Watson denies the allegations in paragraph 55.

56.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 56 do not accurately reflect those documents, Watson denies the allegations in paragraph 56.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 56.

57.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 57 do not accurately reflect those documents, Watson denies the allegations in paragraph 57.

58.     Watson admits that the '894 Patent issued on January 7, 2003. The '894 Patent is a publicly available document that speaks for itself.  To the extent that the allegations in paragraph 58 do not accurately reflect that document, Watson denies the remaining allegations in paragraph 58.

59.     Paragraph 59 contains legal conclusions to which no answer is required.   Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 59.

60.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 60 do not accurately reflect those documents, Watson denies the allegations in paragraph 60.

61.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 61.

62.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 62 do not accurately reflect those documents, Watson denies the allegations in paragraph 62.

63.     Watson admits that the Certificate of Correction was issued on December 16, 2003.  The remaining allegations in paragraph 63 rely on publicly available documents that speak for themselves.  To the extent that the allegations in paragraph 63 do not accurately reflect those documents, Watson denies the allegations in paragraph 63.

64.     Paragraph 64 states legal conclusions to which no answer is

required.

65.     Paragraph 65 states legal conclusions to which no answer is required.  To the extent an answer is required, Watson denies the allegations in paragraph 65.

66.     Paragraph 66 states legal conclusions to which no answer is required.  To the extent an answer is required, Watson denies the allegations in paragraph 66.

67.     Watson admits that Watson Laboratories, Inc., filed ANDA No. 76-737 with the FDA.  Watson admits the remaining allegations in paragraph 67.

68.     Watson admits that Unimed Pharmaceuticals, Inc., not Solvay, sued Watson for patent infringement in August 2003.

69.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 69.

70.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 70.

71.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 71.

72.     The first sentence of paragraph 72 states a legal conclusion or argument to which no answer is required.   Watson admits that Unimed

Pharmaceuticals, Inc. and Laboratories Besins Iscovesco did not request from Watson any sample of the proposed drug product that is the subject of Watson's ANDA No. 76-737, any portion of Watson's ANDA No. 76-737, or any information whatsoever concerning the proposed drug product that is the subject of Watson's ANDA No. 76-737, before filing their First Amended Complaint. Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 72.

73.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 73.

74.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 74.

75.     Watson admits that Watson Laboratories, Inc., received final approval from the FDA to market its AB-rated generic version of AndroGel. Watson admits the remaining allegations in paragraph 75.

76.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 76.

77.     Paragraph 77 states legal conclusions or arguments to which no answer is required.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 77.

78.     Paragraph 78 states legal conclusions or arguments to which no answer is required.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 78.

79.     Paragraph 79 states legal conclusions or arguments to which no answer is required.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 79.

80.     Paragraph 80 states legal conclusions or arguments to which no answer is required.

81.     Paragraph 81 states legal conclusions or arguments to which no answer is required.  To the extent that Plaintiff's remaining allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 81 do not accurately reflect those documents, Watson denies the allegations in paragraph 81. Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 81.

82.     Paragraph 82 states legal conclusions or arguments to which no answer is required.  To the extent that Plaintiff's remaining allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 82 do not accurately reflect those

documents, Watson denies the allegations in paragraph 82. Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 82.

83.     Watson denies the last sentence of paragraph 83.   The remainder of paragraph 83 states legal conclusions or arguments to which no answer is required.  Furthermore, to the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 83 do not accurately reflect those documents, Watson denies the allegations in paragraph 83.   Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 83.

84.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 84.

85.     Paragraph 85 states legal conclusions or arguments to which no answer is required.   To the extent an answer may be required, Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 85.

86.     Paragraph 86 states legal conclusions or arguments to which no answer is required.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 86.

87.     Paragraph 87 states legal conclusions or arguments to which no answer is required.  To the extent the remaining allegations in paragraph 87 rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 87 do not accurately reflect those documents, Watson denies the allegations in paragraph 87. Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 87.

88.     Paragraph 88 states legal conclusions or arguments to which no answer is required.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 88.

89.     Paragraph 89 states legal conclusions or arguments to which no answer is required.  To the extent the remaining allegations in paragraph 89 rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 89 do not accurately reflect those documents, Watson denies the allegations in paragraph 89. Watson lacks

knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 89.

90.     To the extent that the allegations in paragraph 90 rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 90 do not accurately reflect those documents, Watson denies the allegations in paragraph 90.

91.     To the extent that the allegations in paragraph 91 rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 91 do not accurately reflect those documents, Watson denies the allegations in paragraph 91.

92.     Watson admits that it filed a motion for summary judgment of invalidity as to certain claims in the '894 patent.   Watson denies the remaining allegations in paragraph 92.

93.     To the extent that the allegations in paragraph 93 rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 93 do not accurately reflect those documents, Watson denies the allegations in paragraph 93.

94.     To the extent that the allegations in paragraph 94 rely on publicly available documents, those documents speak for themselves.   To the

extent that the allegations in paragraph 94 do not accurately reflect those documents, Watson denies the allegations in paragraph 94.

95. Watson denies the allegations in paragraph 95.

96. Watson admits that Watson Laboratories, Inc., received final approval from the FDA to market its AB-rated generic version of AndroGel. The remaining allegations in paragraph 96 state legal conclusions or arguments to which no answer is required.

97. Watson denies the allegations in paragraph 97.

98. Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 98.

99. Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 99.

100. Watson denies the allegations in the first sentence of paragraph 100. Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 100.

101. Watson denies the allegations in the first sentence of paragraph 101. Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 101.

102.   Watson admits that Solvay plans to develop and market a low-volume testosterone gel.   Watson denies the remaining allegations in the first sentence of paragraph 102.   Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 102.

103.   Watson admits the first sentence of paragraph 103.   Watson admits that it obtained a license to market generic AndroGel on August 31, 2015, or earlier if another generic company launches a generic version of AndroGel before that date.   Watson denies the remaining allegations in paragraph 103.

104.   Watson admits that Watson Pharma, Inc. entered into a co-promotion deal with Solvay Pharmaceuticals, Inc. and Unimed Pharmaceuticals, Inc.   Watson denies the remaining allegations in paragraph 104.

105.   To the extent that the allegations in paragraph 105 rely on publicly available documents, those documents speak for themselves.   To the extent the allegations in paragraph 105 do not accurately reflect those documents, Watson denies the allegations in paragraph 105.   Watson denies the remaining allegations in paragraph 105.

106.   Watson admits the allegations in paragraph 106.

107.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 107.

108.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 108.

109.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 109.

110.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 110.

111.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 111.

112.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 112.

113.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 113.

114.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 114.

115.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 115.

116.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 116.  To the extent the allegations in paragraph 116 pertain to Watson, Watson denies the allegations in paragraph 116.

117.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 117.

118.   To the extent that the allegations in paragraph 118 rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 118 do not accurately reflect those documents, Watson denies the allegations in paragraph 118.   Watson also denies the remaining allegations in paragraph 118.

119.   To the extent that the allegations in paragraph 119 rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 119 do not accurately reflect those documents, Watson denies the allegations in paragraph 119.

120.   To the extent that the allegations in paragraph 120 rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 120 do not accurately reflect those documents, Watson denies the allegations in paragraph 120.

121.   Paragraph 121 states a legal conclusion or argument to which no answer is required.   To the extent that the allegations in paragraph 121 rely on publicly available documents, those documents speak for themselves.   To the

extent that the allegations in paragraph 121 do not accurately reflect those documents, Watson denies the allegations in paragraph 121.

122.   Paragraph 122 states legal conclusions or arguments to which no answer is required.  To the extent an answer may be required, Watson denies the allegations in paragraph 122.

123.   Watson admits the allegations in paragraph 123.

124.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 124.

125.   Watson admits that Watson Laboratories, Inc. received final FDA approval to market the drug described in ANDA No. 76-737 on January 27, 2006, and that this approval was received after the 30-month stay expired.  Watson denies the remaining allegations in paragraph 125.

126.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 126.

127.   Watson denies the allegations in paragraph 127.

128.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 128.

129.   Watson denies the allegations in paragraph 129.

130.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 130.

131.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 131.

132.   Watson denies the allegations in paragraph 132.

133.   Paragraph 133 states legal conclusions or arguments to which no answer is required.   To the extent that an answer may be required, Watson denies the allegations in paragraph 133.

134.   Watson denies the allegations in paragraph 134.

135.   Paragraph 135 states legal conclusions or arguments to which no answer is required.  To the extent that an answer may be required, Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 135.

136.   Paragraph 136 states legal conclusions or arguments to which no answer is required.   To the extent that an answer may be required, Watson denies the allegations in paragraph 136.

137.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 137.

138.   Watson denies the allegations in the last sentence of paragraph 138.   Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 138.

139.   Watson denies the allegations in paragraph 139.

140.   Watson denies the allegations in paragraph 140 and all its subparts.

141.   Watson lacks knowledge or information sufficient to form a belief concerning the first sentence of paragraph 141.   Watson denies the remaining  allegations in paragraph 141.

## **FIRST COUNT**

142.   Watson repeats and reasserts its answers set forth in the foregoing paragraphs as if fully set forth herein.

143.   Watson denies the allegations in paragraph 143.

144.   Watson denies the allegations in paragraph 144.

145.   Watson denies the allegations in paragraph 145 and all its subparts.

146.   Watson denies the allegations in paragraph 146.

147.   Watson denies the allegations in paragraph 147.

148.   Watson denies the allegations in the first sentence of paragraph 148.   The remaining allegations in Paragraph 148 state legal conclusions or arguments to which no answer is required.   To the extent an answer is required, Watson denies the remaining allegations in Paragraph 148.

## **SECOND COUNT**

149.   Watson repeats and reasserts its answers set forth in the foregoing paragraphs as if fully set forth herein.

150.   Watson denies the allegations in paragraph 150.

151.   Watson denies the allegations in paragraph 151.

152.   Watson denies the allegations in paragraph 152.

153.   Watson denies the allegations in the third sentence of paragraph 153.  Paragraph 153 contains legal conclusions and arguments to which no answer is required.   To the extent an answer may be required, Watson denies the allegations in paragraph 153.

154.   Paragraph 154 states a legal conclusion to which no answer is required.  To the extent an answer may be required, Watson denies the allegations in paragraph 154.

## THIRD COUNT

155.   Watson repeats and reasserts its answers set forth in the foregoing paragraphs as if fully set forth herein.

156.   Watson denies the allegations in paragraph 156.

157.   Watson denies the allegations in paragraph 157.

158.   Watson denies the allegations in paragraph 158.

## FOURTH COUNT

159.   Watson repeats and reasserts its answers set forth in the foregoing paragraphs as if fully set forth herein.

160.   Watson denies the allegations in paragraph 160.

161.   Watson denies the allegations in paragraph 161.

## REQUEST FOR RELIEF

Watson disputes that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Watson asserts the following affirmative defenses without assuming any burden that it would not otherwise bear:

## FIRST AFFIRMATIVE DEFENSE

Watson asserts that the Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because under *Schering-Plough Corp. v. FTC*, 402 F.3d 1056 (11th Cir. 2005), Defendants' actions did not exceed the exclusionary scope of U.S. Patent No. 6,503,894.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Watson did not know whether Solvay had a good-faith basis to initiate and maintain its patent infringement litigation against Watson.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the acts or omissions of Watson did not substantially lessen competition in any properly defined market.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because there has been no injury to competition of the type that the relevant statutes were designed to prevent.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged damages were neither caused in fact by Watson, nor proximately caused by any action or conduct of Watson.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring or maintain this action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injury and the injury to competition, if any, is too speculative and uncertain.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Watson's alleged conduct was reasonable and procompetitive and based on independent, legitimate business and economic justifications.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because this action is not properly maintainable as a class action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Solvay's conduct is protected under the *Noerr-Pennington* doctrine and under the Constitution of the United States.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery of any damages because of and to the extent of its failure to mitigate any such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded by the Federal Food, Drug, and Cosmetic Act, the Drug Price Competition and Patent Term Restoration Act of 1984, and related legislation.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the *Trinko* doctrine and its progeny because any harm to competition complained of stems from the intricate, multi-tiered regulatory regime which governs the production, sale and manufacture of pharmaceutical products, including the Hatch-Waxman Act.

Watson reserves the right to amend this Answer or to assert other defenses as this action proceeds.

## **PRAYER FOR RELIEF**

WHEREFORE, Watson demands judgment against the Plaintiff as follows:

(1)     Deny any and all relief requested under Plaintiff's Amended Complaint;

(2)     For costs of suit incurred and for reasonable attorneys' fees; and

(3)     Awarding Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of September, 2010.

| | |
|---|---|
| Steven C. Sunshine* | s/David A. Rabin |
| Julia K. York* | David A. Rabin |
| SKADDEN, ARPS, SLATE, | Georgia Bar No. 591469 |
| MEAGHER & FLOM LLP | Jason W. Eakes |
| 1440 New York Ave., N.W. | Georgia Bar No. 237048 |
| Washington, D.C. 20005 | MORRIS, MANNING & MARTIN, LLP |
| (202) 371-7000 (telephone) | 3343 Peachtree Road, N.E. |
| (202) 393-5760 (facsimile) | Suite 1600 Atlanta Financial Center |
| steven.sunshine@skadden.com | Atlanta, GA 30326 |
| julia.york@skadden.com | (404) 233-7000 (telephone) |
| | (404) 365-9532 (facsimile) |
| * Practicing pursuant to this Court's | drabin@mmmlaw.com |
| Initial Case Management Order. | jeakes@mmmlaw.com |

*Counsel for Watson Pharmaceuticals,*
*Inc.*

*Counsel for Watson Pharmaceuticals,*
*Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

This 13th day of September, 2010.

    s/David A. Rabin
David A. Rabin
Georgia Bar No. 591469
MORRIS, MANNING & MARTIN, LLP
3343 Peachtree Road, N.E.
Suite 1600 Atlanta Financial Center
Atlanta, GA 30326
(404) 233-7000 (telephone)
(404) 365-9532 (facsimile)