IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ANDROGEL ANTITRUST LITIGATION (NO. II) | MDL DOCKET NO. 2084 ALL CASES |
| | 1:09-MD-2084-TWT |
| ROCHESTER DRUG CO-OPERATIVE INC., on behalf of itself and all others similarly situated, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. 1:09-CV-956-TWT |
| UNIMED PHARMACEUTICALS INC., et al., | |
| Defendants. | |

ORDER

This is a Multidistrict Litigation proceeding involving antitrust actions that are

consolidated for pretrial proceedings.  On February 22, 2010, the Court dismissed all

claims except the sham litigation claims asserted by the Direct Purchasers. [MDL Doc.

50].  Defendants Par Pharmaceutical Companies, Inc. and Paddock Laboratories, Inc.

now move for clarification to determine whether any sham litigation claim by the

Direct Purchasers against the generic manufacturers remains.

In <u>Schering-Plough Corp. v. F.T.C.</u>, 402 F.3d 1056 (11th Cir. 2005) , the Eleventh Circuit seemed to indicate that reverse payment patent infringement settlements may restrain trade if they are made in the context of sham litigation.  <u>See</u> <u>id.</u> at 1068.  Here, the Direct Purchasers alleged that the patent infringement litigation was a sham and that the generic Defendants knew or should have known that Solvay would not succeed on the merits.  (Sec. Am. Compl. ¶ 107.)  These allegations, coupled with the allegation in Count I that the generic Defendants conspired to restrain trade, are sufficient to survive the Defendants' Motions to Dismiss.  Therefore, the Direct Purchasers' claim that the generic Defendants restrained or conspired to restrain trade by entering into settlements of the sham litigation in exchange for a portion of Solvay's monopoly profits remains.

SO ORDERED, this 16 day of September, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge