# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **IN RE ANDROGEL ANTITRUST LITIGATION (II)** | **CASE NO. 1:09-MD-2084-TWT**<br><br>**END-PAYOR CLASS ACTION** |
| **FRATERNAL ORDER OF POLICE, FORT LAUDERDALE LODGE 31, INSURANCE TRUST FUND,**<br>Plaintiff,<br>v.<br>**UNIMED PHARMACEUTICALS, INC., ET AL.**<br><br>Defendants. | **CASE NO. 1:09-CV-2914-TWT** |
| **GEORGE STEVEN LEGRAND, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED**<br>Plaintiff,<br><br>v.<br><br>**UNIMED PHARMACEUTICALS, INC., ET AL.**<br><br>Defendants. | **CASE NO. 1:10-CV-02883-TWT** |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of Case**:

**(a)    Describe briefly the nature of this action.**

These are class actions brought by indirect purchasers ("Plaintiffs") alleging that the filing and subsequent settlements of litigation in 2006 between Defendants Solvay Pharmaceuticals, Inc. (now Abbott Products, Inc.) ("Solvay"), Unimed Pharmaceuticals, LLC ("Unimed"), Watson Pharmaceuticals, Inc. ("Watson"), Par Pharmaceutical Companies, Inc. ("Par"), and Paddock Laboratories, Inc. ("Paddock") violated Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1,2, as well as Florida's Deceptive Unfair Trade Practices Act, California's Cartwright Act, and California's Unfair Competition Law.  Defendants deny Plaintiffs' allegations and deny that the alleged conduct violates federal or state laws.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

The facts are summarized in this Court's February 22, 2010 Order (Dkt. No. 153).

- 2 -

(c)     **The legal issues to be tried are as follows**:[1]

(i)     **The parties agree regarding the following legal issues to be tried**:

1.      Whether the underlying patent litigations were "shams."  More specifically, (1) whether "the lawsuit [was] objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits"; and (2) whether Solvay brought the underlying patent suits with the "subjective motivation… to interfere *directly* with the business relationships of a competitor." *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus.,* 508 U.S. 49, 60-61 (1993) (internal quotations and citation omitted).  Defendants also contend that "[o]nly if [the] challenged litigation is objectively meritless may a court examine the litigant's subjective motivation."  *Prof'l Real Estate Investors,* 508 U.S. at 60;

2.      Whether Solvay possesses market power or monopoly power in any cognizable relevant market;

3.      Whether, if the requisite objective and subjective elements of the sham litigation test are met as to each Defendant, the patent litigation settlements

---

[1]  This list of issues (in part) follows the analysis set forth in the Court's ruling on Defendants' Motion to Dismiss the Direct Purchaser Actions.  All parties reserve their right to challenge the Court's analysis in subsequent phases of this litigation and on appeal.

entered into by the Defendants were unreasonable restraints of trade in violation of

Section 1 of the Sherman Act or acts of monopolization in violation of Section 2 of

the Sherman Act;

4.      Whether Defendants' actions violated the Florida Deceptive Unfair

Trade Practices Act;

5.      Whether Defendants' actions violated the California Cartwright Act;

6.      Whether Defendants' actions violated the California Unfair

Competition Law.

7.      Whether the putative class of End Payor Purchasers may be certified;

8.      Whether Plaintiffs have incurred any damages as a result of

Defendants' alleged conduct; and

9.      Whether alleged conduct of the Defendants proximately caused or

caused in-fact Plaintiffs' purported injuries.

**(ii)      Defendants submit the following as an additional legal issue

to be tried**:

1.      Whether anticompetitive effects resulted from Defendants' alleged

actions.

12124591.1
DCDB01 20964546.3 02-Nov-10 20:07

(d)    **The cases listed below (include both style and action number) are:**

(1)    **Pending Related Cases:**

- *F.T.C. v. Watson Pharms., Inc.*, 10-12729 (11th Cir. Notice of Appeal filed June 10, 2010)

- *Meijer Inc., et al. v. Unimed Pharms., Inc., et al.,* 1:09-cv-958-TWT (N.D. Ga. Compl. filed on Feb. 2, 2009)

- *Rochester Drug Co-Op., Inc. v. Unimed Pharms., Inc. et al.,* 1:09-cv-956-TWT (N.D. Ga. Compl. filed Feb. 3, 2009)

- *La. Wholesale Drug Co., Inc., et al. v. Unimed Pharms., Inc., et al.*, 1:09-cv-957-TWT (N.D. Ga. Compl. filed Feb. 3, 2009)

- *Stephen L. LaFrance Pharmacy, Inc. d/b/a SAJ Distributors v. Unimed Pharms., Inc.*, 1:09-cv-2913-TWT (N.D. Ga. Compl. filed Mar. 31, 2009)

- *Rite Aid Corp., et al. v. Unimed Pharms., LLC, et al.,* 1:09-cv-2776-TWT (N.D. Ga. Compl. filed Jun. 17, 2009)

- *Walgreen Co., et al. v. Unimed Pharms., LLC, et al.,* 1:09-cv-3019-TWT (N.D. Ga. Compl. filed Jun. 29, 2009)

- *Supervalu Inc. v. Unimed Pharms., LLC,* No. 1:10-cv-1024 (N.D. Ga. Compl. filed Apr. 7, 2010)

12124591.1
DCDB01 20964546.3 02-Nov-10 20:07

- *Jabo's Pharmacy, Inc. v. Unimed Pharms., LLC*, No. 1:10-cv-1008 (N.D. Ga. Compl. filed Oct. 30, 2009)

### (2)     Previously Adjudicated Related Cases:

- *Scurto v. Unimed Pharms.*, Inc., No. 1:09-cv-2915-TWT (N.D. Ga. Compl. filed Apr. 21, 2009) (dismissed Feb. 22, 2010)

- *United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund v. Unimed Pharms., Inc.*, No. 1:09-cv-2848-TWT (N.D. Ga. Compl. filed May 19, 2009) (dismissed Feb. 22, 2010)

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

| | | |
|---|---|---|
| X | 1. | Unusually large number of parties |
| | 2. | Unusually large number of claims or defenses |
| | 3. | Factual Issues are exceptionally complex |
| X | 4. | Greater than normal volume of evidence |
| X | 5. | Extended discovery period is needed |
| | 6. | Problems locating or preserving evidence |
| | 7. | Pending parallel investigations or action by government |
| X | 8. | Multiple use of experts |
| | 9. | Need for discovery outside United States boundaries |
| X | 10. | Existence of highly technical issues and proof |

12124591.1
DCDB01 20964546.3 02-Nov-10 20:07

**3.   Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

*Plaintiffs*:

   Jayne A. Goldstein
   jgoldstein@sfmslaw.com
   Nathan A. Zipperian
   nzipperian@sfmslaw.com
   SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
   1640 Town Center Circle, Suite 216
   Weston, FL  33326
   Telephone:  (954) 515-0123
   Facsimile:  (954) 515-0124

   Natalie Finkelman Bennett
   nfinkelman@sfmslaw.com
   James C. Shah
   jshah@sfmslaw.com
   SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
   475 White Horse Pike
   Collingswood, NJ  08107
   Telephone:  (856) 858-1770
   Facsimile: (856) 858-7012

   James E. Miller
   jmiller@sfmslaw.com
   SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
   65 Main Street
   Chester, CT  06412
   Telephone: (860) 526-1100
   Facsimile:  (860) 526-1120

   *Counsel for Fraternal Order of Police, Fort Lauderdale Lodge*

- 7 -

*31, Insurance Trust Fund and George  Steven LeGrand*

**Defendants:**

Mark Ryan
John Roberti
MAYER BROWN LLP
1999 K Street N.W.
Washington, D.C. 20006
Telephone:  (202) 263-3000
Facsimile:  (202) 263-3300
MRyan@mayerbrown.com
JRoberti@mayerbrown.com

Jeffrey I. Weinberger
Rohit K. Singla
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Jeffrey.Weinberger@mto.com
Rohit.Singla@mto.com

*Counsel for Defendants Unimed Pharmaceuticals, LLC and
Abbott Products, Inc. f/k/a Solvay Pharmaceuticals, Inc.*

Eric Grannon
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
egrannon@washdc.whitecase.com

*Counsel for Defendants Par Pharmaceutical Companies, Inc.
and Paddock Laboratories, Inc.*

- 8 -

Steven C. Sunshine
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
steven.sunshine@skadden.com

Paul M. Eckles
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
paul.eckles@skadden.com

*Counsel for Defendant Watson Pharmaceuticals, Inc.*

**4.     Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

**_____ Yes      __X__ No**

If "yes" please attach a statement, not to exceed on (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.     Parties to This Action:**

**(a)     The following persons are necessary parties who have not been**

**joined:**

Counsel are presently unaware of any necessary parties to this action who have not been joined.

**(b)     The following persons are improperly joined as parties:**

Counsel are presently unaware of any persons who are improperly joined as parties to this action.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

Three Defendants are improperly identified in Plaintiffs' complaints. Unimed Pharmaceuticals, Inc. does not exist.  The correct name of the entity is Unimed Pharmaceuticals, LLC.  Similarly, Par Pharmaceuticals, Inc. does not exist.  The correct name of the entity is Par Pharmaceutical Companies, Inc.  In addition, the entity formerly known as Solvay Pharmaceuticals, Inc. is now Abbott Products, Inc.

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the

12124591.1
DCDB01 20964546.3 02-Nov-10 20:07

time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions

regarding amendments are contained in L.R. 15.

**(a)     List separately any amendments to the pleadings which the**

**parties anticipate will be necessary:**

The parties are not aware of any necessary amendments at this time.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY

(30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or

should have been filed, will not be accepted for filing, unless otherwise permitted

by law.

**7.     Filing Times for Motions**:

All motions should be filed as soon as possible.  The local rules set specific

filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the

beginning of discovery, unless the filing party has obtained prior permission of the

Court to file later.  Local Rule 7.1(2).

(a) *Motions to Compel:* before the close of discovery or within the extension

period allowed in some instances.  Local Rule 37.1.

(b) *Summary Judgment Motions*:  within twenty (20) days after the close of

discovery, unless otherwise permitted by Court order.  Local Rule 56.1.

12124591.1
DCDB01 20964546.3 02-Nov-10 20:07

(c) *Other Limited Motions*:  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*:  Daubert motions with regard to expert testimony no later than the due date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.     Initial Disclosures**:

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

Under the schedule proposed by the parties , the parties agree to submit their initial disclosures as provided under the Federal Rules of Civil Procedure and the local Rules of this District on  November 2, 2010.

**9.     Request for Scheduling Conference**:

The parties do not request a scheduling conference at this time, but reserve the right to do so.  Moreover, if this Court believes that the issues raised below by the parties' competing proposed schedules warrant a scheduling conference, the parties would willingly appear before the Court to discuss scheduling issues.

**10.     Discovery Period**:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

(a) Please state below the subjects on which discovery may be needed:

The parties anticipate the need for discovery regarding class certification, damages, and the merits of Plaintiffs' claims under Sections 1 and 2 of the Sherman Act, the Florida Deceptive and Unfair Trade Practices Act, the California Cartwright Act and California's Unfair Competition Law, including market definition, causation, antitrust injury and impact.

(b) If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon

12124591.1
DCDB01 20964546.3 02-Nov-10 20:07

**particular issues, please state those reasons in detail below:**

The parties have not been able to agree upon a proposed schedule to govern this action.  Plaintiffs favor a schedule that would trail the Direct Purchaser Plaintiffs' schedule by three months, while keeping to the same trial date as the Direct Purchaser Plaintiffs, whereas Defendants believe that the End Payor Class Action lawsuits should proceed along the same schedule as the Direct Purchaser Plaintiffs' lawsuits.  The parties' respective proposed schedules and their reasoning in support of their proposed schedules are set forth below:

### (i)    Plaintiffs' Position

#### 1.    *Plaintiffs' Proposed Schedule*

| | |
|---|---|
| Fed.R.Civ.P.26(a) Initial Disclosures | November 2, 2010 |
| Defendants shall substantially complete Production of the FTC File and Patent File | November 2, 2010 |
| Discovery Closes | June 15, 2011 |
| Plaintiffs' Motion for Class Certification and accompanying Expert Report(s) | July 15, 2011 |
| Defendants' Opposition to Motion for Class Certification and accompanying Expert Report(s) | August 15, 2011 |
| Opening Merits Expert Reports | August 15, 2011 |
| Plaintiffs' Reply in Support of Motion for Class Certification | September 15, 2011 |

- 14 -

| Merits Expert Rebuttal Reports | September 15, 2011 |
| --- | --- |
| Merits Expert Reply Reports | October 15, 2011 |
| Merits Expert Discovery Closes | November 15, 2011 |
| Final Deadline for Dispositive Motions | November 15, 2011 |
| Oppositions to Dispositive Motions | December 15, 2011 |
| Replies to Dispositive Motions | January 16, 2012 |
| Joint Pretrial Order | January 4, 2012 |
| Trial | February 1, 2012 (or another time of the Court's choosing) |

## 2. *Plaintiffs' Reasoning*

Plaintiffs believe that they would be prejudiced if they are kept to the same schedule as the Direct Purchaser Plaintiffs ("Directs"). Attempting to compromise so that efficiencies in these cases are maximized, Plaintiffs' proposed schedule would lag three (3) months behind the Directs, while keeping with the same date for trial, even though Plaintiffs are procedurally 7 months behind. The Directs' Complaints were answered on March 9, 2010, while the first End Payor Class Action (FOP) was only answered on September 15, 2010. It was not until that date did Plaintiffs know whether or not Defendants were going to answer the Complaint or file a motion to dismiss. In fact, in Defendants' Response to Plaintiffs' Motion

- 15 -

to Amend the Complaint, Defendants indicated that they were going to file a

motion to dismiss.  Plaintiffs dispute Defendants' assertion that they were

repeatedly offered the documents in July 2010. The Amended Complaint in FOP

was only filed on July 20, 2010 when the Court granted Plaintiffs' leave to amend .

Other than one conversation concerning an extension of time to respond to the

Complaint, there were no offers to produce documents or any discussions

concerning the production of documents until after September 15, 2010.  Within

days of Defendants' Answer, Plaintiffs and Defendants had conversations

concerning the production of documents.  On September 28, 2010, Plaintiffs sent a

proposed schedule to Defendants with the documents in question to be produced

by October 1, 2010.  It was not until October   6, 2010 did Plaintiffs learn that

Defendants wanted a formal request for said documents.  Plaintiffs sent that formal

request on October 12, 2010 prior to the 30 day period for discovery to commence.

Plaintiffs did not delay in requesting these documents and expected to receive them

on October 1, 2010.  According to LR 26.2 A, the discovery period shall

commence thirty (30) days after the appearance of the first defendant by answer to

the complaint, unless the parties mutually consent.  Therefore, discovery could

only have commenced on October 15, 2010.  According to the schedule in the

Directs' case, the Directs began to receive initial discovery of the FTC documents

- 16 -

and the underlying patent litigation documents on March 19, 2010, while the

Plaintiffs started to receive those documents on October 19, 2010, 7  months after

the Directs.  Plaintiffs believe that these documents consist of over 1.7 million

pages.  Additionally, the documents produced by Defendants were not produced

according to esi protocol and will take weeks to be in a condition to be reviewed.

It would be unfair to expect that Plaintiffs could "catch up" and review 1.7 million

pages which have been produced along with reviewing the additional documents

that will be produced by the close of Directs' discovery in just 4 months.  Although

some of the issues in the Directs' case and Plaintiffs' case are the same, there are

other issues that are not.  For example, class certification and damage analysis are

different in the cases.  Plaintiffs' expert discovery concerning damages will not be

the same as the Directs.  It is ridiculous to suggest, as Defendants do,  that

discovery that the Plaintiffs need on damages and class certification is in Plaintiffs'

own possession. Plaintiffs are not attempting to "cherry pick," but are striving to

meet their burden to establish the elements of their cases.  Plaintiffs should be

entitled to depose individuals who they think are necessary to meet that burden.

While Defendants believe that it is premature at this time to set the number of

depositions at this time (*See* Defendants' Position 11(b) below) they expect

Plaintiffs to explain at this time what additional depositions they need and why

- 17 -

they need them when Plaintiffs have only received some documents in this case one week ago. The Parties agree that this case is complex. LR 26.2 A provides for an eight (8) month discovery period in complex cases. Plaintiffs' proposed schedule would allow for just under that time while keeping to the same trial date.

### (ii)   Defendants' Position

### 1.   *Defendants' Proposed Schedule*

| | |
|---|---|
| Fed.R.Civ.P.26(a) Initial Disclosures | November 2, 2010 |
| Defendants shall substantially complete Production of the FTC File and Patent File | November 2, 2010 |
| Discovery Closes | March 15, 2011 |
| Plaintiffs' Motion for Class Certification and accompanying Expert Report(s) | April 15, 2011 |
| Defendants' Opposition to Motion for Class Certification and accompanying Expert Report(s) | May 15, 2011 |
| Opening Merits Expert Reports | May 15, 2011 |
| Plaintiffs' Reply in Support of Motion for Class Certification | June 15, 2011 |
| Merits Expert Rebuttal Reports | June 15, 2011 |
| Merits Expert Reply Reports | July 15, 2011 |
| Merits Expert Discovery Closes | August 15, 2011 |
| Final Deadline for Dispositive Motions | September 15, 2011 |

| Oppositions to Dispositive Motions | October 17, 2011 |
| --- | --- |
| Replies to Dispositive Motions | November 15, 2011 |
| Joint Pretrial Order | January 4, 2012 |
| Trial | February 1, 2012 (or another time of the Court's choosing) |

## 2.   *Defendants' Reasoning*

Defendants respectfully submit that the indirect purchaser cases should proceed on the same schedule as the direct purchaser cases.  The indirect purchaser and direct purchaser cases involve almost entirely the same issues, *e.g.*, the objective and subjective merit of defendants' patent litigation, causation, and market definition, and the indirect purchaser plaintiffs (IPPs) agree that their cases should be tried at the same time as the direct purchaser cases.  Yet the IPPs now propose to place their cases three months behind the direct purchaser plaintiffs so that there would be multiple rounds of summary judgment and expert discovery *on the same issues*.  To accept the IPPs' proposal would defeat the rationale underlying MDL centralization, which is to increase efficiency by consolidating pre-trial proceedings, including discovery, experts, and summary judgment.

The only unique issues the indirect purchaser plaintiffs (IPPs) identify are class certification and damages, but as to those the most important discovery is in

- 19 -

the *IPPs' own possession*.  In any case, if there is a legitimate need, Defendants

have always been willing to negotiate a separate schedule for those issues.  Shared

issues, however, should be litigated once.

There is no dispute that the witnesses to be deposed in the direct and indirect

purchaser actions are almost entirely the same.  The IPPs have indicated that they

intend to participate in all depositions noticed by the direct purchaser plaintiffs

(DPPs) and will not seek to re-depose any of those witnesses.  The IPPs have been

unable to identify any additional discovery they might need that the DPPs would

not need.  Nor have they explained why any such depositions could not be noticed

between now and the current close of fact discovery in the direct purchaser cases in

March 2011.  Moreover, it would be unfair for the IPPs to take additional

depositions on shared issues after the close of fact discovery in the direct purchaser

cases.  For example, the DPPs, who may choose not to attend those

depositions, may try to "cherry-pick" among those depositions to use against the

defendants.  And Defendants' experts will have to prepare reports in the direct

purchaser cases that will be fully applicable to the indirect purchaser cases, without

the benefit of all the corresponding discovery.

In addition, allowing the IPPs to trail the rest of the litigation by three

months would also give them an unfair tactical advantage.  For example, they will

- 20 -

get a preview of Defendants' opening and rebuttal expert reports and depositions before presenting their own experts.  Similarly, the IPPs would get a preview of Defendants' summary judgment arguments before they have had to complete their expert reports and depositions.  Finally, the schedule proposed by the IPPs is inefficient in that it places the deadline for replies to dispositive motions *after* the deadline for the Joint Pretrial Order.  In contrast, Defendants' proposed schedule (consistent with the direct purchaser case schedule) leaves a six-week gap between the close of briefing on dispositive motions and the Joint Pretrial Order, which allows time for issuance of any decisions on dispositive motions and potential narrowing of issues for trial.

The only justification the IPPs have provided for a three-month delayed schedule is that Defendants did not provide their initial document productions to the IPPs until this past month, while the DPPs received Defendants' initial document production in March 2010.  But the parties to the direct purchaser actions are also in the midst of negotiating document production issues; document production in those cases is nowhere near complete.  No depositions have taken place in the DPP actions.  No interrogatories or RFAs have been served.  There is no reason the IPPs could not catch up over the coming months.  If anything, the IPPs are at an advantage given the groundwork the DPPs have already laid in

- 21 -

reviewing those initial documents and in serving and negotiating additional document requests.  It also must be noted that since July 2010 Defendants' counsel has repeatedly offered to produce the initial document productions *on request*.  The IPPs pointedly declined even to request the documents until the current dispute over the schedule arose.  Once the IPPs finally requested the initial documents, defendants expedited their initial document productions.  The IPPs should not be able to rely on their own delay in requesting documents to push for an unfair and inefficient schedule.

Finally, if for any reason this Court believes that the IPP plaintiffs deserve additional time for discovery, Defendants respectfully request that the schedule governing the DPP cases be adjusted so that all of the consolidated or related actions in these MDL proceedings are governed by the same case management schedule.

12124591.1
DCDB01 20964546.3 02-Nov-10 20:07

11.   **Discovery Limitation:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

(a)   <u>**Plaintiffs' Position**</u>:

Plaintiffs submit that it and the Defendants collectively be allowed thirty (30) fact depositions per side.  The thirty fact depositions shall include both party and non-party depositions.  However, this number does not apply to depositions of expert witnesses.  Plaintiffs also plan to coordinate fact depositions as much as possible with the Direct Purchaser Plaintiffs.

(b)   <u>**Defendants' Position**</u>:

Defendants believe that all plaintiffs involved in this MDL litigation (both the direct purchasers and the indirect purchasers) should share a single number of depositions.  Defendants submit, however, that it is premature to determine the number of necessary depositions at this time.  Defendants propose that the parties meet and confer to discuss the number of depositions necessary after there has been sufficient opportunity to engage in written discovery and review materials already produced.  Defendants' proposal also will allow the parties to consider

- 23 -

whether there are any stipulations that may reduce the number of necessary depositions.

**12.    Other Orders:**

**What other orders do the parties think the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties would ask the Court to consider their competing case schedules described above and enter an order adopting a reasonable schedule to govern the End Payor Class Action cases.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 19, 2010, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff**:  Lead counsel (signature):

  /s/ Jayne A. Goldstein
Jayne A. Goldstein
jgoldstein@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
1640 Town Center Circle, Suite 216
Weston, FL  33326
Telephone:  (954) 515-0123
Facsimile:  (954) 515-0124

- 24 -

**For Defendants**: Lead counsel (signature):

 /s/ Rohit K. Singla
Rohit K. Singla
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Rohit.Singla@mto.com

*Counsel for Defendants Unimed Pharmaceuticals, LLC and Solvay Pharmaceuticals*

 /s/ Eric Grannon
Eric Grannon
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
egrannon@washdc.whitecase.com

*Counsel for Defendants Par Pharmaceutical Companies, Inc. and Paddock Laboratories, Inc.*

 /s/ Paul M. Eckles
Paul M. Eckles
SKADDEN ARPS SLATE MEAGHER
& FLOM LLP
Four Times Square
New York, NY  10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Paul.eckles@skadden.com

- 25 -

*Counsel for Defendant Watson Pharmaceuticals, Inc.*

Other participants: Teresa Bonder
David Rabin
John Roberti
Elisabeth Neubauer
Meytal McCoy
Julia York
Steven C. Sunshine

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

[ ]     A possibility of settlement before discovery.

[ ]     A possibility of settlement after discovery.

[ ]     A possibility of settlement, but a conference with the judge is needed.

[X]     No possibility of settlement.

(c)     Counsel [ ] do or [X] do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is **not yet determined**.

(d)     The following specific problems have created a hindrance of settlement of this case.

Response: None.

14.     **Trial by Magistrate Judge**

        **Note: Trial before a Magistrate Judge will be by jury trial of a party is**

- 26 -

**otherwise entitled to a jury trial.**

(a)    The parties (_____) do consent to having this case tried before a

magistrate judge of this court.  A completed Consent to Jurisdiction by a United

States Magistrate Judge form has been submitted to the clerk of court this

_____ day _____, of 20_____.

(b)    The parties (__X__) do not consent to having this case tried before a

magistrate judge of this Court.


Respectfully submitted this 2nd day of November, 2010.

/s/Corey D. Holzer
Corey D. Holzer
cholzer@holzerlaw.com
Marshall P. Dees
mailto:mdees@holzerlaw.com
HOLZER HOLZER &FISTEL, LLC
200 Ashford Center North, Suite 300
Atlanta, GA  30338
Telephone: (770) 392-0090
Facsimile:  (770) 392-0029

Jayne A. Goldstein
jgoldstein@sfmslaw.com
Nathan A. Zipperian
nzipperian@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
1640 Town Center Circle, Suite 216
Weston, FL  33326

- 27 -

Telephone:  (954) 515-0123
Facsimile:  (954) 515-0124

Natalie Finkelman Bennett
nfinkelman@sfmslaw.com
James C. Shah
jshah@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
475 White Horse Pike
Collingswood, NJ  08107
Telephone:  (856) 858-1770
Facsimile: (856) 858-7012

James E. Miller
jmiller@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
65 Main Street
Chester, CT  06412
Telephone: (860) 526-1100
Facsimile:  (860) 526-1120

*Counsel for Plaintiff Fraternal Order of Police,
Fort Lauderdale Lodge 31, Insurance Trust
Fund and Plaintiff George Steven LeGrand*

|   /s/ Teresa T. Bonder        |    /s/ Rohit K. Singla        |
|-------------------------------|-------------------------------|
| Teresa T. Bonder              | Jeffrey I. Weinberger*        |
| Georgia Bar No. 703969        | Rohit K. Singla*              |
| Matthew D. Kent               | Elisabeth J. Neubauer*        |
| Georgia Bar No. 526272        | Munger, Tolles & Olson LLP    |
| Alston & Bird LLP             | 355 South Grand Avenue        |
| 1201 West Peachtree Street    | 35th Floor                    |
| Atlanta, GA  30309-3424       | Los Angeles, CA 90071         |
| (404) 881-7000 (telephone)    | (213) 683-9100 (telephone)    |

- 28 -

(404) 881-7777 (facsimile)
teresa.bonder@alston.com
matthew.kent@alston.com

(213) 683-5100 (facsimile)
jeffrey.weinberger@mto.com
rohit.singla@mto.com
elisabeth.neubauer@mto.com


Mark W. Ryan*
John Roberti*
Christopher J. Kelly*
Rebecca Valentine*
Mayer Brown LLP
1909 K Street NW
Washington, D.C. 20006
202-263-3000 (telephone)
202-263-3300 (facsimile)
mryan@mayerbrown.com
jroberti@mayerbrown.com
cjkelly@mayerbrown.com
rvalentine@mayerbrown.com


* Practicing pursuant to this Court's
Initial Case Management Order

*Counsel for Unimed Pharmaceuticals,
LLC and Abbott Products, Inc. f/k/a
Solvay Pharmaceuticals, Inc.*


  /s/ Eric Grannon
Eric Grannon*
J. Mark Gidley*
White & Case LLP
701 13th Street, NW
Washington, D.C. 20005
(202) 626-3600 (telephone)
(202) 639-9355 (facsimile)

Mark G. Trigg
Georgia Bar No. 716295
Ryan C. Grelecki
Georgia Bar No. 245068
Greenberg Traurig LLP
3290 Northside Parkway, Suite 400
The Forum

- 29 -

egrannon@whitecase.com                  Atlanta, GA 30327
mgidley@whitecase.com                   (678) 553-2415 (telephone)
                                        (678) 553-2212 (facsimile)
* Practicing pursuant to this Court's   triggm@gtlaw.com
Initial Case Management Order           greleckir@gtlaw.com

*Counsel for Par Pharmaceutical Companies, Inc. and Paddock Laboratories, Inc.*

 /s/ Steven C. Sunshine
Steven C. Sunshine*                     David Alan Rabin
Julia K. York*                          Georgia Bar No. 591469
Skadden, Arps, Slate, Meagher & Flom    Jason William Eakes
LLP                                     Georgia Bar No. 237048
1440 New York Avenue, NW                Morris Manning & Martin, LLP
Washington, D.C. 20005                  1600 Atlanta Financial Center
(202) 371-7000 (telephone)              3443 Peachtree Road, N.E.
(202) 393-5760 (facsimile)              Atlanta, GA 30326-1044
steven.sunshine@skadden.com             (404) 233-7000 (telephone)
julia.york@skadden.com                  (404) 365-9532 (facsimile)
                                        drabin@mmmlaw.com
Paul M. Eckles*                         jeakes@mmmlaw.com
Skadden, Arps, Slate, Meagher & Flom
LLP
Four Times Square
New York, NY  10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
paul.eckles@skadden.com


* Practicing pursuant to this Court's
Initial Case Management Order

*Counsel for Watson Pharmaceuticals, Inc.*

- 30 -

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE ANDROGEL ANTITRUST LITIGATION (II) | CASE NO. 1:09-MD-2084-TWT<br><br>END-PAYOR ACTIONS |
| FRATERNAL ORDER OF POLICE, FORT LAUDERDALE LODGE 31, INSURANCE TRUST FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIMED PHARMACEUTICALS, INC., ET AL.<br>Defendants. | CASE NO. 1:09-CV-2914-TWT |
| GEORGE STEVEN LEGRAND, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIMED PHARMACEUTICALS, INC., ET AL.<br>Defendants. | CASE NO. 1:10-CV-2883-TWT |

# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this __day of _____, 2010.


_____
Hon. Thomas W. Thrash, Jr.
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE ANDROGEL ANTITRUST LITIGATION (II) | CASE NO. 1:09-MD-2084-TWT<br><br>END-PAYOR ACTIONS |
| FRATERNAL ORDER OF POLICE, FORT LAUDERDALE LODGE 31, INSURANCE TRUST FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIMED PHARMACEUTICALS, INC., ET AL.<br>Defendants. | CASE NO. 1:09-CV-2914-TWT |
| GEORGE STEVEN LEGRAND, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIMED PHARMACEUTICALS, INC., ET AL.<br>Defendants. | CASE NO. 1:10-CV-2883-TWT |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed a true and correct copy of the foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filings to all counsel of record.

Dated: November 2, 2010

 /s/ Matthew D. Kent
Matthew D. Kent
Georgia Bar No. 526272
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
matthew.kent@alston.com

2