**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE ANDROGEL ANTITRUST LITIGATION (II)** | **CASE NO. 1:09-MD-2084-TWT** |
| **JABO'S PHARMACY, INC**, on behalf of itself and all others similarly situated in Tennessee,<br>    Plaintiff,<br>            v.<br>**SOLVAY PHARMACEUTICALS, INC., ET AL.**<br>    Defendants. | **CASE NO. 1:10-CV-1008-TWT** |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF JABO'S PHARMACY, INC.'S MOTION FOR REMAND**

Defendants Abbott Products, Inc. (f/k/a Solvay Pharmaceuticals, Inc.), Unimed Pharmaceuticals, LLC, Watson Pharmaceuticals, Inc., Paddock Laboratories, Inc., and Par Pharmaceutical Companies, Inc. hereby submit the district court's recent order in *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 06-cv-01797-MSG (E.D.Pa. Nov. 4, 2010) (a copy of attached hereto as Exhibit A), in support of their Joint Opposition to Plaintiff Jabo's Pharmacy, Inc.'s motion for remand to state court. *See* Defs.' Resp. in Opp'n to Mot. to Remand

1

(No. 10-cv-01008-TWT, Docket No. 21). The attached order issued after Defendants filed their Joint Opposition on February 8, 2010.

The *King Drug* decision is exactly on point. It involves the same plaintiff bringing similar claims in the same jurisdiction under the same state antitrust provisions — and employing the same stratagem to try to avoid federal jurisdiction. In *King Drug*, like here, Jabo's filed a complaint in Cocke County Circuit Court in Tennessee alleging anticompetitive harm under Tennessee law stemming from Hatch-Waxman settlements between a brand name pharmaceutical company and generic defendants. The action was removed to federal court and consolidated with a direct purchaser class action in the United States District Court for the Eastern District of Pennsylvania.

Jabo's moved to remand to state court, advancing the exact same arguments it asserts here: that its complaint pled only state law antitrust claims and thus raised no substantial questions of federal law, and that the amount in controversy was $4,999,999—that is, one dollar short of the $5,000,000 minimum for diversity jurisdiction under the Class Action Fairness Act. *See* Pl.'s Mem. in Supp. of Mot. to Remand (Docket No. 15). Defendants in *King Drug* responded that (1) the Complaint implicated substantial questions of federal patent law — whether the settlements restricted competition beyond the scope of the patent at issue, and

2

whether the generics would have established that the patent was invalid, unenforceable, or not infringed, resulting in earlier generic entry — and (2) that Jabo's Complaint on its face placed more than $5 million at issue given the size of the market for the drug at issue, the alleged discount at which generics were sold, and the population of Tennessee. The defendants here made *exactly* the same arguments in opposition to remand. *See* Defs.' Resp. in Opp.

The *King Drug* district court denied Jabo's motion to remand, finding federal jurisdiction on at least two grounds. First, the court held that Jabo's state law causes of action were "necessarily dependent upon a substantial question of federal law" because they require determination of whether the agreements at issue "fall outside the scope of the patent." *See* Exh. A ¶ 6. Second, accepting calculations virtually identical to the ones that defendants have made in the case before this Court, the *King Drug* court held that defendants had demonstrated to a "legal certainty" that Jabo's damages claims exceeded the $5 million diversity threshold, given the size of the Tennessee damages under plaintiff's theory and allegations of generic pricing. *Id.* ¶¶ 4-5. The district court also found that Jabo's damages disclaimer was non-binding under Tennessee law and there was "a serious question regarding the 'good faith' component" of Jabo's disclaimer because, as here, Jabo's sought "literally one dollar less than the $5 million federal

jurisdictional requirement." *Id.*

This Court should deny Jabo's pending motion for remand in this case for precisely the same reasons.

Respectfully submitted, this 15th day of November, 2010

Mark W. Ryan*
John Roberti*
Christopher J. Kelly*
Rebecca Valentine*
MAYER BROWN LLP
1909 K Street NW
Washington, D.C. 20006
202-263-3000 (telephone)
202-263-3300 (facsimile)
mryan@mayerbrown.com
jroberti@mayerbrown.com
cjkelly@mayerbrown.com
rvalentine@mayerbrown.com

*/s/ Teresa T. Bonder*
Teresa T. Bonder**
Georgia Bar No. 703969
Matthew D. Kent**
Georgia Bar No. 526272
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
teresa.bonder@alston.com
matthew.kent@alston.com

\* Practicing pursuant to paragraph five of the Case Management Order

*Counsel for Unimed Pharmaceuticals, LLC and Abbott Products, Inc. f/k/a Solvay Pharmaceuticals, Inc.*

*\*\*Counsel for Unimed Pharmaceuticals, LLC and Abbott Products, Inc. f/k/a Solvay Pharmaceuticals, Inc. in all actions except Walgreen Co. v. Unimed Pharmaceuticals, LLC, 1:09-cv-3019*

Jeffrey I. Weinberger*
Rohit K. Singla*
Elisabeth J. Neubauer*
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071
(213) 683-9100 (telephone)
(213) 683-5100 (facsimile)
jeffrey.weinberger@mto.com
rohit.singla@mto.com
elisabeth.neubauer@mto.com

*Practicing pursuant to paragraph five of the Case Management Order

*Counsel for Unimed Pharmaceuticals, LLC and Abbott Products, Inc. f/k/a Solvay Pharmaceuticals, Inc.*

| | |
|---|---|
| Eric Grannon* | Mark G. Trigg |
| J. Mark Gidley* | Georgia Bar No. 716295 |
| WHITE & CASE LLP | Ryan C. Grelecki |
| 701 13th Street, NW | Georgia Bar No. 245068 |
| Washington, D.C. 20005 | GREENBERG TRAURIG LLP |
| (202) 626-3600 (telephone) | 3290 Northside Parkway, Suite 400 |
| (202) 639-9355 (facsimile) | The Forum |
| egrannon@whitecase.com | Atlanta, GA 30327 |
| mgidley@whitecase.com | (678) 553-2415 (telephone) |
| | (678) 553-2212 (facsimile) |
| *Practicing pursuant to this Court's Initial Case Management Order | triggm@gtlaw.com |
| | greleckir@gtlaw.com |
| *Counsel for Par Pharmaceutical Companies, Inc. and Paddock Laboratories, Inc.* | *Counsel for Par Pharmaceutical Companies, Inc. and Paddock Laboratories, Inc.* |

| | |
|---|---|
| Steven C. Sunshine* <br> Julia K. York** <br> SKADDEN, ARPS, SLATE, <br> MEAGHER & FLOM LLP <br> 1440 New York Avenue, NW <br> Washington, D.C. 20005 <br> (202) 371-7000 (telephone) <br> (202) 393-5760 (facsimile) <br> steven.sunshine@skadden.com <br> julia.york@skadden.com <br><br> * Practicing pursuant to this Court's Initial Case Management Order <br><br> ** Of counsel <br><br> *Counsel for Watson Pharmaceuticals, Inc.* | David Alan Rabin <br> Georgia Bar No. 591469 <br> Jason William Eakes <br> Georgia Bar No. 237048 <br> MORRIS MANNING & MARTIN, LLP <br> 1600 Atlanta Financial Center <br> 3443 Peachtree Road, N.E. <br> Atlanta, GA 30326-1044 <br> (404) 233-7000 (telephone) <br> (404) 365-9532 (facsimile) <br> drabin@mmmlaw.com <br> jeakes@mmmlaw.com <br><br> *Counsel for Watson Pharmaceuticals, Inc.* |