IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DISTRICT

| | |
|---|---|
| IN RE ANDROGEL ANTITRUST LITIGATION (II) | Case No. 1:09-md-2084 (TWT) |

**THIS FILING APPLIES TO:**
**ALL DIRECT PURCHASER CLASS ACTIONS**
C.A. No. 1:2009cv00958-TWT
C.A. No. 1:2009cv00956-TWT
C.A. No. 1:2009cv00957-TWT
C.A. No. 1:2009cv02913-TWT

## MOTION FOR APPOINTMENT OF A PLAINTIFFS' LEADERSHIP STRUCTURE FOR ALL DIRECT PURCHASER CLASS ACTIONS

Plaintiffs' counsel in all of the direct purchaser class actions have conferred and, subject to the Court's approval, agreed upon an interim organizational structure to govern prosecution of the cases. The purpose of this motion is to set forth the proposed interim structure, describe the qualifications of the lawyers in the proposed leadership, and request that the Court enter the attached order approving counsel's proposal in accordance with the dictates of Rule 23(g) of the Federal Rules of Civil Procedure and the *Manual on Complex Litigation (Fourth)* (the "*Manual*").

## THE APPLICABLE LEGAL STANDARDS

Section 10.22 of the *Manual* generally describes the types of organizational structures that are appropriate in multi-district litigation and the factors that are important in selecting lawyers for leadership positions. Typically, organizational structures involve lead counsel, liaison counsel and committees of counsel working under their direction. *Id.* at §10.221. The general powers and responsibilities of the various lawyers ordinarily are set forth in an order entered by the Court. *Id.* at §10.222. In filling leadership positions, the *Manual* suggests that the Court consider such matters as the qualifications and competence of the designated counsel, whether designated counsel fairly represent the various interests in the litigation, the attorneys' resources and commitment, and their ability to command the respect of and work with their colleagues. *Id.* at §10.224.

Because these cases have been brought as class actions, Rule 23(g) of the Federal Rules of Civil Procedure provides further guidance with regard to the appointment of counsel to represent the interests of the class on an interim basis before certification as well as thereafter. In selecting interim class counsel, the Court should consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

2

(3) counsel's knowledge of the applicable law; (4) the resources counsel will commit to representing the class; and (5) "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(C)(i) and (ii). No single factor is determinative; all factors should be considered. *Advisory Committee Notes* (2003 Amendments). The goal is to appoint counsel who will best represent the interests of the class and, in so doing, accomplish the goals of efficiency and economy. *See, e.g., Coleman P. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004).

The most common approach used by courts in multi-district proceedings to select class counsel is so-called "private ordering" in which the lawyers agree on which of them should serve as class counsel and the court approves the agreement after a review to ensure that the counsel selected is adequate and can appropriately represent the interest of the class. *Manual*, § 21.272.

## THE PROPOSED STRUCTURE SHOULD BE APPROVED

Plaintiffs' counsel in these cases have agreed upon an organizational structure involving three co-lead counsel: Berger & Montague, P.C. ("B&M"), Kaplan, Fox & Kilsheimer, LLP ("Kaplan Fox"), and Garwin Gerstein & Fisher, LLP ("GGF"). Each of these firms has vast experience prosecuting complex antitrust class actions, and in particular, numerous cases on behalf of a similar

proposed class of pharmaceutical wholesalers and retailers alleging they were overcharged due to impeded competition from less expensive generic drugs. The proposed structure also includes a liaison counsel from Atlanta – Doffermyre Shields Canfield & Knowles, LLC – which is accustomed to handling complex civil litigation, class actions, and multi-district litigation. This proposed organization easily satisfies the criteria for approval.[1]

As the *Manual* recognizes, in complex, resource-intensive cases such as this one, a multi-firm structure may best serve the proposed class. *See Manual*, § 10.221. The *Third Circuit Task Force Report on Selection of Class Counsel*, 208 F.R.D. 340 (2002), likewise states that a "court should be cognizant of the possibility that the class could benefit from the combined resources and expertise of a number of class counsel, especially in a complex case where the defendants are represented by a number of large and highly qualified law firms." *Id*. at 417 (footnote omitted). In light of such factors as the factual and legal complexity of this matter, the resources that will be required to prosecute it, and the strength and

---

[1] The designated leadership will be assisted by an informal executive committee comprised of three accomplished antitrust firms, namely, Odom & Des Roches, LLP, the Smith Foote Law Firm, LLP, and RodaNast, P.C. Plaintiffs' counsel believe that the assistance of the lawyers on the executive committee will be invaluable given the expected demands of the litigation, their expertise in these types of cases, and the resources they can bring to bear. However, in an effort to streamline the formal organizational structure, no reference to the committee is contained in the proposed order. Other than the role of this executive committee, there are no undisclosed understandings or agreements among counsel within the meaning of Section 10.224 of the *Manual*.

4

number of the lawyers representing the defendants, plaintiffs' counsel believe that there is a need for three co-lead counsel (as opposed to leadership of one or two lawyers) and for the active involvement of liaison counsel. Notably, the same group of firms has repeatedly worked together in leadership roles in analogous cases over the past decade, and has devised efficient and effective means of delegating work and prosecuting cases as a group.

The attorneys designated to fill the roles of co-lead clearly are sufficiently experienced, competent, and knowledgeable and have the resources needed to properly handle the litigation. B&M, Kaplan Fox, and GGF are three of the preeminent antitrust class action firms in the United States. B&M, Kaplan Fox, and GGF each have decades of experience litigating some of the nation's most complicated antitrust cases; have recovered billions of dollars in damages for class members in antitrust cases; have successfully served as lead counsel in multiple other direct purchaser class actions involving the pharmaceutical industry; are thoroughly familiar with the applicable law; and have a history of working together in the leadership of cases such as this one.

Additional information about the three firms, and their experience in class action antitrust litigation, is available on the firms' websites and contained in

Case 1:09-md-02084-TWT Document 192-1 Filed 12/25/11 Page 6 of 11

Exhibits 1 – 3 attached to this motion.[2] For the Court's convenience, a brief, but more detailed, description of each firm's background is set forth below.

**Berger & Montague, P.C.** B&M has practiced complex and class action litigation from its Philadelphia office for over 35 years. *Chambers USA America's Leading Lawyers for Business* has named Berger & Montague, P.C. "the top choice [in Pennsylvania] for plaintiff antitrust representation, particularly in complex class actions." Currently, the firm consists of 60 lawyers, approximately half of whom focus on antitrust litigation, and numerous experienced paralegals and support staff. Recognized by courts throughout the country for its ability and experience in handling major complex litigation, particularly antitrust cases, B&M is serving or has recently served as lead or co-lead counsel or on the steering committee in more than a dozen other pharmaceutical antitrust cases on behalf of direct purchasers. These pharmaceutical cases have recovered nearly $1 billion for overcharged purchasers over the past decade. *See* Declaration of David F. Sorensen attached as Exhibit 1.

**Kaplan Fox.** For more than 30 years, the antitrust attorneys at Kaplan Fox have represented businesses and individuals, on both a class and non-class basis, who have been injured as a result of price-fixing, customer allocation or other anti-

---

[2] The websites are located at www.bergermontague.com, www.kaplanfox.com, and www.garwingerstein.com.

competitive behavior, by sellers of a broad array of products and services. Kaplan Fox is frequently at the forefront of significant private antitrust actions, and has been appointed by courts as lead counsel or as a member of an executive committee for plaintiffs in some of the largest antitrust cases throughout the United States, including numerous pharmaceutical antitrust actions similar to the case pending before this Court. In particular, Linda Nussbaum, the partner at Kaplan Fox who will be primarily responsible for this matter, has served as lead counsel in eight direct purchaser class actions involving the pharmaceutical industry. *See* Declaration of Linda Nussbaum attached as Exhibit 2.

**Garwin, Gerstein & Fisher, LLP.** GGF and its predecessor firm have successfully championed the rights of investors, consumers, and small business for over fifty years. GGF, which is well known around the United States for skill in litigating complex class action cases and achieving superior settlements for its clients, has particular expertise in pharmaceutical antitrust actions generally and direct purchaser cases in particular. For example, as lead or co-lead counsel, GGF partner Bruce Gerstein has achieved the following results for classes comprised of direct purchasers in cases similar to this one: *In re Buspirone Antitrust Litigation*, MDL No. 1410 (S.D.N.Y.) ($220 million settlement); *In re Relafen Antitrust Litigation*, No. 01-cv-12239-WGY (D. Mass.) ($175 million settlement); *In re*

*Cardizem CD Antitrust Litigation*, No. 99-MD-1278, MDL No. 1278 (E.D. Mich.) ($110 million settlement); *In re Terazosin Hydrochloride Antitrust Litigation*, No. 99-MDL-1317 (S.D. Fla.) ($75 million settlement); and *In re Remeron Antitrust Litigation*, No. 02-cv-02007-FSH-PS (D.N.J.) ($75 million settlement). See Declaration of Bruce Gerstein attached as Exhibit 3.

**Doffermyre Shields Canfield & Knowles, LLC.** The proposed liaison counsel also has the necessary credentials, experience, and resources to serve in that position. Doffermyre Shield Canfield & Knowles, LLC has a long history of representing plaintiffs in class actions, including some of the most complex class actions cases litigated in recent years, and its lawyers have frequently served as lead or co-lead counsel, liaison counsel or members of court appointed steering committees in a wide variety of federal multi-district proceedings. *See* Declaration of Kenneth S. Canfield attached as Exhibit 4.

Finally, the firms and lawyers designated for leadership positions meet the other criteria for appointment which were discussed above. That the designated firms and lawyers fairly represent the various interests in the direct purchaser class actions, command the respect of their colleagues, and have the ability to work collectively is established by the fact that they have been selected for their positions by their peers.

## CONCLUSION

For the reasons set forth above, counsel request that the Court enter the proposed order approving the organizational structure to which all counsel in the direct purchaser class actions have agreed. The order is attached to this motion as Exhibit 5.

DOFFERMYRE SHIELDS
CANFIELD & KNOWLES, LLC

　/s/ Kenneth S. Canfield
Kenneth S. Canfield
Ga. Bar No. 107744
kcanfield@dsckd.com
1355 Peachtree Street, Suite 1600
Atlanta, Georgia 30309
Telephone: 404-881-8900
Facsimile: 404-881-3007

Eric L. Cramer
ecramer@bm.net
David F. Sorensen
dsorensen@bm.net
Peter Kohn
pkohn@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215)-875-4683

Linda P. Nussbaum
lnussbaum@kaplanfox.com
John D. Radice
jradice@kaplanfox.com
KAPLAN, FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

Bruce E. Gerstein
bgerstein@garwingerstein.com
Joseph Opper
jopper@garwingerstein.com
GARWIN GERSTEIN & FISHER LLP
1501 Broadway, 14th Floor
New York, NY 10036
Telephone: (212) 398-0055

David P. Smith
dpsmith@smithfoote.com
W. Ross Foote
rfoote@smithfoote.com
SMITH & FOOTE LLP
720 Murray Street
P.O.Box 1632
Alexandria, LA 71309
Telephone: (318) 445-4480
Facsimile: (318) 487-1741

John Gregory Odom
jodom@odrlaw.com
Stuart Des Roches
stuart@odrlaw.com
ODOM & DES ROCHES
Poydras Center
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Telephone: (504) 522-0077
Facsimile: (504) 522-0078

Dianne M. Nast
dnast@rodanast.com
RODANAST, P.C.
801 Estelle Drive
Lancaster, PA 17601
Telephone: (717) 892-3000
Facsimile: (717) 892-1200