# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **IN RE ANDROGEL ANTITRUST LITIGATION (II)** | **CASE NO. 1:09-MD-2084**<br><br>**DIRECT PURCHASER CLASS ACTIONS**<br><br>**DIRECT PURCHASER INDIVIDUAL ACTIONS** |
| **ROCHESTER DRUG CO-OPERATIVE, INC., ET AL.,**<br>          Plaintiff,<br>                    v.<br>**UNIMED PHARMACEUTICALS, LLC, ET AL.,**<br>          Defendants. | **END-PAYOR CLASS ACTIONS**<br><br><br>**CASE NO. 1:09-CV-956-TWT** |
| **LOUISIANA WHOLESALE DRUG CO., INC., ET AL.,**<br>          Plaintiff,<br>                    v.<br>**UNIMED PHARMACEUTICALS, LLC, ET AL.,**<br>          Defendants. | **CASE NO. 1:09-CV-957-TWT** |
| **MEIJER, INC., ET AL.,**<br>          Plaintiffs,<br>                    v.<br>**UNIMED PHARMACEUTICALS, LLC, ET AL.,**<br>          Defendants. | **CASE NO. 1:09-CV-958-TWT** |

| | |
|---|---|
| **STEPHEN L. LAFRANCE PHARM., INC. ET AL.,**<br><br>       **Plaintiff,**<br><br>                                   **v.**<br><br>**UNIMED PHARMACEUTICALS, LLC, ET AL.,**<br><br>       **Defendants.** | **CASE NO. 1:09-CV-2913-TWT** |
| **RITE AID CORPORATION, ET AL.,**<br><br>       **Plaintiffs,**<br><br>                                   **v.**<br><br>**UNIMED PHARMACEUTICALS, LLC, ET AL.,**<br><br>       **Defendants.** | **CASE NO. 1:09-CV-2776-TWT** |
| **WALGREEN CO., ET AL.,**<br><br>       **Plaintiffs,**<br><br>                                   **v.**<br><br>**UNIMED PHARMACEUTICALS, LLC, ET AL.,**<br><br>       **Defendants.** | **CASE NO. 1:09-CV-2776-TWT** |

| | |
|---|---|
| **SUPERVALU, INC.,**<br><br>      **Plaintiff,**<br><br>                **v.**<br>**UNIMED PHARMACEUTICALS, LLC, ET AL.,**<br><br>      **Defendants.** | **CASE NO. 1:10-CV-1024-TWT** |
| **FRATERNAL ORDER OF POLICE, FORT LAUDERDALE LODGE 31, INSURANCE TRUST FUND, on behalf of itself and all others similarly situated,**<br><br>      **Plaintiff,**<br>               **v.**<br>**UNIMED PHARMACEUTICALS, INC., ET AL.**<br><br>      **Defendants.** | **CASE NO. 1:09-CV-2914-TWT** |
| **GEORGE STEVEN LEGRAND, on behalf of himself and all others similarly situated,**<br><br>      **Plaintiff,**<br>               **v.**<br>**UNIMED PHARMACEUTICALS, INC., ET AL.**<br><br>      **Defendants.** | **CASE NO. 1:10-CV-02883-TWT** |
| **HEALTH NET, INC.,**<br><br>      **Plaintiff,**<br>               **v.**<br>**SOLVAY PHARMACEUTICALS, INC. UNIMED PHARMACEUTICALS, INC., ET AL.**<br><br>      **Defendants.** | **CASE NO. 1:11-CV-0334-TWT** |

# ORDER

This matter having come before the Court on the parties' Joint Motion to Modify Deposition Limits and the Current Case Schedule, and, for good cause shown, IT IS HEREBY ORDERED that the Joint Motion is GRANTED, and

1. Fact discovery in the above-captioned actions shall include no more than 30 depositions per side (plaintiffs being one side and defendants the other), and neither side may collectively take more than 140 hours of deposition testimony as measured by on-the-record/video recording time.

2. Each deposition taken pursuant to Fed. R. Civ. P. 30(b)(6) shall constitute a single deposition.

3. No deposition shall last longer than seven (7) hours, as stated in Fed. R. Civ. P. 30(d)(1).

4. Depositions taken in the underlying Patent Litigations[1] will be treated as if taken by the Parties in the above-captioned actions and treated for all purposes of the Federal Rules of Evidence and Civil Procedure as if the testimony were taken in these actions.

---

[1] *Unimed Pharms., Inc. v. Watson Pharms., Inc.*, No. 1:03-CV-2501-TWT and *Unimed Pharms., Inc. v. Paddock Labs., Inc.*, No. 1:03-CV-2503-TWT are collectively defined as the "Patent Litigations."

5. If a deponent from the Patent Litigation is deposed in the above-captioned actions, the Parties shall not ask questions unnecessarily redundant of testimony previously provided in the Patent Litigation.

IT IS FURTHER ORDERED that the Current Case Schedule be modified as follows:

| Event | Deadline |
| --- | --- |
| Discovery Closes | Friday, July 15, 2011 |
| Plaintiffs' Motion for Class Certification and accompanying Expert Report(s) | Monday, August 15, 2011 |
| Defendants' Opposition to Motion for Class Certification and accompanying Expert Report(s) | Thursday, September 15, 2011 |
| Opening Merits Expert Reports | Thursday, September 15, 2011 |
| Plaintiffs' Reply in Support of Motion for Class Certification | Monday, October 17, 2011 |
| Merits Expert Rebuttal Reports | Monday, October 17, 2011 |
| Merits Expert Reply Reports | Tuesday, November 15, 2011 |
| Merits Expert Discovery Closes | Thursday December 15, 2011 |
| Final Deadline for Dispositive Motions | Monday, January 16, 2012 |
| Opposition to Dispositive Motions | Wednesday, |

|  | February 15, 2012 |
|---|---|
| Replies to Dispositive Motions | Thursday, March 15, 2012 |
| Joint Pretrial Order | Tuesday, May 15, 2012 |
| Trial | Friday, June 15, 2012 or another time of the Court's choosing |

SO ORDERED, this 16th day of March, 2011.

/s/Thomas W. Thrash
Hon. Thomas W. Thrash, Jr.
United States District Judge