## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE ANDROGEL ANTITRUST LITIGATION (II) | : : : : : | CASE NO. 1:09-MD-2084-TWT<br><br>DIRECT PURCHASER CLASS ACTIONS |
| ROCHESTER          DRUG          CO-OPERATIVE, INC.,<br>        Plaintiff,<br>v.<br><br>UNIMED          PHARMACEUTICALS, INC., ET AL.,<br>        Defendants. | : : : : : : : : : : : | DIRECT PURCHASER INDIVIDUAL ACTIONS<br><br><br><br><br>CASE NO. 1:09-CV-956-TWT |
| LOUISIANA WHOLESALE DRUG CO., INC., ET AL.,<br>        Plaintiffs,<br>v.<br><br>UNIMED          PHARMACEUTICALS, INC., ET AL.,<br>        Defendants. | : : : : : : : : : : | CASE NO. 1:09-CV-957-TWT |
| MEIJER, INC., ET AL.,<br>        Plaintiffs,<br>v.<br><br>UNIMED          PHARMACEUTICALS, INC., ET AL.,<br>        Defendants. | : : : : : : : : : | CASE NO. 1:09-CV-958-TWT |

|  |  |
|---|---|
| **STEPHEN L. LAFRANCE PHARMACY, INC., ET AL.,** Plaintiffs, v. **UNIMED PHARMACEUTICALS, INC., ET AL.,** Defendants. | **CASE NO. 1:09-CV-2913-TWT** |
| **RITE AID CORPORATION, ET AL.,** Plaintiffs, v. **UNIMED PHARMACEUTICALS, INC., ET AL.,** Defendants. | **CASE NO. 1:09-CV-2776-TWT** |
| **WALGREEN CO, ET AL.,** Plaintiffs, v. **UNIMED PHARMACEUTICALS, INC., ET AL.,** Defendants. | **CASE NO. 1:09-CV-3019-TWT** |
| **SUPERVALU, INC.,** Plaintiff, | **CASE NO. 1:10-CV-1024-TWT** |

|  | : |
| --- | --- |
| **v.** | : |
|  | : |
| **UNIMED PHARMACEUTICALS,** | : |
| **INC., ET AL.,** | : |
| **Defendants.** | : |
|  | : |
|  | : |

**DIRECT PURCHASER PLAINTIFFS' MOTION TO
COMPEL DEFENDANTS TO PRODUCE WITNESSES
ON PATENT MERITS ISSUES FOR DEPOSITION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................ ii

I.    INTRODUCTION ......................................................................1

II.   PROCEDURAL HISTORY..........................................................2

      A.    Plaintiffs' Notices of Deposition ........................................2

      B.    Plaintiffs' Voluntary Disclosure of Experts and Defendants'
            Objection ...........................................................................3

      C.    Defendants' Failure to Produce Witnesses for Properly-Noticed
            Depositions without Seeking a Protective Order Excusing the
            Witnesses from Appearing ...............................................6

III.  ARGUMENT..............................................................................7

IV.   CONCLUSION .........................................................................11

# <u>TABLE OF AUTHORITIES</u>

## FEDERAL CASES

*Alexander v. FBI*,
   186 F.R.D. 78 (D.D.C. 1998) ..................................................................8

*AstraZeneca* Pharms, LP v. Teva Pharms. USA, Inc.
   No. 05-5333 (JAP), 2007 WL 4292384 (D.N.J. 2007) ...........................10

*Atlantic City Associates, LLC v. Carter & Burgess Consultants, Inc.*,
   No. 05-cv-3227, 2007 WL 63992 (D.N.J. January 5, 2007)....................10

*Chamberlain Group, Inc. v. Interlogix, Inc.*,
   No. 01-C-6157, 2002 WL 653893 (N.D. Ill. Apr. 19, 2002) ....................9

*English Feedlot, Inc. v. Norden Laboratory, Inc.*,
   833 F. Supp. 1498 (D. Colo. 1993) ...........................................................9

*Greene, Tweed of DE, Inc. v. DuPont Dow Elastomers, LLC*,
   202 F.R.D. 426 (E.D. Pa. 2001) ..............................................................10

*Hepperle v. Johnston*,
   590 F.2d 609 (5th Cir. 1979)..................................................................7, 8

*Hewlett-Packard Co. v. EMC Corp.*,
   330 F. Supp. 2d 1087 (N.D. Cal. 2004) .....................................................9

*Kelly v. Old Dominion Freight Line, Inc.*,
   376 Fed. Appx. 909 (11th Cir. 2010).....................................................7, 8

*Koch Refining Co. v. Boudreaux*,
   85 F.3d 1178 (5th Cir.1996).......................................................................9

*U.S. ex. rel., Cherry Hill Convalescent Center, Inc. v. Healthcare
   Rehabilitation Systems, Inc.*,
   994 F. Supp. 244 (D.N.J. 1997).........................................................11, 12

# STATE CASE

*Conte v. Lawless*,
   Civ. A. No. 02C-11-238JRS, 2005 WL 2436211 (Del. Super. Sept.
   29, 2005) ................................................................................................10

## I.   <u>INTRODUCTION</u>

Without seeking a protective order and without any supported basis, Defendants Abbott Products, Inc. f/k/a Solvay Pharmaceuticals, Inc. and Unimed Pharmaceuticals, LLC (collectively "Solvay") have unilaterally brought discovery on patent merits issues to a halt by refusing to produce witnesses for deposition. With the discovery clock ticking, Defendants' machinations are causing Direct Purchaser Plaintiffs' ("Plaintiffs") immediate and substantial prejudice by being blocked from taking discovery on some of the key issues in this case – the validity and enforceability of U.S. Patent No. 6,503,894 ("the '894 patent"), as well as its alleged infringement. Three properly-noticed defense witnesses have already failed to appear for deposition, *see* Doc. Nos. 201, 202, 203 and Defendants have confirmed that they will not produce *any* witnesses on patent merits issues until they determine whether any of their "attorney work product and attorney-client rights have been compromised" by Plaintiffs' retention of potential experts, Dr. Howard Ira Maibach and Dr. Bozena B. Michniak-Kohn.[1] *See* March 10, 2011 Sorensen e-mail to Defendants (Exhibit A to the Declaration of Elena K. Chan ("Chan Decl."); March 16, 2011 Sorensen Ltr to Defendants (Chan Decl., Ex. B); Doc. No. 217-1 at 8, n. 3.  Defendants filed motions to disqualify Drs. Maibach

---

[1] Solvay has no relationship with Dr. Michniak-Kohn.

and Michniak-Kohn, Doc. Nos. 216, 217,[2] in which they fail to demonstrate that any confidential information was disclosed or that they would be prejudiced by Plaintiffs' retention of these experts.  There is simply no basis for Defendants to stall patent merits discovery further.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1, Plaintiffs hereby respectfully move this Court to compel Defendants to produce for deposition, Sandra Faulkner, S. George Kottayil, Robert E. Dudley, Ronald Swerdloff, and other witnesses on patent merits issues, who either have failed or refused to appear for properly-noticed depositions.

Plaintiffs certify under Fed. R. Civ. P. 37(a)(1) and Local Rule 37.1(A) that they have conferred in good faith with Defendants before filing this motion. *See* Chan Decl., Ex. B.

## II.   PROCEDURAL HISTORY

### A. Plaintiffs' Notices of Deposition

In November 2010, Plaintiffs issued subpoenas for the depositions of, among others, Sandra Faulkner, S. George Kottayil, Robert E. Dudley, and Ronald

---

[2] Plaintiffs' oppositions to the expert disqualification motions were served on April 7 and 8, 2011. Solvay's motion also asked this Court to disqualify two law firms, Garwin Gerstein & Fisher LLP and Heim, Payne, & Chorus L.L.P., representing Plaintiffs from this case. *See* Doc. No. 217.   Defendants Par Pharmaceutical Companies, Inc. and Paddock Laboratories, Inc. did not seek to disqualify Plaintiffs' counsel. *See* Doc. No. 216.

Swerdloff (Doc. No. 147).   Plaintiffs postponed the depositions pending the parties' negotiations on the number of depositions and hours of testimony each side should be permitted and the scope of questioning, and requested that Defendants propose deposition dates that accommodate the witnesses' respective schedules.   Despite multiple requests, Defendants failed to propose deposition dates. *See e.g.* Plaintiffs' February 4, and 17, 2011 e-mails to Defendants (Chan Decl., Exs. C, D). To avoid further delay, on March 4, 2011, Plaintiffs properly re-noticed the depositions of Sandra Faulkner, S. George Kottayil, Robert E. Dudley, and Ronald Swerdloff, (Doc. Nos. 200, 201, 202, and 203); March 4, 2011 Chan Letter to Defendants enclosing Notices of Deposition (Chan Decl., Ex. E).

### B. Plaintiffs' Voluntary Disclosure of Experts and Defendants' Objection

On February 25, 2011, Plaintiffs voluntarily disclosed to Defendants their intention to use Dr. Maibach[3] as an expert in this case. February 25, 2011 Chan Letter to Defendants (Chan Decl., Ex. F). Plaintiffs identified Dr. Maibach as a potential expert candidate through publicly available sources. *See* the Declaration of Russell A. Chorush ("Chorush Decl.") (Chan Decl., Ex. G), at ¶6. During

---

[3] Plaintiffs also disclosed their retention of Dr. Bozena B. Michniak-Kohn in the February 25, 2011 letter. Dr. Michniak-Kohn is the subject of Par/Paddock's motion to disqualify (Doc. No. 216), which Plaintiffs have opposed in a separate filing (Doc. No. 228). Solvay has not objected to Plaintiffs' retention of Dr. Michniak-Kohn.

Plaintiffs' initial communication with Dr. Maibach, Plaintiffs identified all Defendants by name and Dr. Maibach confirmed that he had no impediment to being adverse to any defendants in this case. *Id.* at ¶8.   Dr. Maibach did not identify any prior relationship with any defendant, or any reason that would prevent him from serving as Plaintiffs' expert. *Id.*   Subsequently, Plaintiffs learned of two documents that suggested that Paddock communicated with Dr. Maibach during the development of its generic version of AndroGel. *Id.* at ¶11.   Although none of these facts would prevent Dr. Maibach from serving as Plaintiffs' expert in this case under the prevailing law on expert disqualification, out of an excess of caution, Plaintiffs notified Defendants of Plaintiffs' retention of Dr. Maibach. Chan Decl., Ex. F.

Plaintiffs were surprised to receive a letter from Solvay (and not Paddock) objecting to Plaintiffs' retention of Dr. Maibach on March 2, 2011.[4] March 2, 2011 Roberti Letter to Chan (Chan Decl., Ex. H).   Solvay represented that it (and not Paddock) had retained Dr. Maibach as a non-testifying, consulting expert in the underlying patent litigations.[5]   Solvay's letter argued that Plaintiffs' retention of

---

[4] Par/Paddock have not objected to Plaintiffs' retention of Dr. Maibach.

[5] *Unimed Pharm., Inc. v. Watson Pharm., Inc.*, No. 1:03-CV-2501-TWT (N.D. Ga. Aug. 21, 2003); *Unimed Pharm., Inc. v. Paddock Labs., Inc.*, No. 1:03-CV-2503-TWT (N.D. Ga. Aug. 21, 2003) (collectively, "patent litigations").

Dr. Maibach violated Solvay's attorney work product and attorney client privilege rights, requested information regarding Plaintiffs' communications with Dr. Maibach, and asked Plaintiffs to cease further communications with Dr. Maibach. *Id.*

Plaintiffs requested information from Solvay to evaluate its objection, including copies of any retention and confidentiality agreements; documents sufficient to show the issues Dr. Maibach purportedly was retained to consult on, the duration of Solvay's relationship with Dr. Maibach, the number of hours Dr. Maibach billed and was paid for, the number and frequency of any meetings and/or communications with Dr. Maibach, whether Dr. Maibach generated any work product and the type and page volume of any work product; and a log describing the content, date and type of information Solvay provided Dr. Maibach and the precise objection Solvay was asserting with respect to each entry. *See* March 4, 2011 Chan Ltr to Roberti (Chan Decl., Ex. I); March 9, 2011 Chorush Ltr to Roberti (Chan Decl., Ex. J). While Solvay eventually produced an engagement letter with Dr. Maibach, Solvay did not produce any evidence – not even a privilege log – showing that it revealed confidential information to Dr. Maibach. Solvay subsequently filed a motion to disqualify Dr. Maibach, in which Solvay fails to point to a single piece of confidential information it revealed to Dr.

Maibach. Doc. No. 217 (Solvay's motion also seeks to disqualify counsel who interacted with Dr. Maibach).

### C. Defendants' Failure to Produce Witnesses for Properly-Noticed Depositions without Seeking a Protective Order Excusing the Witnesses from Appearing

Less than one week before the first deposition was scheduled to be taken, Defendants informed Plaintiffs in a letter on March 8, 2011 that "[u]ntil we can determine the extent to which counsel for plaintiffs have been exposed to Solvay's privileged information, Solvay objects to any deposition of witnesses regarding patent merits issues." March 8, 2011 Roberti Letter to Chan (Chan Decl., Ex. K). In a meet-and-confer teleconference on March 10, 2011, Defendants confirmed that they will not produce witnesses for deposition relating to patent merits issues, including the witness scheduled for March 14, 2011 (Sandra Faulkner). *See* Chan Decl., Ex. A.

On March 14, March 21, and April 5, 2011, Sandra Faulkner, S. George Kottayil, and Ronald Swerdloff, who are all under the control of Defendant Solvay, failed to appear for their properly-noticed depositions. In addition to Ms. Faulkner, Mr. Kottayil, and Dr. Swerdloff, Plaintiffs intend to cover patent merits topics in the depositions of Robert Dudley, which is notice for April 8, 2011, and French nationals, Dominique Salin-Drouin and Valerie Masini-Eteve, who are the subject

of Plaintiffs' Motion to Issue Letter of Request (Letter Rogatory) Under the Hague Convention (Doc. Nos. 196, 222).[6] Neither Ms. Faulkner, Mr. Kottayil, Dr. Swerdloff, nor Defendants sought a protective order relieving the witnesses from appearing at their properly-noticed depositions.

### III.   ARGUMENT

A party or witness whose deposition has been properly noticed is under a duty to appear for the deposition.  If the party or witness believes the scope of an upcoming deposition will be objectionable, it is incumbent on that person to seek relief from the court *in advance* of the deposition by moving for a protective order under Rule 26(c).  *Hepperle v. Johnston,* 590 F.2d 609, 613 (5th Cir. 1979) ("unless he has obtained a court order that postpones or dispenses with his duty to appear, that duty remains"); *Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. Appx. 909, 913 (11th Cir. 2010).

Here, it is undisputed that Plaintiffs properly noticed the depositions of Sandra Faulkner, S. George Kottayil, Robert E. Dudley, and Ronald Swerdloff in this matter.  However, without seeking relief from this Court, Defendants have unilaterally brought discovery on patent merits issues to a standstill by refusing to produce witnesses for deposition.

---

[6] That motion is fully briefed, and notably, Defendant Par/Paddock did not object to Plaintiffs' motion.

As this Court is aware, discovery on the merits of the '894 Patent is integral to Plaintiffs' case, which alleges that Defendants restrained trade by filing, prosecuting, and settling sham litigation because the '894 Patent is invalid, unenforceable, and/or not infringed by Defendants Watson's and Paddock's proposed generic versions of AndroGel.  As the primary individuals who worked on the development and formulation of AndroGel and/or invention claimed in the '894 Patent, Sandra Faulkner, S. George Kottayil, Robert E. Dudley, Ronald Swerdloff, Dominique Salin-Drouin, and Valerie Masini-Eteve, among others, have information necessary to prove Plaintiffs' claims.

While Defendants have cited an objection to depositions of witnesses on patent merits issues on attorney work product and attorney-client privilege grounds, a mere objection is insufficient to excuse a deponent from appearing for a properly noticed deposition.  *Hepperle*, 590 F.2d at 613; *Kelly*, 376 Fed. Appx. at 913 (even the filing of a motion for protective order is insufficient to exonerate a witness' failure to appear at a scheduled deposition); *Alexander v. FBI*, 186 F.R.D. 78, 86-87 (D.D.C. 1998) (same).  "[U]nless he has obtained a court order that postpones or dispenses with his duty to appear [for deposition], that duty remains." *Hepperle*, 590 F.2d at 613.

Defendants refusal to produce witnesses for deposition is even more

unjustifiable given that they have offered nothing – not even a privilege log – in support of their objections to Plaintiffs' proposed experts.  As explained in detail in Plaintiffs' Response in Opposition to Par/Paddock's Motion Disqualify Dr. Michniak-Kohn (Doc. No. 228) and Response in Opposition to Solvay's Motion to Preclude Plaintiffs' Retention of Dr. Maibach and to Disqualify Plaintiffs' Counsel, expert disqualification is not warranted *unless* Defendants bear their burden of showing, *inter alia*:

> 1.    A confidential relationship existed between the moving party and the expert; that is, a confidential relationship developed into a matter sufficiently substantial to make disqualification or some other judicial remedy appropriate; *and*
>
> 2.    The moving party actually disclosed confidential information to the expert during such confidential relationship that is relevant to the current litigation, and if revealed, would prejudice that party.

*U.S. ex. rel., Cherry Hill Convalescent Center, Inc. v. Healthcare Rehab Systems, Inc.*, 994 F. Supp. 244, 249-50 (D.N.J. 1997) (internal quotations omitted); *English Feedlot*, 833 F. Supp. at 1501-02. Only when the answer to both of these questions is affirmative is disqualification appropriate. *See Koch Refining Co. v. Jennifer L. Boudreau M/V*, 85 F.3d 1178, 1181 (5th Cir. 1996).  *See also Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092-3 (N.D. Cal. 2004) ("[d]isqualification [of an expert] is a drastic measure that courts should impose only hesitantly, reluctantly, and rarely"); *Chamberlain Group, Inc. v. Interlogix, Inc*., No. 01-C-

6157, 2002 WL 653893 *2 (N.D. Ill. Apr. 19, 2002).

The vague and conclusory affidavits that Solvay (and Par/Paddock) submitted with their motions are hardly sufficient to sustain a motion to disqualify an expert, which requires Defendants to identify "specific and unambiguous disclosures" made to Dr. Maibach (and Dr. Michniak-Kohn) which if revealed with prejudice Defendants. *Hewlett-Packard*, 330 F. Supp. 2d at 1094. Disqualification is not appropriate where a party urging disqualification on the basis of a confidential relationship makes "no effort to identify specifically the nature of the confidential information that was purportedly passed on to [the expert], beyond making vague references to 'litigation strategy' and 'theories'." *Conte v. Lawless*, Civ. A. No. 02C-11-238JRS, 2005 WL 2436211 at *4 (Del. Super. Sept. 29, 2005).[7] Absent concrete evidence showing that Defendants shared confidential information with Dr. Maibach (and/or Dr. Michniak-Kohn), Defendants objections

---

[7]*See also Greene, Tweed of DE, Inc. v. DuPont Dow Elastomers*, LLC, 202 F.R.D. 426, 430 (E.D. Pa. 2001) (defendant could not support burden "by making conclusory assertions that the proposed experts were 'privy to substantial confidential information related'" to the litigation); *Atlantic City Assocs., LLC v. Carter & Burgess Consultants, Inc.*, No. 05-cv-3227, 2007 WL 63992 at * 2 (D.N.J. January 5, 2007) (Movant presented only "a generalized and vague allegation that the experts know 'mental impressions and trial strategies,'" which is "hardly the sort of proffer" sufficient to disqualify an expert); *AstraZeneca Pharms., LP v. Teva Pharms USA, Inc.*, No. 05-5333(JAP), 2007 WL 4292384, at *3 (D.N.J. Dec. 4, 2007) (finding insufficient the presentation of "little more than generalities too vague to prove that...[the expert] received confidential information from [the movant] with respect to [the drug at issue]").

to Plaintiffs' retention of these experts cannot stand, and they have no basis to refuse to produce witnesses for deposition on patent merits issues.

By contrast, with the discovery clock ticking, Plaintiffs are suffering immediate and substantial prejudice by being blocked from completing discovery on some of the core issues in this case. Defendants' dilatory tactics should not go unnoticed by this Court: after delaying depositions by refusing to propose deposition dates that would be convenient for the witnesses under Defendants' control, *now* Defendants have halted all discovery on the patent merits based on empty allegations. This Court should not permit Defendants' machinations to continue.

Having provided no basis to relieve Defendants from producing witnesses for deposition on patent merits issues, this Court should order Defendants to produce Sandra Faulkner, S. George Kottayil, Robert E. Dudley, and Ronald Swerdloff for deposition without delay.

IV.   **CONCLUSION**

For the foregoing reasons, this Court should compel Defendants to produce witnesses on patent merits issues for deposition immediately.

Respectfully submitted,

Date:  April 8, 2011                    ____/s/ *Kenneth S. Canfield*____
                                        Kenneth S. Canfield

11

Ga. Bar. No. 107744
kcanfield@dsckd.com
1355 Peachtree Street, Suite 1600
Atlanta, Georgia 30309
Telephone; (404) 881-8900
Facsimile (404) 881-3007

Bruce E. Gerstein, Pro Hac Vice
bgerstein@garwingerstein.com
Joseph Opper, Pro Hac Vice
jopper@garwingerstein.com
Elena K. Chan, Pro Hac Vice
echan@garwingerstein.com
GARWIN GERSTEIN & FISHER LLP
1501 Broadway, Suite 1416
New York, NY 10036
Telephone: (212) 398-0055
Facsimile: (212 ) 764-6620

David F. Sorensen, Pro Hac Vice
dsorensen@bm.net
Eric Cramer, Pro Hac Vice
ecramer@bm.net
Ellen Noteware, Pro Hac Vice
enoteware@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215)-875-4683
Facsimile: (215)-875-4604

David P. Smith
dpsmith@smithfoote.com
W. Ross Foote
rfoote@smithfoote.com
Susan Segura
ssegura@smithfoote.com
THE SMITH FOOTE LAW FIRM LLP
720 Murray Street
P.O.Box 1632
Alexandria, LA 71309
Telephone: (318) 445-4480
Facsimile: (318)487-1741

Joshua P. Davis (SBN. 193254)
davisj@usfca.edu
LAW OFFICES OF JOSHUA P.
DAVIS
437A Valley Street
San Francisco, CA 94131
Telephone: (415) 422-6223

John Gregory Odom
jodom@odrlaw.com
Stuart Des Roches
stuart@odrlaw.com
Andrew Kelly
akelly@odrlaw.com

David Balto
LAW OFFICES OF DAVID BAL TO
2600 Virginia Ave NW Suite 1111
Washington, DC 20037

*Counsel   for   Rochester   Drug   Co-*

John Fitzpatrick
jfitzpatrick@odrlaw.com
ODOM & DES ROCHES
Poydras Center
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Telephone: (504) 522-0077
Facsimile: (504) 522-0078

*operative, Inc.*

Russell A. Chorush
rchorush@hpcIlp.com
Miranda Jones
mjones@hpcllp.com
HEIM PAYNE & CHORUSH LLP
Chase Tower
600 Travis, Suite 6710
Houston, TX 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Linda P. Nussbaum
John D. Radice
Grant & Eisenhofer P.A.
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

*Counsel for Louisiana Drug Company, Inc.*

Dianne M. Nast
dnast@rodanast.com
Erin C. Burns
eburns@rodanast.com
RodaNast, P.C.
801 Estelle Drive
Lancaster, Pennsylvania 17601
Phone: 717-892-3000
Fax: 717-892-1200

Joseph M. Vanek
jvanek@vaneklaw.com
David P. Germaine
dgermaine@vaneklaw.com
VANEK, VICKERS & MASINI, P.C.
111 South Wacker Drive, Suite 4050
Chicago, IL 60606
Telephone: (312)224-1500
Facsimile: (312) 224-1510

*Counsel for Stephen L. Lafrance Pharmacy, Inc.*

Scott E. Perwin
sperwin@kennynachwalter.com

Paul E. Slater
pes@sperling-law.com

Lauren Ravkind
lravkind@kennynachwalter.com
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

*Counsel for Walgreens, Inc and*
*SuperValu.*

Steve D. Shadowen (PA41953)
sshadowen@hangley.com
Hangley Aronchick Segal & Pudlin
30 North Third Street
Harrisburg, PA 17101
Telephone: (717) 364-1030
Facsimile: (717) 364-1020

SPERLING & SLATER
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200
Facsimile: (312)641-6492

Joseph R. Saveri (SBN 130064)
isaveri@lchb.com
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Jordan Elias (SBN 228731)
ielias@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
Battery Street, Suite 3000
San Francisco, CA 94111-3339
Telephone. (415) 956-1000
Facsimile. (415) 956-1008

Joseph T. Lukens (PA67405)
jlukens@hangley.com
Hangley Aronchick Segal & Pudlin
One Logan Square, Ste. 2700
18th and Cherry Streets
Philadelphia, PA 19103
Telephone: (215) 496-7032
Facsimile: (215) 568-0300

*Counsel for Rite Aid Corporation*

Donald Perelman
dperelman@fineblack.com
Roberta Liebenberg
rliebenberg@fineblack.com
1835 Market Street, 28th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 567-6565
Facsimile: (215) 568-5872

*Counsel for Meijer, Inc. and Meijer*
*Distribution, Inc.*

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel hereby certifies that the foregoing Direct Purchaser Plaintiffs' Motion to Compel Defendants to Produce Witnesses on Patent Merits Issues for Deposition has been prepared in accordance with Local Rule 5.1 using Times New Roman 14 point font.

Date:  April 8, 2011                          _____/s/ *Kenneth S. Canfield*_____
                                              Kenneth S. Canfield
                                              Ga. Bar. No. 107744
                                              kcanfield@dsckd.com
                                              1355 Peachtree Street, Suite 1600
                                              Atlanta, Georgia 30309
                                              Telephone; (404) 881-8900
                                              Facsimile (404) 881-3007

## <u>CERTIFICATE OF SERVICE</u>

I have this day served counsel for all parties in the foregoing matter with a copy of **Direct Purchaser Plaintiffs' Motion to Compel Defendants to Produce Witnesses on Patent Merits Issues for Deposition, and Accompanying Declaration with Exhibits** by filing the same with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification and allow access to the filing to all counsel of record.

Date:  April 8, 2011                          _____/s/ *Kenneth S. Canfield*_____

                                         Kenneth S. Canfield
                                         Ga. Bar. No. 107744
                                         kcanfield@dsckd.com
                                         1355 Peachtree Street, Suite 1600
                                         Atlanta, Georgia 30309
                                         Telephone; (404) 881-8900
                                         Facsimile (404) 881-3007