# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| IN RE ANDROGEL ANTITRUST LITIGATION II | CASE NO. 1:09-MD-2084-TWT |
|  | DIRECT PURCHASER CLASS ACTIONS |
| ROCHESTER DRUG CO-OPERATIVE, INC., | DIRECT PURCHASER INDIVIDUAL ACTIONS |
| Plaintiff, |  |
| v. |  |
| UNIMED PHARMACEUTICALS, INC., ET AL., | CASE NO. 1:09-CV-956-TWT |
| Defendants. |  |
| LOUISIANA WHOLESALE DRUG CO., INC., ET AL., |  |
| Plaintiffs, |  |
| v. |  |
| UNIMED PHARMACEUTICALS, INC., ET AL., | CASE NO. 1:09-CV-957-TWT |
| Defendants. |  |
| MEIJER, INC., ET AL., |  |
| Plaintiffs, |  |
| v. | CASE NO. 1:09-CV-958-TWT |
| UNIMED PHARMACEUTICALS, INC., ET AL., |  |

Defendants.

:
:
:
**STEPHEN L. LAFRANCE**                    :
**PHARMACY, INC., ET AL.,**                :
:
    **Plaintiffs,**                        :
**v.**                                     :   **CASE NO. 1:09-CV-2913-TWT**
:
:
**UNIMED PHARMACEUTICALS,**                :
**INC., ET AL.,**                          :
:
    **Defendants.**                        :
:
**RITE AID CORPORATION, ET AL.,**          :
    **Plaintiffs,**                        :
:
:
**v.**                                     :   **CASE NO. 1:09-CV-2776-TWT**
:
**UNIMED PHARMACEUTICALS,**                :
**INC., ET AL.,**                          :
:
    **Defendants.**                        :
:
:
**WALGREEN CO, ET AL.,**                   :
    **Plaintiffs,**                        :
:
:
**v.**                                     :
:   **CASE NO. 1:09-CV-3019-TWT**
**UNIMED PHARMACEUTICALS,**                :
**INC., ET AL.,**                          :
:
    **Defendants.**                        :
:
:
:
:
**SUPERVALU, INC.,**                       :   **CASE NO. 1:10-CV-1024-TWT**
    **Plaintiff,**                         :

|  | : |
| --- | --- |
| **v.** | : |
|  | : |
| **UNIMED PHARMACEUTICALS,** | : |
| **INC., ET AL.,** | : |
|  | : |
| **Defendants.** | : |
|  | : |

### DECLARATION OF ELENA K. CHAN IN SUPPORT
### OF DIRECT PURCHASER PLAINTIFFS' MOTION TO
### COMPEL DEFENDANTS TO PRODUCE WITNESSES
### ON PATENT MERITS ISSUES FOR DEPOSITION

Elena K. Chan declares as follows:

1.      I am an associate at the law firm of Garwin Gerstein & Fisher LLP in New York and am admitted *pro hac vice* in this matter.

2.      I represent Louisiana Wholesale Drug Company, Inc. (1:09-cv-0957-TWT), and a putative class of direct purchasers of AndroGel in the above-captioned matter.

3.      Attached as **Exhibit A** is a true and accurate copy of the March 10, 2011 e-mail from David Sorensen to Defendants.

4.      Attached as **Exhibit B** is a true and accurate copy of the March 16, 2011 letter from David Sorensen to Defendants.

5.     Attached as **Exhibit C** is a true and accurate copy of the February 4, 2011 e-mail from Elena Chan to Defendants.

6.     Attached as **Exhibit D** is a true and accurate copy of the February 17, 2011 e-mail from Elena Chan to Defendants.

7.     Attached as **Exhibit E** is a true and accurate copy of the March 4, 2011 letter from Elena Chan to Defendants.

8.     Attached as **Exhibit F** is a true and accurate copy of the February 25, 2011 letter from Elena Chan to Defendants.

9.     Attached as **Exhibit G** is a true and accurate copy of the Declaration of Russell A. Chorush, dated April 4, 2011 (without exhibits).

10.     Attached as **Exhibit H** is a true and accurate copy of the March 2, 2011 letter from John Roberti to Plaintiffs.

11.     Attached as **Exhibit I** is a true and accurate copy of the March 4, 2011 letter from Elena Chan to John Roberti.

12.     Attached as **Exhibit J** is a true and accurate copy of the March 9, 2011 letter from Russell Chorush to John Roberti and Meytal McCoy.

13.     Attached as **Exhibit K** is a true and accurate copy of the March 8, 2011 letter from John Roberti to Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  April 8, 2011                              \_\_\_\_/s/ *Elena K. Chan*\_\_\_\_
                                                  Elena K. Chan (admitted *pro hac vice*)
                                                  echan@garwingerstein.com
                                                  GARWIN GERSTEIN & FISHER LLP
                                                  1501 Broadway, Suite 1416
                                                  New York, NY 10036
                                                  Telephone: (212) 398-0055
                                                  Facsimile: (212 ) 764-6620

# EXHIBIT A

**Elena Chan**

| | |
|---|---|
| **From:** | David Sorensen [dsorensen@bm.net] |
| **Sent:** | Thursday, March 10, 2011 2:05 PM |
| **To:** | McCoy, Meytal; jroberti@mayerbrown.com; rohit.singla@mto.com; elisabeth.neubauer@mto.com; cjkelly@mayerbrown.com; teresa.bonder@alston.com; matthew.kent@alston.com; rvalentine@mayerbrown.com; steven.sunshine@skadden.com; julia.york@skadden.com; maria.raptis@skadden.com; joshua.smith@skadden.com; drabin@mmmlaw.com; jeakes@mmmlaw.com; Grannon, Eric; Gidley, J. Mark; triggm@gtlaw.com; mryan@mayerbrown.com; greleckir@gtlaw.com; jeffrey.weinberger@mto.com |
| **Cc:** | Ken Canfield; Bruce Gerstein; Joseph Opper; David Smith; Ross Foote; ssegura@smithfoote.com; Andrew Kelly; John Fitzpatrick; Linda Nussbaum; John Radice; Dianne M. Nast; 'Erin Burns; Steve  D. Shadowen; jlukens@hangley.com; Scott Perwin; Lauren Ravkind; Ellen Noteware; Russ  Chorush; Miranda Jones; Chris Koepke; Peter Kohn; Richard Schwartz; mdees@holzerlaw.com; Jayne Goldstein; Paul Novak; KAW@wexlerwallace.com; jmiller@sfmslaw.com; lweaver@sfmslaw.com; ed@hbsslaw.com; Elena Chan; Neill Clark |
| **Subject:** | RE: In re AndroGel Antitrust Litig. (II), No. 09-2084-TWT |

Dear Counsel:

To follow up on our conversation of yesterday, we wish to repeat what was stated in Russ Chorush's letter of March 9, 2011, namely that the Direct Purchaser Class Plaintiffs ("Plaintiffs") have complied with Defendants' request not to have ex parte communications with either Drs. Maibach or Michniak.  See March 9 Letter at 3.  Plaintiffs will continue to so comply provided Defendants agree to do likewise, except that Plaintiffs reserve their right to seek declarations/affidavits relating to Plaintiffs' own dealings with these experts as may be appropriate with respect to any motion practice, and to otherwise contact the experts after giving Defendants prior notice and time to object.  We believe this eliminates any need for a TRO at this time.

You confirmed that Defendants will decline to produce any patent-related witnesses for depositions, including the witness scheduled for Monday, March 14 (Sandra Faulkner). Plaintiffs still await any actual proof from Defendants that this interference with Plaintiffs' ability to prosecute this case is warranted.  We urge you to promptly produce the evidence and information we requested in our letters of March 4.  Otherwise, we will move to compel production of witnesses for deposition.

As to your requests for information from us, we have already told you that, "Dr. Michniak indicated that the only information received from Par/Paddock was publicly available prior art[.]"  March 9 letter at 3.   And Dr. Maibach "indicated during our first conversation that he did not serve as an expert for Solvay, Unimed, or Par/Paddock in the patent litigation." Id.

Regarding the schedule, all Direct and Indirect Plaintiffs propose the following: fact discovery will close 120 days from the date Defendants agree, or the Court directs Defendants, to produce patent-merits witnesses for deposition, and all other deadlines will be moved back based on the intervals in the current schedule.

Sincerely,

David F. Sorensen
Berger & Montague, P.C.
1622 Locust St.
Philadelphia, PA 19103

215-875-5705 (direct)
267-979-8943 (cell)
215-875-5707 (fax)
dsorensen@bm.net
www.bergermontague.com

PRIVILEGED ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT. The information in this transmittal may be privileged and/or confidential. It is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Berger & Montague, P.C. immediately at (215) 875-3000 or by return e-mail. Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

# EXHIBIT B

1622 LOCUST STREET  I  PHILADELPHIA, PA 19103-6305  I  *phone* 215/875-3000  I  *fax* 215/875-4604  I  *www.bergermontague.com*

# Berger&Montague,P.C.
### ATTORNEYS AT LAW

DAVID F. SORENSEN

| WRITER'S DIRECT DIAL | 215/875-5705 |
| WRITER'S DIRECT FAX | 215/875-5707 |
| WRITER'S DIRECT E-MAIL | *dsorensen@bm.net* |

March 16, 2011

**VIA E-MAIL**

John Roberti, Esquire                      Meytal McCoy
MAYER BROWN                            WHITE & CASE LLP
1999 K Street, N.W.                        701 Thirteenth Street, N.W.
Washington, DC  20006-1101              Washington, DC  20005

Re:   *In re Androgel Antitrust Litigation (II)*, 1:09-md-2084-TWT

Dear Counsel:

We are in receipt of Mr. Roberti's letter sent late on March 14, 2011.

Despite Plaintiffs' repeated requests, Defendants have failed to produce any evidence that would satisfy the applicable legal standards for disqualifying either Dr. Maibach or Dr. Michniak from working with Plaintiffs in this case.  Defendants bear the burden of proving, inter alia, that Defendants (1) had an objectively reasonable basis to conclude that they had a confidential relationship with the expert, *and* (2) in fact, Defendants made specific and unambiguous disclosures to the expert of Defendants' own confidential and non-public litigation strategies, Defendants' own internal views of the merits and strengths and weaknesses of each side's case, and/or similar, confidential information.  *See, e.g., U.S. ex. rel. Cherry Hill Convalescent Center, Inc. v. Healthcare Rehab Systems, Inc.*, 994 F.Supp. 244, 250 (D.N.J. 1997).

Defendants have not come close to satisfying their burden.  Defendants have sent us copies of retention letter agreements, but neither letter agreement identifies any specific confidential information provided to either expert by any Defendant.  Moreover, even if a confidential relationship were found to exist, disqualification of an expert is not appropriate unless confidential information was actually transmitted to the expert.  *Id.*  If Defendants have evidence that would satisfy the legal standards for disqualifying either expert, it would seem to be in Defendants' own interest to provide that evidence to Plaintiffs promptly.

In light of Defendants' failure to even attempt to satisfy their burden, your questions to Plaintiffs are without foundation.  If there is no basis to disqualify the experts, there is perforce no basis for your intrusive questions.

Without waiving any objections we have, and without agreeing to provide you any additional information, we offer the following to demonstrate that your objections are baseless

John Roberti, Esquire
Meytal McCoy, Esquire
March 16, 2011
Page 2

## Berger&Montague,P.C.
ATTORNEYS AT LAW

and your refusal to produce patent witnesses for deposition is untenable: (1) we identified these experts through internet or other searches of publicly available material; (2) Dr. Michniak told Russ Chorush, during their first conversation, of her prior retention, but she also indicated that the only information she had obtained was publicly available, she worked for a brief time, and she did not believe there was any impediment to her working with the Plaintiffs (see also Letter dated March 9, 2011 from Mr. Chorush at 3); and (3) we learned of Dr. Maibach's prior retention when Defendants informed us of it, as Dr. Maibach had reported there was no reason he could not assist Plaintiffs and did not identify having done any prior work for Defendants. See Letter dated March 9, 2011, from Mr. Chorush at 3. We have no reason to believe that Defendants disclosed any confidential information to either expert.

Plaintiffs notified Defendants that Plaintiffs had engaged these experts, though no scheduling order required such disclosure of experts, out of an abundance of caution to permit Defendants to explain, and justify, any objection. Dr. Michniak, as we have explained, informed us of her prior retention, and Dr. Maibach's name appeared in some documents produced by Par/Paddock (not Solvay) in this litigation and recently discovered by Plaintiffs. Defendants have objected, but have not justified their objections.

Instead, Defendants have impeded and prejudiced Plaintiffs' ability to move forward with this case. Please be advised that we intend to file a motion permitting Plaintiffs to retain these experts, and to compel Defendants to produce patent-related witnesses. Please advise, on or before the close of business on Friday, March 18, whether Defendants (1) will withdraw their objections to our retention of these experts, and (2) will agree not to use these experts' retention by Plaintiffs as a basis to refuse to produce any witness for deposition. Thereafter we will move, as we believe our obligation to meet and confer will have been satisfied.

Sincerely,

David F. Sorensen

cc:     All Counsel (via email)

# EXHIBIT C

**Elena Chan**

| | |
|---|---|
| **From:** | Elena Chan |
| **Sent:** | Friday, February 04, 2011 4:47 PM |
| **To:** | Neubauer, Elisabeth; Singla, Rohit; Steven.Sunshine@skadden.com; Julia.York@skadden.com; Maria.Raptis@skadden.com; Weinberger, Jeffrey; Joshua.Smith@skadden.com; Roberti, John; mmccoy@washdc.whitecase.com; drabin@mmmlaw.com; jeakes@mmmlaw.com; mryan@mayerbrown.com; egrannon@washdc.whitecase.com; mgidley@washdc.whitecase.com; Kent, Matthew; Valentine, Rebecca; Bonder, Teresa; triggm@gtlaw.com; greleckir@gtlaw.com |
| **Cc:** | kcanfield@dsckd.com; dsorensen@bm.net; Andrew Kelly; Joseph Opper; Ephraim Gerstein; David Smith; Ross Foote; jfitzpatrick@odrlaw.com; Linda Nussbaum; John Radice; dnast@rodanast.com; eburns@rodanast.com; sshadowen@hangley.com; jlukens@hangley.com; Scott Perwin; Lauren Ravkind; rschwartz@faruqilaw.com; pkohn@faruqilaw.com; jayne Goldstein; Lesley Weaver; Novak, Paul |
| **Subject:** | RE: In Re AndroGel Antitrust Litigation (II) - Depositions |

| **Tracking:** | **Recipient** | **Delivery** |
|---|---|---|
| | Neubauer, Elisabeth | |
| | Singla, Rohit | |
| | Steven.Sunshine@skadden.com | |
| | Julia.York@skadden.com | |
| | Maria.Raptis@skadden.com | |
| | Weinberger, Jeffrey | |
| | Joshua.Smith@skadden.com | |
| | Roberti, John | |
| | mmccoy@washdc.whitecase.com | |
| | drabin@mmmlaw.com | |
| | jeakes@mmmlaw.com | |
| | mryan@mayerbrown.com | |
| | egrannon@washdc.whitecase.com | |
| | mgidley@washdc.whitecase.com | |
| | Kent, Matthew | |
| | Valentine, Rebecca | |
| | Bonder, Teresa | |
| | triggm@gtlaw.com | |
| | greleckir@gtlaw.com | |
| | kcanfield@dsckd.com | |
| | dsorensen@bm.net | |
| | Andrew Kelly | |
| | Joseph Opper | Delivered: 2/4/2011 4:47 PM |
| | Ephraim Gerstein | Delivered: 2/4/2011 4:47 PM |
| | David Smith | |
| | Ross Foote | |
| | jfitzpatrick@odrlaw.com | |
| | Linda Nussbaum | |
| | John Radice | |
| | dnast@rodanast.com | |
| | eburns@rodanast.com | |
| | sshadowen@hangley.com | |
| | jlukens@hangley.com | |
| | Scott Perwin | |

| Recipient | Delivery |
|-----------|----------|

Lauren Ravkind

rschwartz@faruqilaw.com

pkohn@faruqilaw.com

jayne Goldstein

Lesley Weaver

Novak, Paul

Counsel:

Plaintiffs will agree to Defendants' proposal to limit the fact depositions in this case (30 witnesses per side, not including witnesses designated on topics noticed under Rule 30(b)(6)) to 140 hours of on-the-record/video-tape recording time per side (any questioning by counsel defending the deposition will not be counted toward the noticing party's time), provided that Defendants agree (a) to jointly request an extension of the current case schedule by 60 days, and (b) to Plaintiffs' right to use the depositions taken in the patent litigations and the FTC's investigational hearings as if they were taken in this case.  Defendants, however, would not be permitted to use those prior depositions and investigational hearings against Plaintiffs.  Furthermore, our agreement would be contingent on Defendants producing copies of the videotaped recordings of the depositions from the patent litigations as soon as possible so that Plaintiffs may be able to review them for quality purposes.  Our agreement would also be contingent on the parties' agreement to conduct the depositions in good faith (e.g. speaking objections and/or non-responsive answers should be made, if at all, in good faith and not to unreasonably extend the length of depositions).  Finally, Plaintiffs reserve the right to re-depose any witnesses and/or seek leave of court for additional time for fact depositions to question witnesses on any documents Defendants produce after Plaintiffs have commenced their fact depositions.

In terms of priority, Plaintiffs currently intend to take the depositions of the following 5 witnesses first:
- o   Robert Dudley (Former Unimed)
- o   Ronald Swerdloff (Unimed Consultant)
- o   Sandra Faulkner (Former Unimed)
- o   Margaret Choy (Watson)
- o   Wanda Williams (Watson)

It is our understanding that Munger Tolles and Mayer Brown represent Mr. Dudley, Dr. Swerdloff, and Ms. Faulkner.  Please propose deposition dates for these witnesses.   If defense counsel will also be representing Ms. Choy and Ms. Williams, please propose dates for them as well.  Otherwise, please provide us with Ms. Choy's and Ms. Williams' current contact information or last known contact information.

In addition, Plaintiffs intend to submit a motion to issue letters of request for the depositions of French nationals, Dominique Salin-Drouin and Valerie Masini-Eteve, shortly.  Please let us know Defendants' position on this motion no later than 12PM ET on Friday, February 11, 2011.

Regards,
Elena K. Chan, Esq.
Garwin Gerstein & Fisher LLP
1501 Broadway, Suite 1416
New York, NY 10036
212.398.0055 Phone
212.764.6620 Fax
echan@garwingerstein.com

**CONFIDENTIAL:  PRIVILEGED ATTORNEY WORK PRODUCT.**  This message may contain information that may be confidential and subject to the attorney-client privilege, work product doctrine, or other applicable protection. If you have received this message in error, please advise the sender

by reply e-mail and delete the message. If you are not the addressee, you should not use, copy, transfer, or disclose to anyone else this message, attached documents, or any information relating to this message. Thank you.

**From:** Neubauer, Elisabeth [mailto:Elisabeth.Neubauer@mto.com]
**Sent:** Friday, January 21, 2011 12:49 AM
**To:** Elena Chan; Singla, Rohit
**Cc:** kcanfield@dsckd.com; dsorensen@bm.net; acurley@bm.net; Bruce Gerstein; Joseph Opper; Ephraim Gerstein; David Smith; Ross Foote; Greg Odom; Stuart Des Roches; jfitzpatrick@odrlaw.com; Linda Nussbaum; John Radice; dnast@rodanast.com; eburns@rodanast.com; sshadowen@hangley.com; jlukens@hangley.com; Scott Perwin; Lauren Ravkind; rschwartz@faruqilaw.com; pkohn@faruqilaw.com; Steven.Sunshine@skadden.com; Julia.York@skadden.com; Maria.Raptis@skadden.com; Joshua.Smith@skadden.com; drabin@mmmlaw.com; jeakes@mmmlaw.com; egrannon@washdc.whitecase.com; mgidley@washdc.whitecase.com; mmccoy@washdc.whitecase.com; triggm@gtlaw.com; greleckir@gtlaw.com; Weinberger, Jeffrey; Roberti, John; Valentine, Rebecca; mryan@mayerbrown.com; Kent, Matthew; Bonder, Teresa; jayne Goldstein; Paul Novak; Kenneth A. Wexler; Lesley Weaver; Jim Miller; Natalie Finkelman; Andrew Kelly
**Subject:** RE: In Re AndroGel Antitrust Litigation (II)

In advance of tomorrow's call, please see the attached correspondence.

Regards,
Elisabeth

**Elisabeth J. Neubauer | Munger, Tolles & Olson LLP**
355 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9503 | Fax:  213.683.4003 | Elisabeth.Neubauer@mto.com | www.mto.com

*\*\*\*NOTICE\*\*\**

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

**From:** Elena Chan [mailto:ECHAN@garwingerstein.com]
**Sent:** Wednesday, January 19, 2011 2:00 PM
**To:** Singla, Rohit
**Cc:** kcanfield@dsckd.com; dsorensen@bm.net; acurley@bm.net; Bruce Gerstein; Joseph Opper; Ephraim Gerstein; David Smith; Ross Foote; Greg Odom; Stuart Des Roches; jfitzpatrick@odrlaw.com; Linda Nussbaum; John Radice; dnast@rodanast.com; eburns@rodanast.com; sshadowen@hangley.com; jlukens@hangley.com; Scott Perwin; Lauren Ravkind; rschwartz@faruqilaw.com; pkohn@faruqilaw.com; Steven.Sunshine@skadden.com; Julia.York@skadden.com; Maria.Raptis@skadden.com; Joshua.Smith@skadden.com; drabin@mmmlaw.com; jeakes@mmmlaw.com; egrannon@washdc.whitecase.com; mgidley@washdc.whitecase.com; mmccoy@washdc.whitecase.com; triggm@gtlaw.com; greleckir@gtlaw.com; Weinberger, Jeffrey; Roberti, John; Valentine, Rebecca; mryan@mayerbrown.com; Kent, Matthew; Bonder, Teresa; Neubauer, Elisabeth; jayne Goldstein; Paul Novak; Kenneth A. Wexler; Lesley Weaver; Jim Miller; Natalie Finkelman; Andrew Kelly
**Subject:** In Re AndroGel Antitrust Litigation (II)

Rohit:

In preparation for our call at 10AM ET on Friday, January 21, see the attached letter.  Please let Lauren Ravkind know which counsel for Defendants will be participating in Friday's call, so that she can circulate the call-in information to them.

Thanks.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Elena K. Chan, Esq.
Garwin Gerstein & Fisher LLP
1501 Broadway, Suite 1416
New York, NY 10036
212.398.0055 Phone
212.764.6620 Fax
echan@garwingerstein.com

**CONFIDENTIAL:  PRIVILEGED ATTORNEY WORK PRODUCT.**  This message may contain information that may be confidential and subject to the attorney-client privilege, work product doctrine, or other applicable protection. If you have received this message in error, please advise the sender by reply e-mail and delete the message. If you are not the addressee, you should not use, copy, transfer, or disclose to anyone else this message, attached documents, or any information relating to this message. Thank you.

---

**PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT**.

This material is intended only for the individual or entity to which it is addressed. It may contain privileged, confidential information which is exempt from disclosure under applicable laws. If you are not the intended recipient, please note that you are strictly prohibited from disseminating this material (other than to the intended recipient) or copying this material. If you receive this communication in error, please contact Elena Chan( ECHAN@garwingerstein.com ) immediately.

# EXHIBIT D

## Elena Chan

| | |
|---|---|
| **From:** | Elena Chan |
| **Sent:** | Thursday, February 17, 2011 2:35 PM |
| **To:** | 'Neubauer, Elisabeth'; 'Singla, Rohit'; 'Steven.Sunshine@skadden.com'; 'Julia.York@skadden.com'; 'Maria.Raptis@skadden.com'; 'Weinberger, Jeffrey'; 'Joshua.Smith@skadden.com'; 'Roberti, John'; 'mmccoy@washdc.whitecase.com'; 'drabin@mmmlaw.com'; 'jeakes@mmmlaw.com'; 'mryan@mayerbrown.com'; 'egrannon@washdc.whitecase.com'; 'mgidley@washdc.whitecase.com'; 'Kent, Matthew'; 'Valentine, Rebecca'; 'Bonder, Teresa'; 'triggm@gtlaw.com'; 'greleckir@gtlaw.com' |
| **Cc:** | 'kcanfield@dsckd.com'; 'dsorensen@bm.net'; Andrew Kelly; Joseph Opper; David Smith; Ross Foote; 'jfitzpatrick@odrlaw.com'; Linda Nussbaum; John Radice; 'dnast@rodanast.com'; 'eburns@rodanast.com'; 'sshadowen@hangley.com'; 'jlukens@hangley.com'; Scott Perwin; Lauren Ravkind; 'rschwartz@faruqilaw.com'; 'pkohn@faruqilaw.com'; 'jayne Goldstein'; Russ  Chorush; 'Lesley Weaver'; 'Novak, Paul'; Stuart Des Roches; Ellen Noteware; mjones@hpcllp.com; Kenneth A. Wexler |
| **Subject:** | RE: In Re AndroGel Antitrust Litigation (II) - Depositions |

| **Tracking:** | **Recipient** | **Delivery** |
|---|---|---|
| | 'Neubauer, Elisabeth' | |
| | 'Singla, Rohit' | |
| | 'Steven.Sunshine@skadden.com' | |
| | 'Julia.York@skadden.com' | |
| | 'Maria.Raptis@skadden.com' | |
| | 'Weinberger, Jeffrey' | |
| | 'Joshua.Smith@skadden.com' | |
| | 'Roberti, John' | |
| | 'mmccoy@washdc.whitecase.com' | |
| | 'drabin@mmmlaw.com' | |
| | 'jeakes@mmmlaw.com' | |
| | 'mryan@mayerbrown.com' | |
| | 'egrannon@washdc.whitecase.com' | |
| | 'mgidley@washdc.whitecase.com' | |
| | 'Kent, Matthew' | |
| | 'Valentine, Rebecca' | |
| | 'Bonder, Teresa' | |
| | 'triggm@gtlaw.com' | |
| | 'greleckir@gtlaw.com' | |
| | 'kcanfield@dsckd.com' | |
| | 'dsorensen@bm.net' | |
| | Andrew Kelly | |
| | Joseph Opper | Delivered: 2/17/2011 2:35 PM |
| | David Smith | |
| | Ross Foote | |
| | 'jfitzpatrick@odrlaw.com' | |
| | Linda Nussbaum | |
| | John Radice | |
| | 'dnast@rodanast.com' | |
| | 'eburns@rodanast.com' | |
| | 'sshadowen@hangley.com' | |
| | 'jlukens@hangley.com' | |
| | Scott Perwin | |

| Recipient | Delivery |
|-----------|----------|
| Lauren Ravkind | |
| 'rschwartz@faruqilaw.com' | |
| 'pkohn@faruqilaw.com' | |
| 'jayne Goldstein' | |
| Russ  Chorush | |
| 'Lesley Weaver' | |
| 'Novak, Paul' | |
| Stuart Des Roches | |
| Ellen Noteware | |
| mjones@hpcllp.com | |
| Kenneth A. Wexler | |

Counsel:

I'm writing on behalf of Plaintiffs to follow up on our request for deposition dates.

First, we are still waiting for Defendants to propose dates for the five deponents identified in my February 4 email (copied below).

Second, please tell us if defense counsel will be representing the following four witnesses.  If so, please propose deposition dates for these witnesses.  If not, please provide us with their current or last known contact information.
- Matthew Casbon
- S. George Kottayil
- Gary Jossart
- Jim Schwier

Thanks,
Elena

**********************

Elena K. Chan, Esq.
Garwin Gerstein & Fisher LLP
1501 Broadway, Suite 1416
New York, NY 10036
212.398.0055 Phone
212.764.6620 Fax
echan@garwingerstein.com

**CONFIDENTIAL:  PRIVILEGED ATTORNEY WORK PRODUCT.**  This message may contain information that may be confidential and subject to the attorney-client privilege, work product doctrine, or other applicable protection. If you have received this message in error, please advise the sender by reply e-mail and delete the message. If you are not the addressee, you should not use, copy, transfer, or disclose to anyone else this message, attached documents, or any information relating to this message. Thank you.

**From:** Elena Chan
**Sent:** Friday, February 04, 2011 4:47 PM
**To:** Neubauer, Elisabeth; Singla, Rohit; Steven.Sunshine@skadden.com; Julia.York@skadden.com; Maria.Raptis@skadden.com; Weinberger, Jeffrey; Joshua.Smith@skadden.com; Roberti, John;

mmccoy@washdc.whitecase.com; drabin@mmmlaw.com; jeakes@mmmlaw.com; mryan@mayerbrown.com; egrannon@washdc.whitecase.com; mgidley@washdc.whitecase.com; Kent, Matthew; Valentine, Rebecca; Bonder, Teresa; triggm@gtlaw.com; greleckir@gtlaw.com
**Cc:** kcanfield@dsckd.com; dsorensen@bm.net; Andrew Kelly; Joseph Opper; Ephraim Gerstein; David Smith; Ross Foote; jfitzpatrick@odrlaw.com; Linda Nussbaum; John Radice; dnast@rodanast.com; eburns@rodanast.com; sshadowen@hangley.com; jlukens@hangley.com; Scott Perwin; Lauren Ravkind; rschwartz@faruqilaw.com; pkohn@faruqilaw.com; jayne Goldstein; Lesley Weaver; Novak, Paul
**Subject:** RE: In Re AndroGel Antitrust Litigation (II) - Depositions

Counsel:

    Plaintiffs will agree to Defendants' proposal to limit the fact depositions in this case (30 witnesses per side, not including witnesses designated on topics noticed under Rule 30(b)(6)) to 140 hours of on-the-record/video-tape recording time per side (any questioning by counsel defending the deposition will not be counted toward the noticing party's time), provided that Defendants agree (a) to jointly request an extension of the current case schedule by 60 days, and (b) to Plaintiffs' right to use the depositions taken in the patent litigations and the FTC's investigational hearings as if they were taken in this case.  Defendants, however, would not be permitted to use those prior depositions and investigational hearings against Plaintiffs.  Furthermore, our agreement would be contingent on Defendants producing copies of the videotaped recordings of the depositions from the patent litigations as soon as possible so that Plaintiffs may be able to review them for quality purposes.  Our agreement would also be contingent on the parties' agreement to conduct the depositions in good faith (e.g. speaking objections and/or non-responsive answers should be made, if at all, in good faith and not to unreasonably extend the length of depositions).  Finally, Plaintiffs reserve the right to re-depose any witnesses and/or seek leave of court for additional time for fact depositions to question witnesses on any documents Defendants produce after Plaintiffs have commenced their fact depositions.

    In terms of priority, Plaintiffs currently intend to take the depositions of the following 5 witnesses first:
  - o   Robert Dudley (Former Unimed)
  - o   Ronald Swerdloff (Unimed Consultant)
  - o   Sandra Faulkner (Former Unimed)
  - o   Margaret Choy (Watson)
  - o   Wanda Williams (Watson)

    It is our understanding that Munger Tolles and Mayer Brown represent Mr. Dudley, Dr. Swerdloff, and Ms. Faulkner.  Please propose deposition dates for these witnesses.   If defense counsel will also be representing Ms. Choy and Ms. Williams, please propose dates for them as well.  Otherwise, please provide us with Ms. Choy's and Ms. Williams' current contact information or last known contact information.

    In addition, Plaintiffs intend to submit a motion to issue letters of request for the depositions of French nationals, Dominique Salin-Drouin and Valerie Masini-Eteve, shortly.  Please let us know Defendants' position on this motion no later than 12PM ET on Friday, February 11, 2011.

Regards,
Elena K. Chan, Esq.
Garwin Gerstein & Fisher LLP
1501 Broadway, Suite 1416
New York, NY 10036
212.398.0055 Phone
212.764.6620 Fax
echan@garwingerstein.com

**CONFIDENTIAL:  PRIVILEGED ATTORNEY WORK PRODUCT.**  This message may contain information that may be confidential and subject to the attorney-client privilege, work product doctrine, or other applicable protection. If you have received this message in error, please advise the sender by reply e-mail and delete the message. If you are not the addressee, you should not use, copy, transfer, or disclose to anyone else this message, attached documents, or any information relating to this message. Thank you.

**From:** Neubauer, Elisabeth [mailto:Elisabeth.Neubauer@mto.com]
**Sent:** Friday, January 21, 2011 12:49 AM
**To:** Elena Chan; Singla, Rohit
**Cc:** kcanfield@dsckd.com; dsorensen@bm.net; acurley@bm.net; Bruce Gerstein; Joseph Opper; Ephraim Gerstein; David Smith; Ross Foote; Greg Odom; Stuart Des Roches; jfitzpatrick@odrlaw.com; Linda Nussbaum; John Radice; dnast@rodanast.com; eburns@rodanast.com; sshadowen@hangley.com; jlukens@hangley.com; Scott Perwin; Lauren Ravkind; rschwartz@faruqilaw.com; pkohn@faruqilaw.com; Steven.Sunshine@skadden.com; Julia.York@skadden.com; Maria.Raptis@skadden.com; Joshua.Smith@skadden.com; drabin@mmmlaw.com; jeakes@mmmlaw.com; egrannon@washdc.whitecase.com; mgidley@washdc.whitecase.com; mmccoy@washdc.whitecase.com; triggm@gtlaw.com; grelckir@gtlaw.com; Weinberger, Jeffrey; Roberti, John; Valentine, Rebecca; mryan@mayerbrown.com; Kent, Matthew; Bonder, Teresa; jayne Goldstein; Paul Novak; Kenneth A. Wexler; Lesley Weaver; Jim Miller; Natalie Finkelman; Andrew Kelly
**Subject:** RE: In Re AndroGel Antitrust Litigation (II)

In advance of tomorrow's call, please see the attached correspondence.


Regards,
Elisabeth

**Elisabeth J. Neubauer | Munger, Tolles & Olson LLP**
355 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9503 | Fax:  213.683.4003 | Elisabeth.Neubauer@mto.com | www.mto.com

*\*\*\*NOTICE\*\*\**

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*


**From:** Elena Chan [mailto:ECHAN@garwingerstein.com]
**Sent:** Wednesday, January 19, 2011 2:00 PM
**To:** Singla, Rohit
**Cc:** kcanfield@dsckd.com; dsorensen@bm.net; acurley@bm.net; Bruce Gerstein; Joseph Opper; Ephraim Gerstein; David Smith; Ross Foote; Greg Odom; Stuart Des Roches; jfitzpatrick@odrlaw.com; Linda Nussbaum; John Radice; dnast@rodanast.com; eburns@rodanast.com; sshadowen@hangley.com; jlukens@hangley.com; Scott Perwin; Lauren Ravkind; rschwartz@faruqilaw.com; pkohn@faruqilaw.com; Steven.Sunshine@skadden.com; Julia.York@skadden.com; Maria.Raptis@skadden.com; Joshua.Smith@skadden.com; drabin@mmmlaw.com; jeakes@mmmlaw.com; egrannon@washdc.whitecase.com; mgidley@washdc.whitecase.com; mmccoy@washdc.whitecase.com; triggm@gtlaw.com; grelckir@gtlaw.com; Weinberger, Jeffrey; Roberti, John; Valentine, Rebecca; mryan@mayerbrown.com; Kent, Matthew; Bonder, Teresa; Neubauer, Elisabeth; jayne Goldstein; Paul Novak; Kenneth A. Wexler; Lesley Weaver; Jim Miller; Natalie Finkelman; Andrew Kelly
**Subject:** In Re AndroGel Antitrust Litigation (II)

Rohit:

In preparation for our call at 10AM ET on Friday, January 21, see the attached letter.  Please let Lauren Ravkind know which counsel for Defendants will be participating in Friday's call, so that she can circulate the call-in information to them.

Thanks.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Elena K. Chan, Esq.
Garwin Gerstein & Fisher LLP
1501 Broadway, Suite 1416
New York, NY 10036
212.398.0055 Phone
212.764.6620 Fax
echan@garwingerstein.com

**CONFIDENTIAL:  PRIVILEGED ATTORNEY WORK PRODUCT.**  This message may contain information that may be confidential and subject to the attorney-client privilege, work product doctrine, or other applicable protection. If you have received this message in error, please advise the sender by reply e-mail and delete the message. If you are not the addressee, you should not use, copy, transfer, or disclose to anyone else this message, attached documents, or any information relating to this message. Thank you.

**PRIVILEGED ATTORNEY/CLIENT, ATTORNEY WORK PRODUCT**.

This material is intended only for the individual or entity to which it is addressed. It may contain privileged, confidential information which is exempt from disclosure under applicable laws. If you are not the intended recipient, please note that you are strictly prohibited from disseminating this material (other than to the intended recipient) or copying this material. If you receive this communication in error, please contact Elena Chan( ECHAN@garwingerstein.com ) immediately.

# EXHIBIT E

# GARWIN GERSTEIN & FISHER LLP

COUNSELORS AT LAW
1501 BROADWAY
NEW YORK, NY 10036
TELEPHONE: (212) 398-0055
FAX: (212) 764-6620
SENDER'S E-MAIL: echan@garwingerstein.com

BRUCE E. GERSTEIN
SCOTT W. FISHER
JOSEPH OPPER

**OF COUNSEL**
NOAH H. SILVERMAN

SIDNEY L. GARWIN
(1908-1980)
--
ELENA K. CHAN
EPHRAIM R. GERSTEIN
JONATHAN M. GERSTEIN
KIMBERLY M. HENNINGS
DAN LITVIN
ANNA TYDNIOUK

March 4, 2011

## VIA E-MAIL

Rohit K. Singla
MUNGER, TOLLES & OLSON LLP
500 Mission Street, 27th Fl.
San Francisco, CA 94105
e-mail: Rohit.Singla@mto.com

John Roberti
MAYER BROWN LLP
1999 K Street NW
Washington, D.C. 20006
e-mail: jroberti@mayerbrown.com

RE:   *In re AndroGel Antitrust Litigation (II)*, No. 1:09-MD-2084-TWT

Dear Counsel:

As you know, Direct Purchaser Plaintiffs have been waiting for Defendants to propose deposition dates for more than one month. We cannot wait any longer for dates. Enclosed please find a service copy of the notices for the depositions of the following witnesses on the following dates:

| | |
|---|---|
| Sandra Faulkner | March 14, 2011 |
| S. George Kottayil | March 21, 2011 |
| Robert Dudley | April 5, 2011 |
| Ronald Swerdloff | April 8, 2011 |

We are happy to shift these dates to accommodate the witnesses' respective schedules. However, we plan to go forward with these depositions on the dates noticed unless a firm new date has been set.

Regards,

Elena K. Chan

Encls.

cc:   All counsel (via e-mail)

# EXHIBIT F

# GARWIN GERSTEIN & FISHER LLP

COUNSELORS AT LAW
1501 BROADWAY
NEW YORK, NY 10036
TELEPHONE: (212) 398-0055
FAX: (212) 764-6620
SENDER'S E-MAIL: echan@garwingerstein.com

BRUCE E. GERSTEIN
SCOTT W. FISHER
JOSEPH OPPER

**OF COUNSEL**
NOAH H. SILVERMAN

SIDNEY L. GARWIN
(1908-1980)
--
ELENA K. CHAN
EPHRAIM R. GERSTEIN
JONATHAN M. GERSTEIN
KIMBERLY M. HENNINGS
DAN LITVIN
ANNA TYDNIOUK

February 25, 2011

## VIA E-MAIL

Rohit K. Singla
MUNGER, TOLLES & OLSON LLP
500 Mission Street, 27th Fl.
San Francisco, CA 94105
e-mail: Rohit.Singla@mto.com

John Roberti
MAYER BROWN LLP
1999 K Street NW
Washington, D.C. 20006
e-mail: jroberti@mayerbrown.com

Julia K. York
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Ave., N.W.
Washington, D.C. 20005
e-mail: Julia.York@skadden.com

Eric Grannon
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005
e-mail:
egrannon@washdc.whitecase.com

RE:   *In re AndroGel Antitrust Litigation (II)*, No. 1:09-MD-2084-TWT

Dear Counsel:

Although we are under no obligation under the Stipulated Protective Order
(Doc. No. 46) or otherwise to make disclosure of experts at this time, Direct
Purchaser Plaintiffs ("Plaintiffs") are disclosing Dr. Bozena B. Michniak-Kohn and
Dr. Howard Ira Maibach to afford Defendants an opportunity to object. I have
attached Dr. Michniak-Kohn's and Dr. Maibach's curriculum vitae for your
review. If Defendants object to Plaintiffs' retention of Dr. Michniak-Kohn and/or
Dr. Maibach in this matter, please let us know the basis for your objection no later
than March 4, 2011.

Regards,

Elena K. Chan

Encls.

cc:   All counsel (via e-mail)

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE ANDROGEL ANTITRUST LITIGATION II | CASE NO. 1:09-MD-2084-TWT<br><br>DIRECT PURCHASER CLASS ACTIONS |
| ROCHESTER DRUG CO-OPERATIVE, INC.,<br>            Plaintiff,<br><br>v.<br><br>UNIMED PHARMACEUTICALS, INC., ET AL.,<br>            Defendants. | CASE NO. 1:09-CV-956-TWT<br><br>DIRECT PURCHASER INDIVIDUAL ACTIONS |
| LOUISIANA WHOLESALE DRUG CO., INC., ET AL.,<br>            Plaintiffs,<br><br>v.<br><br>UNIMED PHARMACEUTICALS, INC., ET AL.,<br>            Defendants. | CASE NO. 1:09-CV-957-TWT |
| MEIJER, INC., ET AL.,<br>            Plaintiffs, | CASE NO. 1:09-CV-958-TWT |

v.                                        :
                                          :
UNIMED    PHARMACEUTICALS,                :
INC., ET AL.,                             :
         Defendants.

---

STEPHEN L. LAFRANCE                       :
PHARMACY, INC., ET AL.,                   :
         Plaintiffs,                      :
                                          :
                                          :
v.                                        :        CASE NO. 1:09-CV-2913-TWT
                                          :
UNIMED PHARMACEUTICALS,                   :
INC., ET AL.,                             :
         Defendants.                      :
                                          :
                                          :
RITE AID CORPORATION, ET                  :
AL.,                                      :
         Plaintiffs,                      :
                                          :
                                          :
v.                                        :        CASE NO. 1:09-CV-2776-TWT
                                          :
UNIMED PHARMACEUTICALS,                   :
INC., ET AL.,                             :
         Defendants.                      :
                                          :
                                          :
WALGREEN CO, ET AL.,                      :
         Plaintiffs,                      :
                                          :
                                          :
v.                                        :        CASE NO. 1:09-CV-3019-TWT
                                          :
UNIMED PHARMACEUTICALS,                   :
INC., ET AL.,                             :
         Defendants.                      :
                                          :

|  |  |  |
| --- | --- | --- |
| **SUPERVALU, INC.,**<br> **Plaintiff,** | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | **CASE NO. 1:10-CV-1024-TWT** |
| **UNIMED PHARMACEUTICALS,** | : | |
| **INC., ET AL.,** | : | |
| **Defendants.** | : | |
| | : | |

## DECLARATION OF RUSSELL A. CHORUSH

I, Russell A. Chorush, make this Declaration and state the following:

1.        My name is Russell A. Chorush.  I am over the age of twenty-one (21) years, am competent to testify to the matters stated herein, have personal knowledge of the facts and statements in this declaration, and each of the facts and statements is true and correct to the best of my knowledge.  I submit this declaration in opposition to Defendants Abbott Products, Inc. f/k/a Solvay Pharmaceuticals, Inc. and Unimed Pharmaceuticals, LLC's (collectively, "Solvay") motion to (i) preclude Plaintiffs' retention of Solvay's former consultant and (ii) disqualify Plaintiffs' counsel (Doc. No. 217).

2.        I am a member of the firm Heim, Payne, & Chorush, L.L.P. and serve as patent counsel for the plaintiffs Louisiana Wholesale Drug Co., Inc.;

Rochester Drug Co-Operative, Inc.; Meijer, Inc. and Meijer Distribution, Inc.; and a putative class of direct purchasers of the prescription drug AndroGel®.

3.      I have been endeavoring over the course of roughly the last six months to assemble a team of experts to address technical issues relevant to the merits of the underlying patent litigations[1] between Solvay, Inc. and Watson Pharmaceuticals, Inc.; Par Pharmaceutical Companies, Inc.; and Paddock Laboratories, Inc. (collectively, "Defendants").  This task has proved challenging for several reasons.

4.      First, it is my general practice when interviewing potential consulting and/or testifying experts to disclose first the nature of the lawsuit and the identity of the parties to ensure that no conflicts exist.  Several of the experts I have contacted in this case have stated they were unavailable due to conflicts.  For example, one candidate expert has an ongoing research program with Besins, a French company involved in the development of Androgel.  Another candidate was involved in a different pending litigation relating to another testosterone gel, and the counsel with whom he was working requested that he decline the assignment,

---

[1] *Unimed Pharm., Inc. v. Watson Pharm., Inc.*, No. 1:03-CV-2501-TWT (N.D. Ga. Aug. 21, 2003); *Unimed Pharm., Inc. v. Paddock Labs., Inc.*, No. 1:03-CV-2503-TWT (N.D. Ga. Aug. 21, 2003)

and the expert complied with that request.

5.      Second, I have learned that the field of experts in topical drug formulations is relatively narrow and specialized.   For example, the above-referenced expert who declined the retention recommended another candidate and noted that that individual was "a solid topical drug delivery person, and there are not that many of them around."   Unfortunately, that lead did not pan out either as the recommended candidate was on extended leave for personal reasons.

6.      Using publicly available information sources, my firm identified Dr. Howard Maibach as a candidate to serve as an expert witness in this lawsuit.  Dr. Maibach had not submitted an expert report on behalf of any of the parties in the underlying patent litigation nor had the parties identified Dr. Maibach as either a testifying or non-testifying consultant.

7.      On or about September 27, 2010, I contacted Dr. Maibach by telephone.   At the time that I contacted Dr. Maibach, I was not aware that he had been previously retained by any of the parties to this antitrust litigation.

8.      As is my customary practice, during my initial conversation with Dr. Maibach, I identified the parties to this antitrust litigation and asked Dr. Maibach whether he could serve as a witness adverse to Defendants.  Dr. Maibach did not

identify any prior relationship with any of the Defendants or any other reason that would preclude him from assisting Plaintiffs in this case. On October 7, 2010, I sent Dr. Maibach a retainer agreement confirming in writing that "[t]he adverse parties are Unimed Pharmaceuticals, Inc. (and its acquirer Solvay Pharmaceuticals, Inc.); Watson Pharmaceuticals, Inc.; Par Pharmaceutical Companies, Inc.; and Paddock Laboratories, Inc." (Attached as Exhibit 1). The retainer also stated: "You have confirmed that you have no impediment to being adverse to these parties," reflecting my understanding in this regard. Subsequently, I also sent Dr. Maibach a copy of the Protective Order and asked him to sign the confidentiality declaration. Dr. Maibach has not returned a signed copy of this retainer agreement or the confidentiality declaration, but he has consulted and billed his time pursuant to the retention agreement. Because Dr. Maibach has yet to sign the confidentiality declaration, I did not send him any of the documents the Defendants had designated as confidential nor did I discuss any confidential information with him.

9. On September 27, 2010, I sent Dr. Maibach a copy of United States Patent No. 6,503,894 ("the '894 Patent"), which is publicly available. On or about October 6, 2010 an associate at my firm, Chris Koepke, sent Dr. Maibach a copy of the prosecution history of the '894 Patent, which is also publicly available information. During the period September 27, 2010 through February 18, 2011, I

had approximately seven telephone conversations with Dr. Maibach in which I explained Plaintiffs' theory of the case and discussed with him the analysis we would like him to perform.   This included an evaluation of the role of sodium hydroxide and water in the brand and generic versions of AndroGel with respect to viscosity, pharmacokinetics, and skin irritation.

10.     During this timeframe, Dr. Maibach disclosed to me his view that the '894 Patent is invalid, and he identified a number of publications that he felt would educate us with respect to issues in the case.  None of the input Dr. Maibach provided in any way suggested to me that he had prior involvement with respect to Solvay or that his communications were based on any information from Solvay or its attorneys.

11.     On or about February 23, 2011, I learned that Dr. Maibach had been identified in two discovery documents produced by Paddock, *not Solvay*, which indicated some communications between Paddock and Dr. Maibach.   True and accurate copies of these documents, bates labeled PAD 0026875 and PADD00914, ("the Paddock Documents") are attached hereto as Exhibits 2 and 3. Although the Paddock Documents do not state that Paddock had retained Dr. Maibach or communicated any confidential information to him, and nothing in the then-

existing pretrial scheduling order required Plaintiffs to disclose the names of experts to Defendants, I concluded that Plaintiffs should disclose our retention of Dr. Maibach to Defendants in the event Paddock had some legitimate basis for objecting to the retention.

12.     By letter dated February 25, 2011, Plaintiffs advised Defendants of their intention to use Dr. Maibach as an expert witness.  Attached as Exhibit 4.

13.     By letter dated March 2, 2011 Solvay advised Plaintiffs that it objected to Plaintiffs retention of Dr. Maibach and informed Plaintiffs for the first time that Solvay had retained Dr. Maibach as a consulting expert in the underlying patent litigation.  Attached as Exhibit 5.  I was surprised by Solvay's objection because I had not been aware that Dr. Maibach had been previously retained by Solvay.  Nonetheless, I have respected Solvay's request and I have not discussed this lawsuit further with Dr. Maibach (other than sending Dr. Maibach a letter on which Defendants were copied, attached as Exhibit 6).  Indeed, my time records indicate that I have not spoken with Dr. Maibach since February 18, 2011 (*i.e.*, before I learned of the Paddock Documents).  I understand that Paddock has not objected to Plaintiffs' use of Dr. Maibach as an expert.

14.     To date, Dr. Maibach has billed a total of 19.5 hours and has been paid $12,675.00.

15.     Based on my prior conversations with Dr. Maibach I have no reason to believe he disclosed to me any of Solvay's confidential information (even assuming Solvay disclosed confidential information to Dr. Maibach).

16.     Dr. Maibach is a world class expert in topical drug delivery.  The fact that Paddock, Solvay, and Plaintiffs all contacted him independently reflects not only this fact, but also the fact that a limited number of world class experts exist in this field.  Dr. Maibach is an important potential witness in this case, and Plaintiffs desire to retain the option to offer his expert opinions.

17.     I submit this declaration subject to penalty of perjury.

Executed this 4th day of April, 2011, in Houston, Texas.

Russell A. Chorush

# EXHIBIT H

MAYER·BROWN

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

March 2, 2011

**John Roberti**
Direct Tel +1 202 263 3428
Direct Fax +1 202 762 4228
jroberti@mayerbrown.com

BY ELECTRONIC MAIL

Elena K. Chan
Garwin Gerstein & Fisher LLP
1501 Broadway
New York, NY 10036

Re:     *In re Androgel Antitrust Litig. (II)*, 1:09-md-2084

Dear Elena:

I write to respond to your letter dated February 25, 2011. We object to the Direct Purchaser Plaintiffs' retention of Dr. Howard Ira Maibach as an expert in this matter. As you are certainly aware, Dr. Maibach was retained by Solvay Pharmaceuticals, Inc. and Unimed Pharmaceuticals, Inc. (collectively, "Solvay") as a consulting expert in the underlying patent litigations that are at issue in this case, *Unimed Pharms., Inc. v. Watson Pharms., Inc.*, No. 1:03-CV-2501-TWT and *Unimed Pharms., Inc. v. Paddock Labs., Inc.*, No. 1:03-CV-2503-TWT. Because he was a non-testifying consultant, our communications with Dr. Maibach are protected by both the attorney work product doctrine and the attorney-client privilege. Your work with Dr. Maibach on this case compromises those fundamental safeguards. In light of this, please let us know by Friday, March 4 which lawyers acting on behalf of Plaintiffs have communicated with Dr. Maibach. In addition, please provide copies of any communications with Dr. Maibach, along with retention agreements and any summaries of communications with him that may have been prepared.

It has further come to our attention that Plaintiffs have contacted another non-testifying expert retained by Paddock Laboratories, Inc. and Par Pharmaceutical Companies, Inc. in the underlying patent litigations. In light of these communications, please provide by Friday, March 4 a list of every expert you have contacted while working on these matters so that Solvay can determine whether additional privileged material has been compromised.

Solvay objects to any further contact between Plaintiffs or any representatives of Plaintiffs and Dr. Maibach. We reserve our right to seek all appropriate remedies as a result of your interference with Solvay's attorney-client and attorney work product rights.

Sincerely,

*John Roberti*

John Roberti

cc:     All counsel (via email)

Mayer Brown LLP operates in combination with our associated English limited liability partnership
and Hong Kong partnership (and its associated entities in Asia) and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

# EXHIBIT I

# GARWIN GERSTEIN & FISHER LLP

COUNSELORS AT LAW
1501 BROADWAY
NEW YORK, NY 10036
TELEPHONE: (212) 398-0055
FAX: (212) 764-6620
SENDER'S E-MAIL: echan@garwingerstein.com

BRUCE E. GERSTEIN
SCOTT W. FISHER
JOSEPH OPPER

**OF COUNSEL**
NOAH H. SILVERMAN

SIDNEY L. GARWIN
(1908-1910)
--
ELENA K. CHAN
EPHRAIM R. GERSTEIN
JONATHAN M. GERSTEIN
KIMBERLY M. HENNINGS
DAN LITVIN
ANNA TYDNIOUK

March 4, 2011

## VIA E-MAIL

John Roberti
MAYER BROWN LLP
1999 K Street NW
Washington, D.C. 20006
e-mail: jroberti@mayerbrown.com

RE:   *In re AndroGel Antitrust Litigation (II)*, No. 1:09-MD-2084-TWT

Dear John:

I write in response to your March 2, 2011 letter.  Please be advised that the Direct Purchaser Plaintiffs ("Plaintiffs") were not aware that Solvay Pharmaceuticals, Inc. and Unimed Pharmaceuticals, Inc. (collectively, "Solvay") had retained Dr. Howard Ira Maibach as a non-testifying, consulting expert in the underlying patent litigation.

We understand from your letter that Solvay is objecting to Plaintiffs' retention of Dr. Maibach in this action on both attorney work product and attorney-client privilege grounds.  For us to evaluate the basis for Solvay's objections, we ask that Solvay produce the following to Plaintiffs by Friday, March 11, 2011:

- all documents evidencing a confidential relationship between Solvay and Dr. Maibach, including but not limited to the retention agreement you reference in your March 2, 2011 letter to Dr. Maibach and any confidentiality or non-disclosure agreement(s) that Dr. Maibach executed;

- documents sufficient to show:
      (a) the issue(s) Dr. Maibach was retained to consult on,
      (b) the duration of Solvay's relationship with Dr. Maibach,

Letter to John Roberti
March 4, 2011
Page 2 of 2

>    (c) the number of hours Dr. Maibach billed and was paid for in the
>        underlying patent litigation,
>    (d) the number and frequency of any meetings and/or communications
>        Solvay had with Dr. Maibach,
>    (e) whether Solvay provided documents to Dr. Maibach, and the
>        number and type of documents Solvay supplied to Dr. Maibach,
>        and
>    (f) whether Dr. Maibach generated any written work product for
>        Solvay, and the type and page volume of any work product Dr.
>        Maibach generated and transmitted to Solvay; and

- a log describing:
    - (a) the confidential and/or privileged information and/or documents
      Solvay contends it provided to Dr. Maibach,
    - (b) the date(s) of those confidential and/or privileged communications
      and/or documents,
    - (c) the type of communication or document, and
    - (d) the precise privilege Solvay is asserting with respect to each
      communication or document.

We further request that, to avoid a reoccurrence of this situation, each
Defendant identify by March 11, 2011, the number and identities of all experts
retained on a non-testifying, consulting basis in connection with the underlying
patent litigations.

Regards,

Elena K. Chan

cc:   Julia K. York
      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
      1440 New York Avenue, N.W.
      Washington, DC 20005
      email: julia.york@skadden.com

      All counsel (via e-mail)

# EXHIBIT J



Intellectual Property Litigation
www.heimpaynechorush.com

RUSSELL A. CHORUSH
PARTNER

DIRECT: 713.221.2004
EMAIL: RCHORUSH@HPCLLP.COM

March 9, 2011

**VIA E-MAIL**

John Roberti
MAYER BROWN LLP
1999 K Street NW
Washington, D.C. 20006
e-mail: jroberti@mayerbrown.com

Meytal McCoy
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, D.C. 20005
e-mail: mmccoy@whitecase.com

RE: *In re AndroGel Antitrust Litigation (II)*, No. 1:09-MD-2084-TWT

Dear John and Meytal:

I write to respond to your March 8, 2011 letters regarding Drs. Maibach and Michniak. On March 4, 2011, we requested that Defendants provide a variety of evidence regarding the nature of your alleged relationships with Drs. Maibach and Michniak and other consulting experts to assist Direct Purchaser Plaintiffs ("Plaintiffs") in understanding your position that Drs. Maibach and Michniak should be disqualified from serving as experts for Plaintiffs in this matter. Rather than respond to our request, your March 8, 2011 letters renew your unfounded allegations that "Solvay's and Par/Paddock's attorney work product and attorney-client rights have been compromised." Paddock has at least provided a copy of a retainer agreement with Dr. Michniak, but provides no evidence that any confidential information was provided to Dr. Michniak. Neither of your letters offers to provide the information requested in our March 4 letter. You also refer to (but do not cite) law you contend requires disqualification of Drs. Maibach and Michniak. I am unaware of the law you reference and request that you identify it.

The law with which I am familiar establishes that "[d]isqualification [of an expert] is a drastic measure that courts should impose only hesitantly, reluctantly, and rarely." *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004); *see also Chamberlain Group, Inc. v. Interlogix, Inc.*, No. 01-C-6157, 2002 WL 653893 *2 (N.D. Ill. Apr. 19, 2002). The party seeking to disqualify an expert bears the heavy burden to establish, *inter alia*, that:

1. A confidential relationship existed between the moving party and the expert; that is, a confidential relationship developed into a matter sufficiently substantial to make disqualification or some other judicial remedy appropriate; *and*

2. The moving party actually disclosed confidential information to the expert during such a confidential relationship that is relevant to the current litigation.

*See Koch Refining Co. v. Boudreaux*, 85 F.3d 1178, 1181 (5th Cir.1996); *English Feedlot, Inc. v. Norden Lab., Inc.*, 833 F. Supp. 1498, 1501-02 (D. Col. 1993). Disqualification is inappropriate if either factor is absent. *Id.*; *see also Hewlett-Packard*, 330 F. Supp. 2d at 1093. Despite our request, Solvay has refused to identify evidence supporting either of these factors and Par/Paddock have only identified a retainer agreement.

Even if a confidential relationship exists, courts have narrowly defined "confidential information" in addressing the second prong of the test. Such information essentially must be attorney work product or attorney-client privileged material. *See, e.g., Koch Refining*, 85 F.3d at 1182; *Hewlett-Packard*, 330 F. Supp. 2d at 1094. In this regard, the party seeking disqualification may not meet its burden with "mere conclusory or *ipse dixit* assertions." *Syngenta Seeds, Inc. v. Monsanto Co.*, No. 02-1331-SLR, 2004 WL 2223252, at *3-4 (D. Del. Sept. 27, 2004); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, No. MDL 1014, 1995 WL 925673, *6 (E.D. Pa. May 5, 1995) (denying motion to disqualify despite opposing party's allegations that it had retained the expert as a consultant and conveyed confidential information to him). For example, disqualification is not appropriate where a party urging disqualification on the basis of a confidential relationship makes "no effort to identify specifically the nature of the confidential information that was purportedly passed on to [the expert], beyond making vague references to 'litigation strategy' and 'theories'." *Conte v. Lawless*, Civ. A. No. 02C-11-238JRS, 2005 WL 2436211 at *4 (Del. Super. Sept. 29, 2005). Instead, the objecting party must point to specific and unambiguous disclosures which, if revealed, would prejudice the party. *Hewlett-Packard*, 330 F. Supp. 2d at 1094. Further, even if the moving party disclosed confidential or privileged information to the expert, disqualification is not appropriate if the information is not "relevant to the current litigation." *Greene, Tweed of Delaware, Inc. v. DuPont Dow Elastomers, L.L.C.*, 202 F.R.D. 426, 428-29 (E.D. Pa. 2001); *Syngenta Seeds, Inc.*, No. 02-1331-SLR, 2004 WL 2223252, at*3-4 (denying motion to exclude expert initially approached by the moving party and previously employed as a "research collaborator" with the moving party). In addition to evidence of a confidential relationship, Plaintiffs have requested from Defendants a log of supposedly confidential information so that Plaintiffs may evaluate the basis for Defendants' claims but Defendants have declined.

Additionally, to determine whether disqualification is appropriate, courts weigh the policy objectives of ensuring fairness and promoting the integrity of the judicial process. *See Koch Refining*, 85 F.3d 1178 at 1182; *Chamberlain Group*, 2002 WL 653893, *4. For example, the courts recognize policies in favor of allowing experts to pursue their trade, ensuring access to expert witnesses with specialized knowledge, and preventing parties from creating conflicts for the purpose of preventing their adversary from using the services of the expert. *Hewlett-Packard*, 330 F. Supp. 2d at 1095-96. *See also Paul v. Rawlings Sporting Goods Co.*, 123 F.R.D. 271, 281-82 (S.D. Ohio 1988). Most importantly, however, courts have expressed concern that "unscrupulous attorneys and clients may attempt to create an inexpensive relationship with potentially harmful experts solely to keep them from the opposing party." *Koch*, 85 F.3d at 1183 (quoting *English Feedlot, Inc.*, 833 F. Supp. at 1504-05). In this regard, Plaintiffs' concerns are heightened by Solvay's and Par/Paddock's suggestion that they retained a slate of consulting experts. Accordingly, Plaintiffs requested that Defendants identify all consulting experts retained in the

2

patent litigation and the hours worked by those experts. Defendants have also refused to provide this information.

With regard to Dr. Michniak, when I originally contacted Dr. Michniak we discussed her prior retention by Par/Paddock. Dr. Michniak indicated that the only information received from Par/Paddock was publicly available prior art, that she only worked a very short time for Par/Paddock, and that she has no impediment to serving in a capacity adverse to Par/Paddock. Accordingly, there is no basis for disqualification. *Hewlett-Packard*, 330 F. Supp. 2d at 1096; *see also Viskase Corp. v. W.R. Grace and Co.-Conn.*, No. 90-7515, 1992 WL 13679, *3 (N.D. Ill. Jan. 24, 1992); *Space Sys./Loral v. Martin Marietta Corp.*, No. 95-20122, 1995 WL 686369, *2 (N.D. Cal. Nov. 15, 1995); *Rawlings Sporting Goods Co.*, 123 F.R.D. at 278 (holding plaintiff's expert witness was not disqualified even though he had previously worked for the defense on a related matter). Nevertheless, and although not required by the protective order, we disclosed Dr. Michniak to enable Par/Paddock to raise an issue should it so desire. With regard to Dr. Maibach, he indicated during our first conversation that he did not serve as an expert for Solvay, Unimed, or Par/Paddock in the patent litigation. To date I have seen no evidence whatsoever that would justify the conclusion that Plaintiffs are not entitled to utilize Drs. Maibach and Michniak in this litigation and, despite our request, Defendants have refused to provide any such evidence. With regard to the retainer agreement relating to Dr. Michniak, it does not even purport to preclude Dr. Michniak from assisting Plaintiffs but rather only precludes her from using Par/Paddock's confidential information. Because I understand she received none, I see no risk in that regard.

Nevertheless, to date Plaintiffs have complied with Defendants' request that Plaintiffs abstain from *ex parte* contact with Drs. Maibach and Michniak. While Plaintiffs are mindful of Defendants' attorney work product and attorney-client concerns, Plaintiffs have seen no evidence, and are not aware of any evidence, that would cause Drs. Maibach or Michniak to be disqualified from assisting Plaintiffs. Indeed, Defendants' request is interfering with and prejudicing Plaintiffs' preparation of the case for trial. We insist that you respond immediately to our March 4 letter and that you provide the details and evidence we have requested. For the reasons provided above, Plaintiffs are entitled to this evidence. We reserve our rights to seek all appropriate relief from the Court.

Please be advised that Plaintiffs will be going forward with the depositions as noticed and expect Defendants to produce the witnesses.

Regards,

*Russell Chorush*

Russell A. Chorush

cc:     Julia K. York

3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
email: julia.york@skadden.com

All counsel (via e-mail)

# EXHIBIT K

# MAYER · BROWN

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

March 8, 2011

**John Roberti**
Direct Tel +1 202 263 3428
Direct Fax +1 202 762 4228
jroberti@mayerbrown.com

<u>BY ELECTRONIC MAIL</u>

Elena K. Chan
Garwin Gerstein & Fisher LLP
1501 Broadway
New York, NY 10036

Re:     <u>In re Androgel Antitrust Litig. (II), 1:09-md-2084</u>

Dear Elena:

I write on behalf of the Solvay defendants. We understand your letters of March 4 to confirm that the Direct Purchaser Plaintiffs ("Plaintiffs") have worked with Drs. Maibach and Michniak in these proceedings. As you know, Drs. Maibach and Michniak advised Solvay and Par/Paddock as non-testifying consulting experts in the underlying patent litigations. It therefore appears that Solvay's and Par/Paddock's attorney work product and attorney-client rights have been compromised. Moreover, we believe that the law is clear under these circumstances that Counsel who have worked with Dr. Maibach or Dr. Michniak are presumed to have been exposed to privileged information and therefore may not continue to represent parties in litigation against Solvay or Par/Paddock. In order to fully protect Defendants' rights, we believe that the law requires not just lawyers who dealt directly with these experts to be disqualified, but also their firms and any lawyers or firms working with them who have been directly or indirectly exposed to protected information.

These are obviously serious issues, and we are disappointed by your refusal to answer any of the questions posed in my letter of March 2, 2011. We thus ask that, by close of business on March 10, you confirm that Plaintiffs will not have any further *ex parte* contacts with Drs. Maibach and Michniak, provide the information requested in my March 2 letter, and explain why Plaintiffs believe that disqualification is not required.

Until we can determine the extent to which counsel for plaintiffs have been exposed to Solvay's privileged information, Solvay objects to any depositions of witnesses regarding patent merits issues. We have no objection to depositions on issues other than patent merits going forward.

Sincerely,

*John Roberti*

John Roberti

cc: All Counsel (by email)

Mayer Brown LLP operates in combination with our associated English limited liability partnership
and Hong Kong partnership (and its associated entities in Asia) and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.