IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE ANDROGEL ANTITRUST LITIGATION (II) | CASE NO. 1:09-MD-2084-TWT<br><br>DIRECT PURCHASER CLASS ACTIONS<br><br>DIRECT PURCHASER INDIVIDUAL ACTIONS |
| ROCHESTER DRUG CO-OPERATIVE, INC., ET AL.,<br>      Plaintiffs,<br>            v.<br>UNIMED PHARMACEUTICALS, INC., ET AL.<br>      Defendants. | CASE NO. 1:09-CV-956-TWT |
| LOUISIANA WHOLESALE DRUG CO., INC., ET AL.,<br>      Plaintiff,<br>            v.<br>UNIMED PHARMACEUTICALS, INC., ET AL.,<br>      Defendants. | CASE NO. 1:09-CV-957-TWT |

**SOLVAY'S OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DEFENDANTS TO PRODUCE WITNESSES
<u>ON PATENT MERITS ISSUES FOR DEPOSITION</u>**

| | |
|---|---|
| **MEIJER, INC., ET AL.,**<br>            **Plaintiffs,**<br>                        v.<br>**UNIMED PHARMACEUTICALS, INC., ET AL.**<br>            **Defendants.** | **CASE NO. 1:09-CV-958-TWT** |
| **STEPHEN L. LAFRANCE PHARMACY, INC. ET AL.**<br>            **Plaintiffs,**<br>                        v.<br>**UNIMED PHARMACEUTICALS, INC., ET AL.**<br>            **Defendants.** | **CASE NO. 1:09-CV-2913-TWT** |
| **RITE AID CORPORATION, ET AL.,**<br>            **Plaintiffs,**<br>                        v.<br>**UNIMED PHARMACEUTICALS, INC., ET AL.**<br>            **Defendants.** | **CASE NO. 1:09-CV-2776-TWT** |
| **WALGREEN CO., ET AL.,**<br>            **Plaintiffs,**<br>                        v.<br>**UNIMED PHARMACEUTICALS,  LLC, ET AL.**<br>            **Defendants.** | **CASE NO. 1:09-CV-3019-TWT** |
| **SUPERVALU, INC.,**<br>            **Plaintiff,**<br>                        v.<br>**UNIMED PHARMACEUTICALS, LLC, ET AL.**<br>            **Defendants.** | **CASE NO. 1:10-CV-1024-TWT** |

The issue before the Court in this Motion is the same issue raised in the motion filed by Abbott Products, Inc. f/k/a Solvay Pharmaceuticals, Inc. and Unimed Pharmaceuticals, LLC (collectively, "Solvay") to disqualify its former expert, Dr. Maibach, and any lawyer for Plaintiffs who has been tainted by Dr. Maibach. The question presented is whether Plaintiffs' counsel should be permitted to take depositions on the merits of the '894 patent even though they have learned Solvay's confidential information through the retention of Solvay's former consulting expert. Solvay cannot allow any counsel that are tainted—whether directly or indirectly—to depose Solvay's patent witnesses. Thus, apart from the disqualification issue, there simply is no dispute.

Since learning of Plaintiffs' inappropriate contacts with Solvay's former expert, Solvay has sought to compromise with Plaintiffs on the scheduling of the patent-merits depositions. Both before and after Plaintiffs filed their motion, Solvay offered to make the requested witnesses available conditioned on the outcome of the disqualification motion. The parties are also in ongoing negotiations over deposition dates in May or June, which would presumably follow a ruling from the Court on the disqualification issue. Valentine Decl. Ex. A

(Singla email dated Apr. 12, 2011); Ex. B (Chan email dated Apr. 20, 2011).[1] Plaintiffs do not appear to be seeking anything beyond what Solvay has already offered, and the Court's ruling on the disqualification issue will moot the present Motion entirely. Indeed, the timing and tenor of Plaintiffs' brief suggests that they have filed this Motion principally to create an opportunity to file a sur-reply brief regarding the disqualification issue.

The Court should not be burdened with hearing identical motions—particularly motions such as this one that are unnecessary and will soon be moot. *See Brannon v. Allied Interstate, Inc.*, 2010 WL 5463254, at * 1 (S.D. Ga. Dec. 29, 2010) ("The motion to compel is denied, since plaintiff has failed to show that he has made a good faith effort to resolve the discovery dispute without court intervention."). Defendants request that the Court deny as moot Plaintiffs' Motion to Compel.

Respectfully submitted this 25th day of April 2011.

|  |  |
|---|---|
| Teresa T. Bonder** | /s/ John Roberti<br>Mark W. Ryan* |
| Georgia Bar No. 703969 | John Roberti* |

---

[1] Solvay also offered to allow the patent merits depositions to proceed immediately if Plaintiffs gave assurances that they would sequester tainted attorneys from those depositions, Valentine Decl. Ex. A (Singla email dated Apr. 12, 2011), and made clear that it did not object to moving forward on depositions related to non-patent issues, Valentine Decl. Ex. C (Roberti letter dated March 8, 2011).

Matthew D. Kent**  
Georgia Bar No. 526272  
Alston & Bird LLP  
1201 West Peachtree Street  
Atlanta, GA  30309-3424  
(404) 881-7000 (telephone)  
(404) 881-7777 (facsimile)  
teresa.bonder@alston.com  
matthew.kent@alston.com  

*\*\*Counsel for Unimed Pharmaceuticals, LLC and Abbott Products, Inc. f/k/a Solvay Pharmaceuticals, Inc. in all actions except Walgreen Co. v. Unimed Pharmaceuticals, LLC, 1:09-cv-3019*

Rebecca Valentine*  
Mayer Brown LLP  
1909 K Street NW  
Washington, D.C. 20006  
202-263-3000 (telephone)  
202-263-3300 (facsimile)  
mryan@mayerbrown.com  
jroberti@mayerbrown.com  
rvalentine@mayerbrown.com  

Jeffrey I. Weinberger*  
Rohit K. Singla*  
Elisabeth J. Neubauer*  
Adam R. Lawton*  
Munger, Tolles & Olson LLP  
355 South Grand Avenue  
35th Floor  
Los Angeles, CA 90071  
(213) 683-9100 (telephone)  
(213) 683-5100 (facsimile)  
jeffrey.weinberger@mto.com  
rohit.singla@mto.com  
elisabeth.neubauer@mto.com  
adam.lawton@mto.com  

* Practicing pursuant to this Court's Initial Case Management Order

*Counsel for Unimed Pharmaceuticals, LLC and Abbott Products, Inc. f/k/a Solvay Pharmaceuticals, Inc.*

3

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel hereby certifies that the foregoing memorandum has been prepared in accordance with Local Rule 5.1 using Times New Roman 14 point font.

Respectfully submitted this 25th day of April 2011.

/s/ John Roberti
John Roberti *
Mayer Brown LLP
1909 K Street NW
Washington, D.C. 20006
202-263-3000 (telephone)
202-263-3300 (facsimile)

*Counsel for Unimed Pharmaceuticals, LLC and Abbott Products, Inc. f/k/a Solvay Pharmaceuticals, Inc*

* Practicing pursuant to this Court's Initial Case Management Order

# CERTIFICATE OF SERVICE

I hereby certify that I have this day filed a true and correct copy of **SOLVAY'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PRODUCE WITNESSES ON PATENT MERITS ISSUES FOR DEPOSITION; DECLARATION OF REBECCA VALENTINE; EXHIBIT INDEX TO VALENTINE DECLARATION; AND EXHIBITS A – C TO VALENTINE DECLARATION** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification and allow access to the filings to all counsel of record.

Date:  April 25, 2011

/s/ John Roberti
John Roberti *
Mayer Brown LLP
1909 K Street NW
Washington, D.C. 20006
202-263-3000 (telephone)
202-263-3300 (facsimile)

*Counsel for Unimed Pharmaceuticals, LLC and Abbott Products, Inc. f/k/a Solvay Pharmaceuticals, Inc*

* Practicing pursuant to this Court's Initial Case Management Order