# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE ANDROGEL ANTITRUST LITIGATION (II) | MASTER DOCKET NO. 1:09-MD-2084-TWT |
| ROCHESTER DRUG CO-OPERATIVE, INC., ET AL.,<br>   PLAINTIFF,<br>     V.<br>UNIMED PHARMACEUTICALS, LLC, ET AL.,<br>   DEFENDANTS. | CASE NO. 1:09-CV-956-TWT |
| LOUISIANA WHOLESALE DRUG CO., INC., ET AL.,<br>   PLAINTIFF,<br>     V.<br>UNIMED PHARMACEUTICALS, LLC, ET AL.,<br>   DEFENDANTS. | CASE NO. 1:09-CV-957-TWT |
| MEIJER, INC., ET AL.,<br>   PLAINTIFFS,<br>     V.<br>UNIMED PHARMACEUTICALS, LLC, ET AL.,<br>   DEFENDANTS. | CASE NO. 1:09-CV-958-TWT |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION *IN LIMINE* NO. 16 TO LIMIT LIVE TESTIMONY OF DEFENSE
WITNESSES UNAVAILABLE TO TESTIFY IN PLAINTIFFS' CASE-IN-CHIEF
AND TO PRECLUDE DEFENDANTS FROM PLAYING DEPOSITION CLIPS
DURING PLAINTIFFS' CASE-IN-CHIEF**

| | |
|---|---|
| **RITE AID CORPORATION, ET AL.,**<br>　　　　**Plaintiffs,**<br>　　　　　　v.<br>**UNIMED PHARMACEUTICALS, LLC, ET AL.,**<br>　　　　**Defendants.** | **CASE NO. 1:09-CV-2776-TWT** |
| **WALGREEN CO., ET AL.,**<br>　　　　**Plaintiffs,**<br>　　　　　　v.<br>**UNIMED PHARMACEUTICALS, LLC, ET AL.,**<br>　　　　**Defendants.** | **CASE NO. 1:09-CV-3019-TWT** |
| **SUPERVALU, INC.,**<br>　　　　**Plaintiff,**<br>　　　　　　v.<br>**UNIMED PHARMACEUTICALS, LLC, ET AL.,**<br>　　　　**Defendants.** | **CASE NO. 1:10-CV-1024-TWT** |

### 1. Motion to Exclude Live Testimony of Defendants' Witnesses Who Are Unavailable to Testify in Plaintiffs' Case-In-Chief.

The key factual testimony in support of Plaintiffs' claims will likely come from Defendants' current and former employees. Although Defendants have agreed to allow Plaintiffs to call some of its witnesses live during their case-in-chief, Plaintiffs expect that Defendants will call a significant number of live witnesses, including its current or former employees, at trial for its defense. Because none of the Defendants are headquartered in Georgia any longer, few, if any, of these witnesses can be compelled by Plaintiffs to appear at trial under the Court's subpoena power. Juries pay better attention to live witnesses and are notoriously bored by spliced video clips. Relegating Plaintiffs' presentation of evidence to assorted video depositions while Defendants offer live testimony compromises the fundamental fairness of the trial. As a matter of fairness, Plaintiffs should have the option to call defense witnesses live during their case-in-chief rather than relying on deposition testimony.

The Court has substantial discretion over the presentation of evidence at trial under Fed. R. Evid. 611(a), and district courts have repeatedly precluded

defendants from calling their own witnesses to testify live at trial after failing to produce those witnesses for the plaintiffs' cases-in-chief.[1]

In *R.B. Matthews, Inc. v. Transamerica Transportation Services, Inc.*, for example, the Ninth Circuit condemned the defendant's "gamesmanship" in refusing to produce live witnesses for plaintiffs' case-in-chief and affirmed the trial court's exclusion of live testimony during defendant's case.[2] The court reasoned that if the defendant "had truly wished to present the live testimony of [its] employees], it could have done so by making those witnesses available when [the

---

[1] See e.g. *Amgen Inc. v. F. Hoffman-La Roche Ltd., et al.*, No. 05-12237, 2007 WL 6335374 (D. Mass.August10, 2007) (pre-trial memorandum of defendant noting that this Court, in its pre-trial conference with the parties, "stated that an adverse party can call as a live witness in its case any witness identified to be called live by the other party.*")* *Buchwald v. Renco Grp., Inc.*, No. 13-cv- 7948, 2014 WL 4207113, at *1 (S.D. N.Y. Aug. 22, 2014) ("To prevent unfairness and avoid wasting time, numerous courts have held that a party may not limit a witness that the party intends to call at trial from testifying only during its own case in chief.") (collecting cases); *In re C.R. Bard, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:11-cv-00195, 2013 U.S. Dist. LEXIS 94121, at *6-7 (S.D. W. Va. July 5, 2013) (holding that it would be inequitable to permit a party to call a witness to testify live during its case-in-chief and then make the same witness unavailable to testify live for the opposing party); *Eolas Tech., Inc. v. Microsoft Corp.*, 270 F.Supp.2d 997, 1001 (N.D. Ill. 2003); *Niebur v. Cicero*, 212 F.Supp.2d 790, 806-807 (N.D. Ill. 2002).

[2] 945 F. 2d 269. 273 (9th Cir. 1991).

plaintiff] requested that they be produced."[3]  Similarly, in *Eolas Technologies, Inc. v. Microsoft Corp.*, the court granted a motion *in limine* requiring the defendant to make employees that it intended to call as defense witnesses available to testify during the plaintiff's case-in-chief.[4]  Either the witness is available to testify at trial or not.  To allow Defendants to present live witnesses to the jury while resigning Plaintiffs to spliced video clips would unfairly disadvantage Plaintiffs' ability to try their case.

Requiring live testimony also better serves the jury.  "[I]t is well recognized that live testimony is preferred over videotaped depositions or other means of presenting evidence."[5]  Live testimony better facilitates the jury's efforts to ascertain the truth, in part because jurors pay more attention to live witnesses.  As the District Court for the Western District of Louisiana has observed:

> [C]ontemporaneous transmission of live witness testimony will better allow the jury to more realistically see the live witness along with his hesitation, his doubts,

---

[3] *Id*.

[4] 270 F. Supp. 2d at 1001.

[5] *InfoMc, Inc. v. Comprehensive Behavioral Care, Inc.*, No. 10-cv-4907, 2012 WL 1114360, at *17 (E.D. Pa. Mar. 30, 2012) (collecting cases).

3

> his variations of language, his confidence or precipitancy, his calmness or consideration, without editing or the unavoidable esthetic distance created by a video deposition and, thus, more fully and better satisfy the goals of live, in-person testimony[.][6]

In *Traylor v. Husqvarna Motor*, the Seventh Circuit reviewed a case in which an expert's direct examination was conducted live, but the cross-examination was presented to the jury via video- tape.[7] Judge Posner, writing for the court, explained that such "'dual media' testimony is generally . . . a bad idea" because, as "common sense" dictates, "a living person generally conveys a stronger impression than does his [taped testimony]."[8]

Although Plaintiffs will have an opportunity to cross-examine Defendants' live witnesses, Plaintiffs are at a distinct disadvantage if forced to present their case-in-chief through snippets of video while Defendants present their case

---

[6] *In re Actos (Pioflitazone) Prods. Liab. Litig.*, No. 12-cv-00064, 2014 WL 107153, at *8 (W.D. La. Jan. 8, 2014) (internal quotation marks omitted).

[7] 988 F. 2d 729, 734 (7th Cir. 1993).

[8] *Id.*

through live witnesses.[9] This scenario would raise the same problems identified by Judge Posner, namely, that the live testimony offered on behalf of the defense will have "artificially greater salience" than the recorded testimony shown by Plaintiffs.[10] To make the trial "effective for the ascertainment of the truth,"[11] this sort of "thumb on the scale" should be prevented: Defendants' witnesses should be made available live for both parties or for neither.

This Court should use its inherent authority over the conduct of the trial to ensure a balanced and efficient presentation of the evidence by requiring that each Defendant make the witnesses it intends to call live in its case-in-chief also available in such manner to the Plaintiffs. If a witness for Defendants is available to testify at trial, then Defendants should make that witness available to Plaintiffs for their case-in-chief.

### 2. Motion to Preclude Defendants from Playing Deposition Clips during Plaintiffs' Case-In-Chief, Unless Testimony is Cross-Examination or Necessary for Completeness

---

[9] Plaintiffs would retain the right to proceed with the witness via live examination or deposition designations.

[10] *Traylor*, 988 F. 2d at 734.

[11] FED. R. EVID. 611(a)(1).

Plaintiffs respectfully request an order from this Court precluding Defendants from playing deposition testimony in the Plaintiffs' case-in-chief, except when such testimony represents proper cross-examination or is necessary for completeness.

Rule 32 of the Federal Rules of Civil Procedure addresses the use of deposition testimony at trial and provides: "If a party offers in evidence only part of a deposition, an adverse party may require the offer or to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts."[12]

As the cited language indicates, Defendants should be permitted to play clips from the same deposition, as required by "fairness" under the rule of completeness. Fed. R. Evid. 106. In this Circuit, "fairness" requires that the portions of the depositions Defendants can play in Plaintiffs' case-in-chief are those "relevant to an issue in the case *and* necessary to clarify or explain the portion [of the deposition] received." U.S. v. Range 94 F.3d 614, 620-621 (11th Cir. 1996)(emphasis added). Thus, any additional defense designations that are necessary to clarify the portions designated by Plaintiffs are permissible, but to

---

[12] Fed. R. Civ. P. 32(a)(6).

the extent that Defendants wish to explore topics that Plaintiffs did not explore with the witness, those clips should be played during Defendants' case-in- chief.

Defendants may seek carte blanche to play whatever they wish from any deposition, during the Plaintiffs' case-in-chief. The Court should reject this proposed approach and follow normal procedures for examination and cross-examination.

Under Federal Rule of Evidence 611, the scope of cross-examination "should not go beyond the subject matter of direct examination and matters affecting the witness's credibility."[13] The rule also states that the Court "may allow inquiry into additional matters as if on direct examination."[14] The Advisory Committee Notes state that the rule was changed to limit questioning to the scope of direct examination, in most situations. The committee stated its agreement with that change, noting that "the factors of insuring an orderly and predictable development of the evidence weigh in favor of the narrower rule, especially when discretion is given to the trial

---

[13] Fed. R. Evid. 611(b).

[14] *Id.*

7

judge to permit inquiry into additional matters."[15]   Thus, in treating depositions as the Court would treat a live witness, the Court should rarely use its discretion to allow further questioning outside the scope of direct examination.

These cases support Plaintiffs' request that during their case-in-chief, Defendants' cross- examination should be played only on those issues that were raised during direct examination. And, to the extent Defendants believe an answer has been unfairly truncated, it should be permitted to ask that the remainder of an answer be played.  But Defendants should not be permitted to essentially commandeer the Plaintiffs' case-in-chief by playing long stretches of testimony on issues not raised by the Plaintiffs in their case-in-chief.

Date: November 15, 2019

/s/ Chris Letter

| | |
|---|---|
| Kenneth S. Canfield | John Gregory Odom |
| Ga. Bar. No. 107744 | Stuart Des Roches |
| kcanfield@dsckd.com | Andrew Kelly |
| 1355 Peachtree Street, Suite 1600 | Dan Chiorean |
| Atlanta, GA 30309 | ODOM & DES ROCHES, LLC |
| Telephone; (404) 881-8900 | Poydras Center |
| Facsimile (404) 881-3007 | 650 Poydras Street, Suite 2020 |

---

[15] Fed. R. Evid. 611 (1974 Adv. Comm. Note to Subdivision (b)).

*Liaison Counsel for Direct Purchaser Plaintiffs*

Bruce E. Gerstein
Joseph Opper
Elena K. Chan
GARWIN GERSTEIN & FISHER LLP
88 Pine Street, 10th Floor
New York, NY 10005
Phone: (212) 398-0055
Fax: (212) 764-6620

*Counsel for Louisiana Drug Company, Inc.*

David P. Smith
Susan Segura
Erin Leger
SMITH SEGURA RAPHAEL
& LEGER LLP
221 Ansley Blvd.
Alexandria, LA 71303
Phone: (318) 445-4480
Fax: (318) 487-1741

*Counsel for Louisiana Wholesale Drug Company, Inc.*

Russell A. Chorush
HEIM PAYNE & CHORUSH LLP
1111 Bagby, Suite 2100

New Orleans, LA 70130
Phone: (504) 522-0077
Fax: (504) 522-0078

*Counsel for Louisiana Drug Company, Inc.*

David F. Sorensen
Ellen Noteware
Nick Urban
BERGER MONTAGUE PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103
Phone: (215)-875-4683
Fax: (215)-875-4604

*Counsel for Rochester Drug Co-operative, Inc.*

Peter Kohn
FARUQI & FARUQI, LLP
One Penn Center
1617 John F. Kennedy Boulevard
Suite 1550
Philadelphia, PA 19103
Phone: (215) 277-5770

*Counsel for Rochester Drug Co-operative, Inc.*

Scott E. Perwin
Lauren C. Ravkind
Anna T. Neill

9

Houston, TX 77002
Phone: (713) 221-2000
Fax: (713) 221-2021

*Counsel for Louisiana Drug Company, Inc.*

Joseph M. Vanek
David P. Germaine
Sperling & Slater, P.C.
55 W. Monroe St., 32nd Floor
Chicago, IL 60603
Phone: (312) 641-3200

*Counsel for Meijer, Inc. and Meijer Distribution, Inc.*

KENNY NACHWALTER P.A.
Four Seasons Tower
1441 Brickell Avenue, Suite 1100
Miami, FL 33131
Phone: (305) 373-1000
Fax: (305) 372-1861

*Counsel for Walgreen and Supervalu Plaintiffs*

Barry L. Refsin
Monica L. Kiley
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
Phone: (215) 496-7031

*Counsel for CVS and Rite Aid*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel hereby certifies that the foregoing has been prepared in accordance with Local Rule 5.1 using Times New Roman 14 point font.

Date: November 15, 2019                    /s/ Chris Letter

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2019 a true and accurate copy of the foregoing was filed electronically via CM/ECF in the United States District Court for the Northern District of Georgia, with notice of the same being electronically served by the Court to all counsel of record.

Date: November 15, 2019 /s/ Chris Letter