# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **IN RE ANDROGEL ANTITRUST LITIGATION (NO. II)** | **MASTER DKT. NO. 1:09–MD–2084–TWT**<br><br>**ALL CASES** |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE PERTAINING TO PRIOR PROCEEDINGS AND OTHER LAWSUITS AND SETTLEMENTS

Defendants move to exclude Plaintiffs from commenting on or introducing evidence pertaining to prior or unrelated lawsuits, settlements, or proceedings involving any Defendant or its affiliates.

## LEGAL STANDARD

"[E]vidence must be relevant to be admissible." *Riddle v. Tarpley*, 2018 WL 8198019, at *1 (N.D. Ga. Sept. 7, 2018); Fed. R. Evid. 402. But relevance alone does not ensure admissibility. Relevant evidence will still be excluded if its probative value is "substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In this context, unfair prejudice is an "undue tendency to suggest decision on an improper basis." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014) (quoting advisory committee note).

## ARGUMENT

Plaintiffs should be precluded from commenting on or introducing evidence regarding other cases or proceedings involving any Defendant or its affiliates under Rules 402 and 403. This includes the FTC's AndroGel investigation and litigation that was part of these MDL proceedings, the FTC's claims and judgment against AbbVie in *FTC v. AbbVie Inc.*, 2:14-cv-05151 (E.D. Pa. Sept. 8, 2014), and any

1

other proceedings against any Defendant. Evidence concerning these investigations and cases would be highly inflammatory and unfairly prejudicial.

### A. FTC Investigations, Litigations, and Settlements

As the Court is aware, all Defendants have settled with the FTC in the matter that was before this Court, and no determination of wrongdoing was made as to any Defendant. Evidence or argument relating to the FTC investigation, lawsuit, or settlements is not probative of any issue the jury must decide in this case, and any possible probative value is substantially outweighed by the risk of unfair prejudice.

Argument or evidence concerning the FTC action is unfairly prejudicial because, from the jury's perspective, government investigations may carry "'an aura of special reliability and trustworthiness.'" *City of New York v. Pullman Inc.*, 662 F.2d 910, 915 (2d Cir. 1981) (quoting *United States v. Fosher*, 590 F.2d. 381, 383 (1st Cir. 1979)). Such evidence invites jurors "to place more weight on the agency's findings than on their own." *Jo A. Yochum v. FJW Inv., Inc.*, 715 F. App'x 174, 178 (3d Cir. 2017).

The evidence also risks misleading the jury. This case is a private action where Plaintiffs must prove not only an antitrust violation but also causation and damages—not a government investigation or lawsuit that examines only whether

an antitrust violation has occurred.  "In antitrust cases, the FTC is held to a less stringent causation standard than private plaintiffs."  *Apotex, Inc. v. Cephalon, Inc.*, 255 F. Supp. 3d 604, 614 n.3 (E.D. Pa. 2017); *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1024 (N.D. Cal. 2007) (government investigation "carries no weight in pleading" civil antitrust claim).  Reference to the FTC investigation and litigation could therefore confuse the jury about the appropriate legal standard.  *See Stump v. Gates*, 211 F.3d 527, 536–37 (10th Cir. 2000) (grand jury report "risked misleading or confusing the trial jury").

For these reasons, courts have excluded references to FTC investigations, lawsuits and settlements in other antitrust cases.  For example, in *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, the court excluded any "reference to the FTC's investigation, lawsuit and settlement."  2016 WL 5928685, at *2 (E.D. Pa. Jan. 8, 2016).  Similarly, to the extent that Plaintiffs properly seek to admit statements made by defense witnesses or documents from the FTC investigation, the Court should order that Plaintiffs may only refer to those statements as "prior testimony" or "sworn testimony" and should "redact any mention or markings that could disclose the source" of the document.  *In re Lidoderm Antitrust Litig.*, 2018 WL 7814761, at *4 (N.D. Cal. Feb. 7, 2018).

3

For the same reasons, Plaintiffs should also be precluded from presenting evidence or argument relating to the *FTC v. AbbVie* matter. The FTC's claims in that case were only against one of the three Defendants here. The antitrust theories asserted were different than the theories asserted in this case. And that court's decision is on appeal to the Third Circuit. *See FTC v. AbbVie Inc.*, Dkt. Nos. 18-2621, 18-2748, 18-2758. All of the reasons to preclude references to the FTC's claims against Defendants in this Court apply with equal force to *FTC v. AbbVie*. That evidence would be not only extremely prejudicial to Defendants, but also confusing for the jury. *See, e.g., Harel v. KGM Indus. Co., Inc.*, 2013 WL 7868087, at *1 (S.D. Fla. Nov. 22, 2013) (excluding evidence of other patent litigation because "[s]uch evidence would detract from the merits of the case … [and] the probative value … is outweighed by the likelihood that such evidence will confuse the jury with regards to which companies and products are at issue during trial"). It would also open the door for a trial-within-a-trial on tangential issues because Defendants may then need to explain the merits of the *FTC v. AbbVie* case, how it is on appeal, and why it is different from the current case.

**B.     Other Unrelated Lawsuits, Investigations, and Proceedings.**

Evidence of other lawsuits or investigations against Defendants pertaining to other drugs should also be precluded. Such cases are unrelated to the agreements

at issue in this litigation. They are not probative of any issue in this case, and their introduction would confuse and mislead the jury.

*First*, lawsuits or investigations against a Defendant or its affiliates unrelated to the agreements at issue or settlements of those claims are irrelevant to Plaintiffs' claims. Courts regularly exclude as irrelevant evidence regarding prior litigations and investigations concerning unrelated disputes. As one court in this Circuit held, "Plaintiff may not introduce any evidence statement, or argument of any other claims, lawsuits or investigations regarding, or making reference to, other wage and hour lawsuits brought against [defendant]. Such evidence has no likelihood of proving any material fact[] relevant to Plaintiff's claims." *Khan v. H&R Block Eastern Enter. Inc.,* 2011 WL 4715201, at *1 (S.D. Fla. Oct. 5, 2011). *See also Rushing v. Wells Fargo Bank, N.A.*, 2012 WL 3155790, at *1 (M.D. Fla. Aug. 3, 2012) ("The Court agrees that evidence of other lawsuits is not normally relevant and not permitted."); *Irving v. Dish Network LLC*, 2013 WL 12317058, at *4 (N.D. Ga. July 22, 2013) (excluding evidence of other lawsuits against defendants because they "are not relevant to Plaintiff's claims").

*Second,* evidence of any lawsuit, investigation, proceeding or resolution of claims relating to some *other drug* especially has no probative value here. Courts routinely exclude evidence relating to other products not at issue in the litigation.

*See, e.g., In re Seroquel Prod. Liab. Litig.*, 2009 WL 223140 at *7 (M.D. Fla. Jan. 30, 2009), *aff'd,* 601 F. Supp. 2d 1313 (M.D. Fla. 2009) (excluding reference to a Corporate Integrity Agreement concerning a different drug because it was "irrelevant to Plaintiffs' claims in this case; its prejudice outweighs any potential probative value, wastes time, and will confuse the jury"). *See also, e.g., In re Richardson-Merrell, Inc. "Bendectin" Prods. Liab. Litig.*, 624 F. Supp. 1212, 1249 (S.D. Ohio 1985) (excluding evidence of misconduct regarding different drug); *In re Vioxx Prods. Liab. Litig.*, 2005 WL 3164254, at *1 (E.D. La. Nov. 21, 2005) (excluding evidence of pharmaceutical company's misconduct unrelated to drug at issue).

*Third*, even if evidence of unrelated litigations and settlements had some minimal probative value—which it does not—that value would be substantially outweighed by the risk of jury confusion and unfair prejudice to Defendants, requiring exclusion under Rule 403.  Argument or evidence concerning unrelated litigations and settlements would invite jurors to judge Defendants based not on facts relevant to the agreements at issue in this case, but rather on a perceived pattern of conduct stemming from Plaintiffs' unfounded representations about events not at issue.  Courts within this Circuit routinely bar evidence of prior litigations because such evidence "would likely confuse and mislead the jury . . .

and result in a waste of time and judicial resources.  Moreover, the minimal value, if any, of such proof is substantially outweighed by the risk of unfair prejudice." *Smith v. E-backgroundchecks.com, Inc.*, 2015 WL 11233453, at *2 (N.D. Ga. June 4, 2015).  See also *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 408–09 (5th Cir. 2004) (concluding that the district court "did not abuse its discretion by concluding that any probative value [the unrelated litigation] might hold was outweighed by its prejudicial and inflammatory nature and by its tendency to confuse the jury with tangential litigation"); *Yellow Bayou Plantation, Inc. v. Shell Chemical, Inc.*, 491 F.2d 1239, 1242–43 (5th Cir. 1974) (affirming district court's exclusion of list of prior lawsuits against defendant because evidence was "of such faint probative value and high potential for unfair prejudice").

## CONCLUSION

For the reasons discussed, Defendants respectfully request that the Court preclude Plaintiffs from commenting on or introducing evidence regarding other cases, settlements, or proceedings involving any Defendant of its affiliates.

Respectfully submitted this 15th day of November 2019.

<table>
<tr><td>

Teresa T. Bonder
Georgia Bar No. 703969
Matthew D. Kent
Georgia Bar No. 526272
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
teresa.bonder@alston.com
matthew.kent@alston.com

</td><td>

*/s/ Rohit K. Singla*
Rohit K. Singla*
Kyle W. Mach*
Adam R. Lawton*
Justin P. Raphael*
Joshua S. Meltzer*
Emily C. Curran-Huberty*
Ashley D. Kaplan*
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100 (telephone)
(213) 687-3702 (facsimile)
rohit.singla@mto.com
kyle.mach@mto.com
adam.lawton@mto.com
justin.raphael@mto.com
joshua.meltzer@mto.com
emily.curran-huberty@mto.com
ashley.kaplan@mto.com

* Practicing pursuant to this Court's
Initial Case Management Order

*Counsel for AbbVie Products LLC f/k/a Solvay Pharmaceuticals, Inc. and Unimed Pharmaceuticals LLC*

</td></tr>
</table>

| | |
|---|---|
| Seslee S. Smith<br>Georgia Bar No. 663377<br>MORRIS, MANNING & MARTIN LLP<br>3343 Peachtree Road, N.E.<br>Suite 1600 Atlanta Financial Center<br>Atlanta, GA 30326<br>(404) 233-7000 (telephone)<br>(404) 365-9532 (facsimile)<br>sss@mmmlaw.com | */s/ Paul M. Eckles*<br>Steven C. Sunshine*<br>Paul M. Eckles*<br>Julia K. York*<br>Ryan J. Travers*<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>1440 New York Ave., N.W.<br>Washington, D.C. 20005<br>(202) 371-7000 (telephone)<br>(202) 393-5760 (facsimile)<br>steven.sunshine@skadden.com<br>paul.eckles@skadden.com<br>julia.york@skadden.com<br>ryan.travers@skadden.com<br><br>* Practicing pursuant to this Court's Initial Case Management Order<br><br>*Counsel for Actavis, Inc. (n/k/a Allergan Finance, LLC)* |

| | |
|---|---|
| Michael J. King<br>Georgia Bar No. 421160<br>GREENBERG TRAURIG, LLP<br>Terminus 200, Suite 2500<br>3333 Piedmont Road, N.E.<br>Atlanta, GA  30305<br>(678) 553-2100 (telephone)<br>(678) 553-2212 (facsimile)<br>kingm@gtlaw.com | */s/ Heidi K. Hubbard*<br>Heidi K. Hubbard*<br>Benjamin M. Greenblum*<br>Samuel Bryant Davidoff*<br>Christopher A. Yeager*<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>(202) 434-5000 (telephone)<br>(202) 434-5029 (facsimile)<br>bgreenblum@wc.com<br>sdavidoff@wc.com<br>cyeager@wc.com<br><br>* Practicing pursuant to this Court's Initial Case Management Order<br><br>*Counsel for Defendants Par Pharmaceutical Inc./Par Pharmaceutical Companies, Inc. and Paddock Holdings LLC* |

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel hereby certifies that the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE PERTAINING TO PRIOR PROCEEDINGS AND OTHER LAWSUITS AND SETTLEMENTS** has been prepared in accordance with Local Rule 5.1 using Times New Roman 14 point font.

Respectfully submitted this 15th day of November 2019.

> */s/ Rohit K. Singla*
> Munger, Tolles & Olson LLP
> 560 Mission St., 27th Floor
> San Francisco, CA 94105
> (415) 512-4000 (Telephone)
> (415) 512-4077 (Facsimile)
> rohit.singla@mto.com
>
> \* Practicing pursuant to this Court's Initial Case Management Order
>
> *Counsel for AbbVie Products LLC f/k/a Solvay Pharmaceuticals, Inc. and Unimed Pharmaceuticals LLC*