IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| IN RE ANDROGEL ANTITRUST LITIGATION (NO. II) | MASTER DKT. NO. 1:09–MD–2084–TWT ALL CASES |
|---|---|

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION IN LIMINE NO. 2 TO PRECLUDE REFERENCE TO
<u>ABSENCE OF DEFENSE WITNESSES AT TRIAL</u>**

Defendants move to preclude Plaintiffs from commenting on or otherwise referencing the absence of defense witnesses at trial.

**LEGAL STANDARD**

"[E]vidence must be relevant to be admissible." *Riddle v. Tarpley*, 2018 WL 8198019, at *1 (N.D. Ga. Sept. 7, 2018); Fed. R. Evid. 402. But relevance alone does not ensure admissibility. Relevant evidence will still be excluded if its probative value is "substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In this context, unfair prejudice is an "undue tendency to suggest decision on an improper basis." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014) (quoting advisory committee note).

**ARGUMENT**

The Court should prohibit Plaintiffs, who have the burden of proof, from commenting at trial on the absence of defense witnesses. Such comments are unduly prejudicial and risk wrongly insinuating that Defendants are concealing information or somehow hindered Plaintiffs in gathering evidence—which is, of

1

course, untrue. *See, e.g.*, Ex. A[1], Minute Order, *Turner v. Lockheed Shipbuilding Co.*, Case No. 2:13-CV-01747 (W.D. Wash. Nov. 22, 2013), ECF No. 196, at 4 ("No comment shall be made about the failure to call a witness without advance permission of the Court, which shall be sought outside the presence of the jury."); *Whitehead ex rel. Whitehead v. K Mart Corp.*, 173 F. Supp. 2d 553, 561 (S.D. Miss. 2000) ("Plaintiffs' counsel also asked the jury, 'why didn't we . . . see someone from the national company come into this courtroom and try to explain their conduct. This court . . . gave a curative instruction stating that a defendant has no obligation to produce any witnesses . . . .").

It would be particularly improper for Plaintiffs to refer to the absence of witnesses here, where they have taken the videotaped depositions of more than 35 fact witnesses, some more than once. To the extent consistent with the Rules of Evidence, Plaintiffs may play portions of those videos at trial. *See* Fed. R. Civ. P. 32(a)(1) & (4). As a result, arguments to the jury concerning the absence of defense witnesses ignore the extensive discovery Defendants have provided to Plaintiffs in this case. Accordingly, the Court should preclude such references under Rules 402 and 403.

---

[1] All references to "Ex." are exhibits attached to the Declaration of Rohit K. Singla filed concurrently herewith, unless otherwise noted.

# CONCLUSION

For the reasons discussed, Defendants respectfully request that the Court preclude Plaintiffs from commenting on or otherwise referencing the absence of defense witnesses at trial.

Respectfully submitted this 15th day of November 2019.

| | |
|---|---|
| Teresa T. Bonder<br>Georgia Bar No. 703969<br>Matthew D. Kent<br>Georgia Bar No. 526272<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>(404) 881-7000 (telephone)<br>(404) 881-7777 (facsimile)<br>teresa.bonder@alston.com<br>matthew.kent@alston.com | */s/ Rohit K. Singla*<br>Rohit K. Singla*<br>Kyle W. Mach*<br>Adam R. Lawton*<br>Justin P. Raphael*<br>Joshua S. Meltzer*<br>Emily C. Curran-Huberty*<br>Ashley D. Kaplan*<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>(213) 683-9100 (telephone)<br>(213) 687-3702 (facsimile)<br>rohit.singla@mto.com<br>kyle.mach@mto.com<br>adam.lawton@mto.com<br>justin.raphael@mto.com<br>joshua.meltzer@mto.com<br>emily.curran-huberty@mto.com<br>ashley.kaplan@mto.com<br><br>* Practicing pursuant to this Court's Initial Case Management Order<br>*Counsel for AbbVie Products LLC f/k/a Solvay Pharmaceuticals, Inc. and Unimed Pharmaceuticals LLC* |

Seslee S. Smith
Georgia Bar No. 663377
MORRIS, MANNING & MARTIN LLP
3343 Peachtree Road, N.E.
Suite 1600 Atlanta Financial Center
Atlanta, GA 30326
(404) 233-7000 (telephone)
(404) 365-9532 (facsimile)
sss@mmmlaw.com

*/s/ Paul M. Eckles*
Steven C. Sunshine*
Paul M. Eckles*
Julia K. York*
Ryan J. Travers*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM
LLP
1440 New York Ave., N.W.
Washington, D.C. 20005
(202) 371-7000 (telephone)
(202) 393-5760 (facsimile)
steven.sunshine@skadden.com
paul.eckles@skadden.com
julia.york@skadden.com
ryan.travers@skadden.com

\* Practicing pursuant to this Court's Initial Case Management Order

*Counsel for Actavis, Inc. (n/k/a Allergan Finance, LLC)*

| | |
|---|---|
| Michael J. King<br>Georgia Bar No. 421160<br>GREENBERG TRAURIG, LLP<br>Terminus 200, Suite 2500<br>3333 Piedmont Road, N.E.<br>Atlanta, GA  30305<br>(678) 553-2100 (telephone)<br>(678) 553-2212 (facsimile)<br>kingm@gtlaw.com | */s/ Heidi K. Hubbard*<br>Heidi K. Hubbard\*<br>Benjamin M. Greenblum\*<br>Samuel Bryant Davidoff\*<br>Christopher A. Yeager\*<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>(202) 434-5000 (telephone)<br>(202) 434-5029 (facsimile)<br>bgreenblum@wc.com<br>sdavidoff@wc.com<br>cyeager@wc.com<br><br>\* Practicing pursuant to this Court's Initial Case Management Order<br><br>*Counsel for Defendants Par Pharmaceutical Inc./Par Pharmaceutical Companies, Inc. and Paddock Holdings LLC* |

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel hereby certifies that the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 2 TO PRECLUDE REFERENCE TO ABSENCE OF DEFENSE WITNESSES AT TRIAL** has been prepared in accordance with Local Rule 5.1 using Times New Roman 14 point font.

Respectfully submitted this 15th day of November 2019.

*/s/ Rohit K. Singla*
Munger, Tolles & Olson LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
(415) 512-4000 (Telephone)
(415) 512-4077 (Facsimile)
rohit.singla@mto.com

\* Practicing pursuant to this Court's Initial Case Management Order

*Counsel for AbbVie Products LLC f/k/a Solvay Pharmaceuticals, Inc. and Unimed Pharmaceuticals LLC*