## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE ANDROGEL ANTITRUST LITIGATION (II) | **CASE NO. 1:09-MD-2084-TWT**<br><br>**PRETRIAL CONFERENCE REQUESTED** |
| **ROCHESTER DRUG CO-OPERATIVE, INC., ET AL.,**<br>        Plaintiff,<br>                    v.<br>**UNIMED PHARMACEUTICALS, LLC, ET AL.,**<br>        Defendants. | **CASE NO. 1:09-CV-956-TWT** |
| **LOUISIANA WHOLESALE DRUG CO., INC., ET AL.,**<br>        Plaintiff,<br>                    v.<br>**UNIMED PHARMACEUTICALS, LLC, ET AL.,**<br>        Defendants. | **CASE NO. 1:09-CV-957-TWT** |
| **MEIJER, INC., ET AL.,**<br>        Plaintiffs,<br>                    v.<br>**UNIMED PHARMACEUTICALS, LLC, ET AL.,**<br>        Defendants. | **CASE NO. 1:09-CV-958-TWT** |

## CONSOLIDATED PRETRIAL ORDER

| | |
|---|---|
| **RITE AID CORPORATION, ET AL.,** | |
| Plaintiffs, | |
| v. | **CASE NO. 1:09-CV-2776-TWT** |
| **UNIMED PHARMACEUTICALS, LLC, ET AL.,** | |
| Defendants. | |
| **WALGREEN CO., ET AL.,** | |
| Plaintiffs, | |
| v. | **CASE NO. 1:09-CV-3019-TWT** |
| **UNIMED PHARMACEUTICALS, LLC, ET AL.,** | |
| Defendants. | |
| **SUPERVALU, INC.,** | |
| Plaintiff, | |
| v. | **CASE NO. 1:10-CV-1024-TWT** |
| **UNIMED PHARMACEUTICALS, LLC, ET AL.,** | |
| Defendants. | |

1.      **Pending motions**

The following motions are currently pending for consideration by the Court:

- Defendants' Motion to Strike Supplemental Expert Report of Einer Elhauge (Dkt. No. 1833)

- Plaintiffs' Motion to Bifurcate (Dkt. No. 1848)

- The parties have filed motions *in limine* and *Daubert* motions concurrently with this Pretrial Order.

The parties have agreed not to refer at trial to the fact that documents are stamped confidential or highly confidential or ask a witness why a document has been redacted.  The parties further agree not to offer evidence or argument concerning (a) any party's current size, current financial condition, current ability to pay, current executive compensation, or current legal expenditures (including rates, size of firm, total fees); (b) the effect of a damages award in this case on defendants, consumers, patients, drug prices, or the pharmaceutical industry; (c) opioids, any opioid-related litigation, or the opioid crisis; and (d) any reference to the letter produced by the FTC at FTC-955-00003429.

The parties reserve the right to file additional trial briefs concerning evidentiary questions or other legal issues that arise during these proceedings.

2.      **Discovery status**

All discovery is complete with the exception of the following.  Defendants have reserved the right to depose Plaintiffs' expert Einer Elhauge regarding his

Supplemental Report in the event that the Court denies Defendants' Motion to strike that report (Dkt. No. 1833).  Defendants also anticipate serving supplemental expert reports by Thanksgiving responding to the supplemental expert reports that Plaintiffs were granted leave to serve.  Plaintiffs' position is that they may seek depositions as to those supplemental reports, although Plaintiffs believe the reports are late under Rule 26(e)(2) and may seek other relief after the reports are actually served.  Plaintiffs may seek depositions for the preservation of evidence and for use at trial if good cause for such depositions arises; and/or depositions of custodians of records to address objections to admissibility of evidence if such objections cannot be resolved by agreement.

3.     **Party names**

**Plaintiffs' Position**:      Louisiana Wholesale Drug Company, Inc.; Meijer Inc.; Meijer Distribution Inc.; Rochester Drug Co-Operative Inc.; American Sales Company, Inc. n/k/a American Sales Company, LLC; Caremark LLC; CVS Pharmacy, Inc.; Eckerd Corporation; HEB Grocery Company, LP n/k/a H-E-B, LP; JCG (PJC) USA, LLC; Maxi Drug, Inc. d/b/a Brooks Pharmacy; Rite Aid Corporation; Rite Aid Hdqtrs Corp.; Safeway Inc.; Supervalu Inc. n/k/a United Natural Foods, Inc. Walgreen Co.

Plaintiffs on November 5, 2019, filed a brief addressing trial structure and

scheduling in the event of transfer of *King Drug Company of Florence, Inc. v. Abbott Laboratories,* 2:19-cv-03565-HB (E.D. Pa.) ("*King Drug*") to this Court.[1] Plaintiffs believe, *inter alia*, that Defendants have effectively consented to the assignees litigating separately and have opposed transfer on a number of grounds. Defendants brief on the effect of transfer, or not, is due Nov. 19, 2019.

**Defendants' Position:** Solvay Pharmaceuticals Inc. (n/k/a AbbVie Products LLC); Unimed Pharmaceuticals, Inc. (n/k/a Unimed Pharmaceuticals LLC); Actavis, Inc. (f/k/a Watson Pharmaceuticals, Inc.; n/k/a Allergan Finance, LLC); Par Pharmaceutical Inc./Par Pharmaceutical Companies, Inc.; Paddock Holdings LLC.  The assignors of the some of the Plaintiffs' claims, specifically AmerisourceBergen Corp., AmerisourceBergen Drug Corp., Belko Drug Co., H.D. Smith, LLC, Cardinal Health, Inc., The Harvard Drug Group, L.L.C., McKesson Corporation, and FWK Holdings, LLC, have filed claims in the Eastern District of Pennsylvania.  Defendants have moved to transfer those claims to this Court.  If the Eastern District of Pennsylvania denies that motion, then Defendants believe that there may be a question as to joinder of the assignors of Plaintiffs' claims because claims of assignors and assignees cannot be tried separately over

---

[1] *See* Plaintiffs' Submission Concerning the Impact of the Retailer Plaintiffs' Settlements and the Pending Motion to Transfer the *King Drug* Case to this Court (Dkt. No. 1847).

Defendants' objection.  *See In Re Fine Paper Litig. State of Wash.*, 632 F.2d 1081, 1091 (3d. Cir. 1980).

## 4.     Jurisdiction

The parties are not contesting subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337(a).  The parties further are not contesting personal jurisdiction over each Defendant for purposes of this action.

## 5.     Lead counsel

The following attorneys are designated lead counsel for the parties:

For Direct Purchaser Plaintiffs:

| | |
|---|---|
| Bruce E. Gerstein | David F. Sorensen |
| Garwin Gerstein & Fisher LLP | Berger Montague PC |
| 88 Pine Street | 1818 Market Street |
| 10th Floor | Suite 3600 |
| New York, NY 10005 | Philadelphia, PA 19103 |
| Tel: (212) 398-0055 | Tel: (215) 875-4683 |

For Plaintiffs Walgreen Co., Safeway Inc., American Sales Company, Inc., HEB Grocery Company LP and SuperValu:

Scott E. Perwin
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4327
Telephone: (305) 373-1000

For Plaintiffs Rite Aid Corporation, Rite Aid Hdqtrs. Corp., and JCG (PJC) USA, LLC, Maxi Drug, d/b/a Brooks Pharmacy, Eckerd Corporation, CVS Pharmacy,

Inc., Caremark, L.L.C.:

> Barry L. Refsin
> Hangley Aronchick Segal Pudlin & Schiller
> One Logan Square, 27th Floor
> Philadelphia, PA 19103
> Telephone: (215) 568-6200

Defendants Solvay Pharmaceuticals and Unimed Pharmaceuticals:

> Rohit Singla
> Munger, Tolles & Olson LLP
> 560 Mission Street, 27th Floor
> San Francisco, CA 94105
> Tel: 415-512-4032

Defendant Actavis, Inc. (n/k/a Allergan Finance, LLC):

> Paul M. Eckles
> Skadden, Arps, Slate, Meagher & Flom LLP
> 4 Times Square
> New York, NY 10036
> Tel: 212-735-2578

Defendants Par Pharmaceutical Inc./Par Pharmaceutical Companies, Inc.
Paddock Holdings LLC:

> Heidi K. Hubbard
> Williams & Connolly LLP
> 725 Twelfth Street, N.W.
> Washington, D.C. 20005
> Tel: 202-434-5000

## 6.    Opening and closing arguments

The parties request opening and closing arguments.

**7.      Fact finder**

This case shall be tried to a jury.

**8.      Bifurcated trial**

**Plaintiffs' Position:** Plaintiffs have moved, pursuant to Federal Rule of Civil Procedure 42(b), to bifurcate the trial into two phases (Dkt. No. 1848).  If granted, the first phase will determine whether Defendants violated Section 1 of the Sherman Act, 15 U.S.C. § 1 which prohibits restraints of trade. Assuming a violation is found, the second phase will determine whether that violation delayed the entry of generic AndroGel and will quantify Plaintiffs' overcharge damages resulting from that delay.

**Defendants' Position:** At the August 21, 2019 status conference, this Court told Plaintiffs that they would have to file a motion if they want to bifurcate the trial; Plaintiffs first filed a motion seeking such relief on November 8, 2019, and Defendants will timely respond.  Defendants also may address their position on the structure of the trial in their submission pursuant to the Court's order at the October 22, 2019 status conference.

**9.      Questions for jurors regarding qualifications**

Defendants' Proposed Questions Regarding Juror Qualifications are attached as Attachment "A."

-8-

**10.    Voir dire questions for jurors**

Attached hereto as Attachment "B-1" are the general questions which Plaintiffs wish to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which Defendants wish to be propounded to the jurors on voir dire examination.

**11.    Objections to voir dire questions**

Plaintiffs object to Defendants' proposed questions as follows:  6, 7, 9, 13, 14, 18, 27 as overly intrusive, irrelevant and burdensome; 19, 20, 21, 23, 24, 26, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40 as irrelevant, confusing and potentially prejudicial.

Defendants object to Plaintiffs' proposed questions 14-17 as follows:  These questions are argumentative, imply facts, and make representations about the case rather than standing as neutral inquiries.  "[T]here is no requirement that the court propound argumentative questions on voir dire," and Plaintiffs are "not . . . entitled to test jurors on their capacity to accept [their] theory of the case'" *United States v. Toomey*, 764 F.2d 678, 682 (9th Cir. 1985).  *See also United States v. Evans*, 542 F.2d 805, 813 (10th Cir. 1976) (affirming exclusion of voir dire questions that were "argumentative"); *U.S. v. DePugh*, 452 F.2d 915, 921 (10th Cir. 1971), cert. denied, 407 U.S. 920, 92 S. Ct. 2452, 32 L. Ed. 2d 805 (1972) ("The court is not required to propound questions which are argumentative, cumulative, or

-9-

tangential."); *LaMar v. Ishee*, 2010 WL 5574467, at *26 (S.D. Ohio July 30, 2010) ("[A]rgumentative … questions are never appropriate in *voir dire."*); *City of Cleveland v. Cleveland Elec. Illuminating Co.*, 538 F. Supp. 1240, 1247 (N.D. Ohio 1980) ("[A] properly conducted voir dire examination aspires to identify bias and prejudice, not to implant it. To facilitate the impaneling of an impartial jury then, it is often incumbent upon the trial court to disallow 'unnecessary and argumentative examination.'") (quoting United States v. Anderson, 562 F.2d 394, 398 (6th Cir. 1977).

## 12.   Jurors and peremptory challenges

Given the number of parties and the complexity of the issues, the parties respectfully request one peremptory challenge in addition to those allowed by 28 U.S.C. § 1870.

Plaintiffs propose that the Court seat 8 jurors and no alternates.

Given the length of trial, Defendants respectfully suggest that it would be safer to seat 9-10 jurors than the 8 suggested by Plaintiffs.

**13.    Pending related litigation**

<u>**Plaintiffs' Position**</u>:        As the Court is aware,[1] Defendants have moved to transfer a case pending in the Eastern District of Pennsylvania, *King Drug Company of Florence, Inc. v. Abbott Laboratories,* 2:19-cv-03565-HB (E.D. Pa.) ("*King Drug*") to this Court.

*King Drug* includes claims and defendants that have never been part of this case, including that (1) AbbVie and Besins (which is not a defendant in this case) [2]  initiated sham patent infringement lawsuits against generic competitors Teva[3] and Perrigo in 2011 in order to block the market entry of Teva's and Perrigo's lower priced generic AndroGel products as part of AbbVie's overarching scheme to unlawfully maintain its AndroGel monopoly; and (2) AbbVie then entered into an additional reverse payment agreement with Teva (which is also not a defendant here) in 2011 to further delay generic competition.

---

[1] *See* Plaintiffs' Submission Concerning the Impact of the Retailer Plaintiffs' Settlements and the Pending Motion to Transfer the *King Drug* Case to this Court (Dkt. No. 1847), for a more complete description of *King Drug*.

[2] Besins Healthcare, Inc. (f/k/a Laboratoires Besins-Iscovesco and Besins-Iscovesco U.S., Inc.) is a defendant in *King Drug* but not here.

[3] Teva Pharmaceuticals USA, Inc. is a defendant in *King Drug* but not here.

In a case brought by the Federal Trade Commission,[4] Judge Bartle issued a summary judgment ruling that AbbVie's and Besins's lawsuits against Teva and Perrigo alleging patent infringement were objectively baseless.[5]  Later, after a 16-day bench trial, the court ordered AbbVie and Besins to disgorge $448 million in unlawful profits to the FTC.[6]  As to AbbVie's and Besins's objectively baseless lawsuits against Perrigo and Teva, Judge Bartle found that the decision makers for AbbVie and Besins were all "very experienced patent attorneys" and:

> We find by clear and convincing evidence that these attorneys had actual knowledge that the infringement lawsuits they initiated in 2011 against Teva . . . and against Perrigo . . . were baseless and that they acted in bad faith.  The only reason for the filing of these lawsuits was to impose expense and delay on Teva and Perrigo so as to block their entry into the TTRT [transdermal testosterone replacement therapies] market with lower price generics and to delay defendants' impending loss of hundreds of millions of dollars in AndroGel sales and profits.  They had no expectation of prevailing in the lawsuits.  All the findings concerning subject[ive] intent are by clear and convincing evidence.  The actions and intent of these AbbVie and Besins attorneys, of course, are binding on the defendants.[7]

---

[4] *FTC v. AbbVie Inc.*, No 2:14-cv-05151-HB (E.D. Pa.) ("FTC action") (currently before the Third Circuit on appeal at Nos. 18-2621, 18-2748, 18-2758 (3d. Cir.)).

[5] *See FTC v. AbbVie Inc.*, Civil Action No. 14-5151, 2017 WL 4098688 (E.D. Pa. Sept. 15, 2017).

[6] *See FTC v. AbbVie Inc.*, 329 F. Supp. 3d 98, 143 (E.D. Pa. 2018).

[7] *Id.* at 126-27 (citation omitted).

In addition to *King Drug*, *Rochester Drug Cooperative, Inc., et al. v. AbbVie, Inc., et al.*, No. 2:18-cv-2804 (E.D. Pa.) -- which Defendants did not move to transfer to this Court and which has been stayed pending resolution of the appeal in *FTC v. AbbVie* -- has been filed in the Eastern District of Pennsylvania.[1]

**Defendants' Position**:    Defendants contend the following cases may also be related:

> *Value Drug Co. v. AbbVie Inc.*, No. 18-cv-2804 (E.D. Pa.)
> *King Drug Co. of Florence*, et al. *v. Abbott Laboratories* et al., No. 2:19-cv-03565-HB (E.D. Pa)
>
> *Giant Eagle, Inc. v. Solvay Pharm., Inc. et al.*, No. 15-00605 (W.D. Pa.)

## 14. Outline of Plaintiffs' case

Attachment C contains Plaintiffs' outline of the case.

## 15. Outline of Defendants' case

Attachment D contains Defendants' outline of the case.

## 16. Stipulated facts

Attachment E contains the facts stipulated by the parties.  No further evidence will be required as to the facts contained in the stipulation, and the stipulation may be read into evidence at the beginning of the trial or at such other

---

[1] In addition, *CVS Pharmacy, Inc., et al. v. AbbVie, Inc., et al.*, No. 2:18-cv-3495-HB (E.D. Pa.) and *Walgreen Co., et al. v. AbbVie, Inc., et al.*, No. 2:18-cv-3494-HB (E.D. Pa.), which were not subject to transfer motions, were both voluntarily dismissed on April 29, 2019.

time as is appropriate in the trial of the case. The parties reserve the right to submit

additional stipulations.

**17.    Legal issues to be tried**

   <u>**Plaintiffs' Position:**</u>  Plaintiffs believe that the legal issues to be tried are as

follows:

   1.    Whether Solvay made an anticompetitive reverse payment to Watson.

   2.    Whether Solvay made an anticompetitive reverse payment to Par/Paddock.

   3.    The hypothetical but-for generic entry dates absent any anticompetitive reverse payments found by the jury.

   4.    The total overcharges to Plaintiffs caused by any anticompetitive reverse payments found by the jury.

   <u>**Defendants' Position:**</u>    Defendants believe that the legal issues to be tried

are as follows:

   1.    Whether Solvay made a large and unexplained payment to Watson in connection with their settlement of patent litigation.

   2.    Whether the Solvay-Watson settlement was unreasonably anticompetitive, i.e., that its anticompetitive effects substantially outweighed any procompetitive justifications.

   3.    Whether Solvay made a large and unexplained payment to Par and Paddock in connection with their settlement of patent litigation.

   4.    Whether the Solvay-Par/Paddock settlement was unreasonably anticompetitive, i.e., that its anticompetitive effects substantially outweighed any procompetitive justifications.

   5.    Whether Solvay exercised market power within the relevant market.

-14-

6.  Whether, absent settlement, Watson could and would have lawfully (that is, without infringing any valid patent) launched an FDA-approved generic version of AndroGel before August 31, 2015.

7.  Whether, absent settlement, Par/Paddock could and would have lawfully (that is, without infringing any valid patent) launched an FDA-approved generic version of AndroGel before August 31, 2015.

8.  What is the amount of damages, if any, that each of the named Plaintiffs proved that they suffered.

## 18. Trial witnesses

Attachment F-1 for Plaintiffs and Attachment F-2 for Defendants are lists of the parties' respective witnesses and their addresses, including a reasonable specific summary of the expected testimony of each expert witness.

All parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given fourteen (14) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.

Witnesses who are not included on the witness list (including expert, impeachment, and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.

Counsel anticipate that depending upon a number of factors, including the outcome of pending motions, certain witnesses identified in Attachments F-1 or F-

2 may testify by deposition designation in lieu of testifying live at trial.

**19.     Documentary and physical evidence and objections**

Attachment G-1 for Plaintiffs and Attachment G-2 for Defendants are lists of all documentary and physical evidence that may be tendered by the parties at trial.

The Protective Order contemplates that "[f]urther procedures for the handling of Confidential and Highly Confidential information shall be addressed in a final pretrial order," (Dkt. No. 138 at 18, 1:09-cv-00956-TWT (Dec. 23, 2009)). Plaintiffs propose that any party seeking to seal an exhibit from public disclosure shall identify the exhibit, and the basis for sealing, no later than 14 days prior to the first day of trial, and that disputes about sealing of exhibits shall be addressed at trial in advance of opening arguments.  Defendants believe that making sealing decisions 14 days prior to trial may not be feasible, and will be inefficient, given that decisions on which evidence to introduce will depend on which evidence Plaintiffs introduce in their case.

Specific objections to each party's exhibits are listed separately and attached to the exhibit list of the party against whom the objections are raised.

**Plaintiffs' Position:**  Plaintiffs have not listed all documents to be used for impeachment purposes or cross examination or rebuttal that are not intended to be offered into evidence at this time

Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

**Defendants' Position:**   Defendants' position is that Plaintiffs may not introduce documents not listed on their exhibit list at this time, including on cross-examination or rebuttal.  Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity except to the extent that any party's absence by the time of trial renders such exhibit inadmissible or in the event that changed circumstances give rise to an objection that was not previously available.  Defendants further object to the admission of any document as an exhibit at trial to the extent a proper foundation has not been laid for its admissibility, including as required by Federal Rule of Evidence 104.  Each Defendant reserves the right to rely on another Defendants' objections.

## 20.    Testimony by deposition

Attachment H-1 for the Plaintiffs and Attachment H-2 for Defendants are designated portions of the testimony of persons that may be introduced by deposition.

Objections and counter-designations to the depositions of the witnesses identified in Attachment H-1 or Attachment H-2 and to any questions or answers in the depositions are also provided in those attachments. Counsel anticipate that depending upon a number of factors, including the outcome of pending motions, certain witnesses identified in Attachments H-1 or H-2 may testify live at trial in lieu of testifying by deposition designation. The parties also anticipate further narrowing the designations to be played at trial, subject to the availability of live witnesses, continued attempts to meet and confer, and other developments at trial.

**Defendants' Position:** Objections and counter-designations to the depositions of the witnesses identified in Attachment H-1 or Attachment H-2 and to any questions or answers in the depositions are also provided in Attachments H-1 and H-2, respectively. Objections not identified in this manner will be deemed waived or abandoned, except to the extent that any party's absence by the time of trial renders such testimony inadmissible or in the event that changed circumstances give rise to an objection that was not previously available.

## 21.   Trial briefs

The parties agree that trial briefs about specific evidentiary or other legal issues are not necessary at this time. The parties respectfully request the Court's

leave to file trial briefs concerning any evidentiary questions or other legal issues should the need arise before trial.

## 22.  Requests for charge in jury trial

The parties will prepare requests to charge pursuant to LR 51.1(A) and exchange those requests on January 10, 2020 pursuant to the Court's Scheduling Order (Dkt. No. 1830).

## 23.  Proposed verdict form

The parties respectfully request the Court's leave to exchange proposed verdict forms on January 10, 2020 along with proposed jury instructions, pursuant to the Court's Scheduling Order.  The parties further respectfully request leave to file proposed verdict forms at any time thereafter that the Court orders; if the Court denies such leave, then the parties will submit an amended proposed pre-trial order with proposed verdict forms as soon as possible.

## 24.  Argument time

The parties respectfully suggest 90 minutes per side for openings and two hours for closings.

Defendants respectfully suggest that each of the following groups of Defendants each have a minimum of one-third of the allotted time: (1) Solvay / Unimed; (2) Actavis; and (3) Par/Paddock.  Each Defendant may yield part of its time in opening and closing to any other Defendant.

-19-

**25.   Proposed findings of fact and conclusions of law**

Not applicable.

**26.   Settlement**

Pursuant to LR 16.3, lead counsel possessing settlement authority to bind the parties previously met in person on December 12, 2017 to discuss in good faith the possibility of settlement. The Court has not yet discussed settlement of this case with counsel.  The parties are willing to discuss settlement.

**27.   Request for special setting**

No party requests a special setting for this case.

**28.   Estimates of time to present evidence**

Plaintiffs estimate that they will require 50 hours to present evidence in their case in chief, including cross examining overlapping witnesses disclosed by both parties.  Plaintiffs also anticipate presenting rebuttal.

Defendants believe that each side should be given 35-38 hours to present their evidence. Defendants observe that both sides' witness lists currently disclose more witnesses than either party is likely to call at trial, and that the parties will continue to refine their witness lists prior to trial.

**29.   Order**

IT IS HEREBY ORDERED that the above constitutes the pretrial order for

the above captioned case submitted by stipulation of the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform to this pretrial order. This pretrial order shall not be amended except by Order of the Court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the Court, unless specifically authorized in writing by the Court.

IT IS SO ORDERED this _____ day of _____, 20_____.

_____

Thomas W. Thrash, Jr.
UNITED STATES DISTRICT JUDGE

-21-

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this Court.

Date:  November 15, 2019

By: ___/s/ *Kenneth S. Canfield*_____

Kenneth S. Canfield
Ga. Bar. No. 107744
1355 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone; (404) 881-8900
Facsimile (404) 881-3007
kcanfield@dsckd.com

Liaison Counsel for Direct Purchaser
Plaintiffs

Bruce E. Gerstein
Joseph Opper
Elena K. Chan
GARWIN GERSTEIN & FISHER LLP
88 Pine Street, 10th Floor
New York, NY 10005
Phone: (212) 398-0055
Fax: (212) 764-6620

Counsel for Louisiana Wholesale Drug
Company, Inc.

David F. Sorensen
Ellen Noteware
Nick Urban
BERGER MONTAGUE PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103
Phone: (215)-875-4683
Fax: (215)-875-4604

Counsel for Rochester Drug Co-
operative, Inc.

David P. Smith
Susan Segura
Erin Leger

Peter Kohn
FARUQI & FARUQI, LLP
One Penn Center

SMITH SEGURA RAPHAEL &
LEGER LLP
221 Ansley Blvd.
Alexandria, LA 71303
Phone: (318) 445-4480
Fax: (318) 487-1741

Counsel for Louisiana Wholesale Drug
Company, Inc.

John Gregory Odom
Stuart Des Roches
Andrew Kelly
Chris Letter
Dan Chiorean
ODOM & DES ROCHES
Poydras Center
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Phone: (504) 522-0077
Fax: (504) 522-0078

Counsel for Louisiana Wholesale Drug
Company, Inc.

Russell A. Chorush
HEIM PAYNE & CHORUSH LLP
1111 Bagby, Suite 2100
Houston, TX 77002
Phone: (713) 221-2000
Fax: (713) 221-2021

1617 John F. Kennedy Boulevard
Suite 1550
Philadelphia, PA 19103
Phone: (215) 277-5770

Counsel for Rochester Drug Co-
operative, Inc.

Scott E. Perwin
Lauren C. Ravkind
Anna T. Neill
KENNY NACHWALTER P.A.
Four Seasons Tower
1441 Brickell Avenue, Suite 1100
Miami, FL 33131
Phone: (305) 373-1000
Fax: (305) 372-1861

Counsel for Walgreen and Supervalu
Plaintiffs

Barry L. Refsin
Monica L. Rebuck
HANGLEY ARONCHIK SEGAL
PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
Phone: (215) 496-7031

Counsel for CVS and Rite Aid

Counsel for Louisiana Wholesale Drug
Company, Inc.

Joseph M. Vanek
David P. Germaine
SPERLING & SLATER
Phone: (312) 445-4941
Fax: (312) 641-6492

Counsel for Meijer, Inc. and Meijer
Distribution, Inc.

Scott E. Perwin
Lauren Ravkind
KENNY NACHWALTER, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

Counsel for Walgreen Co., Safeway
Inc., American Sales Company, Inc.,
HEB Grocery Company LP, and
SuperValu.

Barry L. Refsin
brefsin@hangley.com
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone: (215) 568-6200
Facsimile: (215) 568-0300

Counsel for Rite Aid and CVS

Teresa T. Bonder
Georgia Bar No. 703969
Matthew D. Kent
Georgia Bar No. 526272
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
teresa.bonder@alston.com
matthew.kent@alston.com

*/s/ Rohit K. Singla*
Rohit K. Singla*
Kyle W. Mach*
Adam R. Lawton*
Justin P. Raphael*
Joshua S. Meltzer*
Emily C. Curran-Huberty*
Ashley D. Kaplan*
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100 (telephone)
(213) 687-3702 (facsimile)
jeffrey.weinberger@mto.com
rohit.singla@mto.com
kyle.mach@mto.com
adam.lawton@mto.com
justin.raphael@mto.com
joshua.meltzer@mto.com
emily.curran-huberty@mto.com
ashley.kaplan@mto.com

* Practicing pursuant to this Court's
Initial Case Management Order

*Counsel for AbbVie Products LLC f/k/a
Solvay Pharmaceuticals, Inc. and Unimed
Pharmaceuticals LLC*

Seslee S. Smith
Georgia Bar No. 663377
MORRIS, MANNING & MARTIN LLP
3343 Peachtree Road, N.E.
Suite 1600 Atlanta Financial Center
Atlanta, GA 30326
(404) 233-7000 (telephone)
(404) 365-9532 (facsimile)
sss@mmmlaw.com

*/s/ Paul M. Eckles*
Steven C. Sunshine*
Paul M. Eckles*
Julia K. York*
Ryan J. Travers*
SKADDEN,        ARPS,        SLATE,
MEAGHER & FLOM
LLP
1440 New York Ave., N.W.
Washington, D.C. 20005
(202) 371-7000 (telephone)
(202) 393-5760 (facsimile)
steven.sunshine@skadden.com
paul.eckles@skadden.com
julia.york@skadden.com
ryan.travers@skadden.com

* Practicing pursuant to this Court's
Initial Case Management Order

*Counsel for Actavis, Inc. (n/k/a Allergan
Finance, LLC)*

Michael J. King
Georgia Bar No. 421160
GREENBERG TRAURIG, LLP
Terminus 200, Suite 2500
3333 Piedmont Road, N.E.
Atlanta, GA  30305
(678) 553-2100 (telephone)
(678) 553-2212 (facsimile)
kingm@gtlaw.com

*/s/ Heidi S. Hubbard*
Heidi K. Hubbard*
Benjamin M. Greenblum*
Samuel Bryant Davidoff*
Christopher A. Yeager*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)
bgreenblum@wc.com
sdavidoff@wc.com
cyeager@wc.com

* Practicing pursuant to this Court's
Initial Case Management Order

*Counsel for Defendants Par
Pharmaceutical Inc./Par
Pharmaceutical Companies, Inc. and
Paddock Holdings LLC*