# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE ANDROGEL ANTITRUST LITIGATION (II) | MASTER DOCKET NO. 1:09-MD-2084-TWT |
| ROCHESTER DRUG CO-OPERATIVE, INC., ET AL.,<br>Plaintiff,<br>v.<br>UNIMED PHARMACEUTICALS, LLC, ET AL.,<br>Defendants. | Case No. 1:09-CV-956-TWT |
| LOUISIANA WHOLESALE DRUG CO., INC., ET AL.,<br>Plaintiff,<br>v.<br>UNIMED PHARMACEUTICALS, LLC, ET AL.,<br>Defendants. | Case No. 1:09-CV-957-TWT |
| MEIJER, INC., ET AL.,<br>Plaintiffs,<br>v.<br>UNIMED PHARMACEUTICALS, LLC, ET AL.,<br>Defendants. | Case No. 1:09-CV-958-TWT |

## JOINT PROPOSED STIPULATIONS OF FACT

| | |
|---|---|
| **RITE AID CORPORATION, ET AL.,**<br>　　　　　　**Plaintiffs,**<br>　　　　　　**v.**<br>**UNIMED  PHARMACEUTICALS,  LLC,**<br>**ET AL.,**<br>　　　　　　**Defendants.** | **CASE NO. 1:09-CV-2776-TWT** |
| **WALGREEN CO., ET AL.,**<br>　　　　　　**Plaintiffs,**<br>　　　　　　**v.**<br>**UNIMED  PHARMACEUTICALS,  LLC,**<br>**ET AL.,**<br>　　　　　　**Defendants.** | **CASE NO. 1:09-CV-3019-TWT** |
| **SUPERVALU, INC.,**<br>　　　　　　**Plaintiff,**<br>　　　　　　**v.**<br>**UNIMED  PHARMACEUTICALS,  LLC,**<br>**ET AL.,**<br>　　　　　　**Defendants.** | **CASE NO. 1:10-CV-1024-TWT** |

**Corporate Background**

1.      Unimed Pharmaceuticals, LLC f/k/a Unimed Pharmaceuticals, Inc. ("Unimed") is a for-profit entity, with its principal place of business at 1 North Waukegan Road, North Chicago, Illinois.

2.      In July 1999, Solvay Pharmaceuticals, Inc. ("Solvay") acquired Unimed.

3.      Solvay is the former name of an entity that has continuously owned Unimed from July 1999 to the present.

4.      Abbott Laboratories acquired Solvay on February 15, 2010.

5.      After the acquisition, Solvay became Abbott Laboratories' wholly owned subsidiary and was renamed Abbott Products Inc., and Unimed became a wholly owned indirect subsidiary of Abbott Laboratories.

6.      On June 29, 2012, Abbott Products Inc. was renamed Abbott Products LLC.

7.      On November 1, 2012, Abbott Products LLC (f/k/a Solvay) changed its name to AbbVie Products LLC ("AbbVie Products").

8.      AbbVie Products is a for-profit entity with its principal place of business at 1 North Waukegan Road, North Chicago, Illinois.

9.      As of 2006, Watson Pharmaceuticals, Inc. was a for-profit entity, having its principal place of business located at 311 Bonnie Circle, Corona, California.

10.      In November 2012, Watson Pharmaceuticals, Inc. acquired Actavis Group and subsequently became known as Actavis, Inc. ("Watson").

11.      On October 1, 2013, Watson's merger with Warner Chilcott, plc ("Warner Chilcott") closed.

12.      As part of their merger, Watson and Warner Chilcott both became subsidiaries of the newly-formed Actavis plc ("APLC").

1

13.     On March 17, 2015, APLC closed its acquisition of Allergan Inc.

14.     On June 15, 2015, APLC changed its name to Allergan plc ("Allergan"). Watson has since become known as Allergan Finance LLC ("Allergan Finance"), a subsidiary of Allergan.

15.     Allergan Finance had assigned certain generic assets and liabilities, including its liability in this instant suit, to Actavis Holdco US, Inc. ("Actavis Holdco").

16.     In August 2016, Teva Pharmaceutical Industries Ltd. ("Teva"), through a wholly owned subsidiary, acquired Actavis Holdco from Allergan.

17.     In 2004, Laboratoires Besins-Iscovesco changed its name to Besins-Iscovesco U.S., Inc.

18.     In 2008, Besins-Iscovesco U.S., Inc. changed its name to Besins Healthcare, Inc. ("Besins").

19.     Plaintiff Louisiana Wholesale Drug Company, Inc. ("LWD") is a corporation organized under the laws of the State of Louisiana and is located at 2085 I-49 South Service Road, Sunset, Louisiana.

20.     Plaintiff Rochester Drug Co-Operative, Inc. ("RDC") is a stock corporation duly formed and existing under the New York Cooperative Corporation Law that maintains its principal place of business at 50 Jet View Drive, Rochester, New York 14624.

21.     Plaintiffs Meijer, Inc. and Meijer Distribution, Inc. (collectively, "Meijer") are corporations organized under the laws of Michigan, with their principal places of business in Grand Rapids, Michigan.

22.    Plaintiff American Sales Company, Inc. ("ASC") purchases pharmaceuticals, including AndroGel 1%, and other products and distributes those products to retail stores owned and operated by affiliated companies.[1]

23.    Plaintiff Walgreen Co. ("Walgreen") owns and operates retail drugstores that dispense a broad variety of pharmaceutical products and other goods to the public including AndroGel 1%.

24.    Plaintiff Safeway Inc. ("Safeway") owns and operates retail stores that dispense a broad variety of pharmaceutical products and other goods to the public including AndroGel 1%.

25.    Plaintiff Supervalu Inc. ("Supervalu") owns and operates retail stores that dispense a broad variety of pharmaceutical products and other goods to the public including AndroGel 1%.

26.    Plaintiff HEB Grocery Company L.P. ("HEB") owns and operates retail stores that dispense a broad variety of pharmaceutical products and other goods to the public including AndroGel 1%.

27.    Plaintiffs Rite Aid Corporation, Rite Aid Hdqtrs. Corp., JCG (PJC) USA, LLC, Maxi Drug, Inc. d/b/a Brooks Pharmacy and Eckerd Corporation (collectively "Rite Aid") operate retail drugstores that dispense a broad variety of pharmaceutical products including AndroGel 1%.

28.    Plaintiff CVS Pharmacy, Inc. ("CVS") operates retail drugstores that dispense a broad variety of pharmaceutical products including AndroGel 1%.

29.    Plaintiff Caremark, L.L.C. ("Caremark") operates mail service pharmacies and specialty pharmacies that dispense a broad variety of pharmaceutical products including AndroGel 1%.

---

[1] Stipulated facts No. 22-29 relate only to claims against Par and Paddock and are only admissible against them.

**Background on AndroGel 1%**

30.     From June 2000 to 2012, Besins and/or its corporate affiliates manufactured for Unimed or its then parent company all AndroGel 1% sold in the United States.

31.     On April 28, 1999, Unimed filed NDA No. 21-015 for AndroGel 1% with the FDA.

32.     On February 28, 2000, the FDA approved NDA No. 21-015 for AndroGel 1% "for replacement therapy in males for conditions associated with deficiency or absence of endogenous testosterone."

33.     AndroGel 1% was the first transdermal testosterone gel approved by FDA.

34.     Upon FDA approval of AndroGel 1%, Unimed became entitled to a three year period of marketing exclusivity period pursuant to 21 U.S.C. § 355(j)(5)(F)(iii), which expired on February 28, 2003.

35.   In June 2000, AndroGel 1% was introduced by Solvay in the United States.

36.     Unimed is a co-assignee of U.S. Patent Application No. 09/651,777 (the "'777 application"), filed on August 30, 2000.

37.     On January 7, 2003, the U.S. Patent and Trademark Office (the "PTO") issued the '777 application as U.S. Patent No. 6,503,894 (the "'894 Patent"), titled "Pharmaceutical Composition and Method for Treating Hypogonadism."

38.     Unimed and Besins and/or its affiliates are the co-owners of all right, title, and interest in the '894 patent.

39.     From January 2003 through the present, the '894 patent has been listed in the FDA's Orange Book for AndroGel 1%, NDA No. 21-015. From January, 2003 through September 14, 2015, the '894 patent was the only patent listed in the Orange Book for AndroGel 1%, NDA No. 21-015.

40.     AbbVie Inc. currently sells AndroGel 1% in the United States.

**AndroGel 1% ANDAs and the Underlying Patent Litigations**

41.     On May 13, 2003, Watson's subsidiary Watson Laboratories, Inc. submitted to the FDA ANDA No. 76-737 for a generic version of AndroGel 1%.

42.     Watson's ANDA contained a Paragraph IV certification for the '894 Patent.

43.     On July 8, 2003, Unimed received Watson's notice of Paragraph IV certification for the '894 Patent contained in ANDA No. 76-737.

44.     On May 21, 2003, Paddock Laboratories, Inc. ("Paddock") submitted to the FDA ANDA No. 76-744 for a generic version of AndroGel 1%.

45.     Paddock's ANDA contained a Paragraph IV certification for the '894 Patent.

46.     On July 11, 2003, Unimed received Paddock's notice of Paragraph IV certification for the '894 Patent contained in ANDA No. 76-744.

47.     On August 21, 2003, Solvay's subsidiary Unimed filed a complaint against Watson in the Northern District of Georgia captioned *Unimed Pharmaceuticals Inc. v. Watson Pharmaceuticals, Inc.*, No. 1:03-cv-2501-TWT (N.D. Ga.) (the "Watson Underlying Patent Litigation"), alleging that Watson's filing of its ANDA for its proposed generic alternative to AndroGel 1% infringed one or more claims of the '894 Patent.

48.     On August 21, 2003, Solvay's subsidiary Unimed filed a complaint against Paddock in the Northern District of Georgia captioned *Unimed Pharmaceuticals Inc. v. Paddock Laboratories, Inc*., No. 1:03-cv-2503-TWT (N.D. Ga.) (the "Paddock Underlying Patent Litigation," and together with the Watson Underlying Patent Litigation, the "Underlying Patent Litigations"), alleging that Paddock's filing of its ANDA for its proposed generic alternative to AndroGel 1% infringed one or more claims of the '894 Patent.

5

49.     Laboratories Besins Iscovesco was a co-plaintiff in the Underlying Patent Litigations.

50.     Unimed's filing of the complaints against Watson and Paddock triggered stays of FDA final approvals of Watson's and Paddock's ANDAs pursuant to 21 U.S.C. § 355 (j)(5)(B)(iii).

51.     On October 8, 2003 Paddock and Par Pharmaceuticals, Inc. ("Par") entered into an agreement in which Par agreed to share litigation expenses associated with Paddock's patent litigation over the '894 Patent, Par would sell Paddock's generic alternative to AndroGel 1% after FDA final approval, and Par and Paddock would share any resulting profits.

52.     On October 22, 2003, Paddock filed an answer to the amended complaint in the Paddock Underlying Patent Litigation.

53.     On October 27, 2003, Watson filed an answer to the amended complaint in the Watson Underlying Patent Litigation.

54.     On October 27, 2004, Paddock received tentative approval of ANDA No. 76-744 from the FDA.

55.     By August 2005, Unimed, Watson, and Paddock had filed claim construction briefs in the Underlying Patent Litigations.

56.     By December 2005, Watson and Paddock had filed motions for partial summary judgment on the validity of some but not all of the asserted patent claims of the '894 patent in the Underlying Patent Litigations.

57.     By October 2005, Watson and Paddock had filed motions for partial summary judgment on the validity of the certificate of correction for the '894 patent.

58.     All of the motions that had been filed were fully briefed by the end of January 2006.

59.     On January 8, 2006, the 30-month stay of FDA final approval of Watson's ANDA for its generic alternative to AndroGel 1% expired.

60.     On January 11, 2006, the 30-month stay of FDA final approval of Paddock's ANDA for its generic alternative AndroGel 1% expired.

61.     On January 27, 2006, the FDA granted final approval of Watson's ANDA No. 76-737 for its generic alternative to AndroGel 1%.

62.     In its January 27, 2006 final approval letter for Watson's ANDA, the FDA notified Watson that it was the first ANDA applicant to submit a substantially complete ANDA and was eligible for 180-day marketing exclusivity period for its generic alternative to AndroGel 1%.

63.     As of January 2006, final approval for Paddock's ANDA for its generic alternative to AndroGel 1% was subject to Watson's 180-day exclusivity period.

64.     On September 13, 2006, the parties settled the Underlying Patent Litigations.

65.     As of September 13, 2006, the Court had not yet decided the pending motions in the Underlying Patent Litigations or issued a claim construction order.

66.     On September 13, 2006, Unimed, Besins Iscovesco, and Watson executed a Final Settlement and Release Agreement, and Unimed and Watson executed a Patent License Agreement

67.     On September 13, 2006, Unimed, Solvay, and Watson executed a Co-Promotion Agreement.

68.     On September 13, 2006, Unimed, Par, Paddock, and Besins Iscovesco signed a Final Settlement and Release Agreement, and Unimed and Par signed a Patent License Agreement.

69.     On September 13, 2006, Unimed, Par, and Laboratories Besins International S.A. signed a Backup Manufacturing and Supply Agreement, and Unimed, Solvay, and Par signed a Co-Promotion Agreement.

70.     On September 13, 2006, Par and Paddock signed a letter agreement that irrevocably designated Paddock as Par's designee to manufacture and supply AndroGel 1% under the Backup Manufacturing and Supply Agreement.

7

71.     On September 13, 2006, Par and Paddock signed an Asset Purchase Agreement, which lists the Final Settlement and Release Agreement, the Co-Promotion Agreement, and the Backup Manufacturing and Supply Agreement between Unimed, Solvay, Besins Iscovesco, Laboratories Besins International S.A., Paddock, and Par as "Ancillary Documents."

72.     On September 14, 2006, Unimed, Watson and Besins Iscovesco filed a stipulation of dismissal of the Watson Underlying Patent Litigation, which was entered on September 15, 2006.

73.     On September 15, 2006, the Court entered a consent judgment and order of permanent injunction resolving the Paddock Underlying Patent Litigation.

74.     On May 23, 2007, Paddock's ANDA No. 76-744 for generic AndroGel 1% received final approval from FDA.

75.     The branded division of Par, which was responsible for promoting AndroGel under the Co-Promotion Agreement, was re-branded under the name Strativa Pharmaceuticals in September 2007.

**Entry of Generic AndroGel 1%**

76.     On or about December 27, 2014, Perrigo began selling a version of AndroGel 1% in the United States pursuant to Section 505(b)(2) of the Food, Drug and Cosmetic Act.

77.     On September 2, 2015, Par began selling a generic version of AndroGel 1% in the United States.

78.     On November 9, 2015, Watson began selling a generic version of AndroGel 1% in the United States.

**Solvay's Payments to Watson Pursuant to the Co-Promotion Agreement**

79.     Under the Watson Co-Promotion Agreement, Watson was compensated based on a percentage of net profits from the sale of any AndroGel 1% and 1.62% prescriptions attributable to urologists.

8

80.     Under the Watson Co-Promotion Agreement, Watson was paid between 60-70% of the AndroGel 1% and 1.62% net profits from any prescriptions attributable to urologists but was not guaranteed any set dollar amount.

81.     Under the Watson Co-Promotion Agreement, Watson's compensation would fluctuate based on AndroGel 1% and 1.62% net profits from any prescriptions attributable to urologists.

**Backup Manufacturing and Supply Agreement**

82.     Solvay submitted a prior approval supplement ("PAS") for Paddock to manufacture AndroGel 1% to FDA on November 20, 2008.

83.     Solvay received approval of its PAS for Paddock to manufacture AndroGel 1% on March 25, 2009.

**Interstate Commerce**

84.     The conduct at issue in this case took place in interstate commerce.

85.     From at least 2006 to the present, AndroGel 1% sold by Unimed, Solvay, AbbVie and/or their predecessor(s) was shipped across state lines and sold to customers located outside the state of manufacture.

**Stipulations Previously Entered in this Case (copies appended hereto)[2]**

1.    Stipulation between all Plaintiffs and Defendant Actavis, Inc., dated March 14, 2016 (ECF No. 1352).

---

[2] Defendants' position: All stipulations previously entered in this case are only admissible against the Defendant or Defendants who entered into that stipulation.

Plaintiffs' position:  Plaintiffs reserve all rights.

2.   Stipulation between all Plaintiffs and Defendant Actavis, Inc. Regarding Rule 30(b)(6) Notice of Deposition, dated March 14, 2016 (ECF No. 1353).

3.   Stipulation between all Plaintiffs and Defendant Actavis, Inc., dated March 14, 2016 (ECF No. 1354).

4.   Stipulation between Plaintiffs and Defendant Par Pharmaceutical Companies, Inc., dated May 16, 2016 (ECF No. 1402).

# APPENDIX A

**(ECF No. 1352)**

**Stipulation between all Plaintiffs and Defendant Actavis, Inc., dated March 14, 2016.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **IN RE: ANDROGEL ANTITRUST LITIGATION (NO. II)** | **Master Docket No. 1:09-MD-2084-TWT ALL CASES** |
| **FEDERAL TRADE COMMISSION v. ACTAVIS, INC.** | **Case No. 1:09-cv-955-TWT** |

## STIPULATION BETWEEN ALL PLAINTIFFS AND DEFENDANT ACTAVIS, INC.

WHEREFORE, Plaintiffs have sought discovery from Defendant Actavis as defined in the Rule 30(b)(6) Notice of Deposition served on Actavis's counsel on October 9, 2015 (the "30(b)(6) Notice") with respect to, among other things, whether Actavis had the facilities, equipment, and operational ability to manufacture and launch a generic version of AndroGel 1%; and

WHEREFORE, Defendant Actavis does not intend to offer a defense based on its lack of facilities, equipment, or operational ability to manufacture a generic version of AndroGel 1% from September 13, 2006, the date of the Unimed-Watson Final Settlement and Release Agreement, to August 31, 2015, the agreed-upon entry date in the Unimed-Watson Patent License Agreement (Exhibit A to the Unimed-Watson Final Settlement and Release Agreement); and

1

WHEREFORE, all parties wish to avoid the burden and expense of unnecessary discovery;

Plaintiffs[1] and Defendant Actavis hereby stipulate as follows:

1.      Actavis will not offer any defense in this case based on any claim that it lacked the facilities, equipment, or operational ability to manufacture and launch a generic version of AndroGel 1% at any time from September 13, 2006 to August 31, 2015.

2.      The following facts are not in dispute and may be presented to the Court and jury as undisputed:

(A)     Actavis's manufacturing facilities were adequate and sufficient to manufacture and launch a generic version of AndroGel 1% at all times during the time period from September 13, 2006 to August 31, 2015;

(B)     During the time period from September 13, 2006, to August 31, 2015, Actavis possessed or readily could have obtained all of the equipment necessary to manufacture and launch a generic version of AndroGel 1% in sachet packaging;

(C)     During the time period from September 13, 2006, to August 31, 2015, Actavis could have been in position from a manufacturing perspective to

---

[1]     For the avoidance of doubt, "Plaintiffs" encompasses all private plaintiffs and the Federal Trade Commission.

launch a generic version of AndroGel 1% in sachet packaging on 2 months'
notice (subject to regulatory approval);

(D)     Since June 1, 2014, Actavis has possessed all of the equipment
necessary to manufacture and launch a generic version of AndroGel 1% in
metered pump packaging;

(E)     At any time since June 1, 2014, Actavis could have been in position
from a manufacturing perspective to launch a generic version of AndroGel
1% in metered pump packaging with 3-4 months' notice (subject to
regulatory approval);

(F)     Prior to June 1, 2014, Actavis could have obtained, installed, and
qualified all of the equipment necessary to manufacture and launch a generic
version of AndroGel 1% in metered pump packaging and could have been in
position from a manufacturing perspective to launch such a generic version
of AndroGel 1% in metered pump packaging with 18 months' notice
(subject to regulatory approval); and

(G)     Actavis did not experience any problems or issues related to its
facilities, equipment, or operations that would have prevented Actavis's
manufacture and launch of a generic version of AndroGel 1% at any time
during the time period from September 13, 2006 to August 31, 2015.

3.     Based on the above, Plaintiffs will not serve additional requests for production on Actavis nor pursue further deposition testimony from Actavis concerning whether it had the facilities, equipment, and operational ability to manufacture and launch a generic version of AndroGel 1% at any time during the time period from September 13, 2006 to August 31, 2015.

4.     Plaintiffs specifically withdraw their request to depose John Spigiel. Additionally, Plaintiffs agree that Topics 1-9 of the 30(b)(6) Notice shall be deemed amended to exclude any questioning on whether Actavis had the facilities, equipment, or operational ability to launch a generic version of AndroGel 1% at any time during the time period from September 13, 2006 to August 31, 2015.

5.     For the avoidance of doubt, this stipulation does not affect Actavis's ability to offer defenses based on an inability to manufacture and launch due to regulatory hurdles or the unavailability of supplies or materials required to produce a generic version of AndroGel 1%.  Nor does it affect Plaintiffs' ability to seek deposition testimony in depositions noticed prior to March 1, 2016, or other evidence regarding Actavis's ability to manufacture and launch due to the regulatory status of Actavis's proposed generic version of AndroGel 1%  or regarding the availability of supplies or materials required to produce Actavis's generic version of AndroGel 1% during the time period from September 13, 2006 to August 31, 2015.  For the avoidance of doubt, however, consistent with the

4

Court's comments at the March 1, 2016, status conference, this paragraph shall not be construed as consent by Actavis to the service of any additional written discovery requests.

      6.    Any of Plaintiffs' experts may reasonably rely upon this stipulation pursuant to Rule 703 of the Federal Rules of Evidence.

As agreed by Plaintiffs and Defendant Actavis this 14th day of March, 2016.

                            /s/ *Julia K. York*

Steven C. Sunshine*
Paul M. Eckles*
Julia K. York*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Ave., N.W.
Washington, D.C. 20005
Telephone (202) 371-7000
Facsimile (202) 393-5760
steven.sunshine@skadden.com
paul.eckles@skadden.com
julia.york@skadden.com

Practicing pursuant to this Court's
Initial Case Management Order

***Counsel for Actavis, Inc.***

By: /s/ *Saralisa C. Brau*
Saralisa C. Brau
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
sbrau@ftc.gov
Telephone: (202) 326-2774
Facsimile: (202) 326-3384
*Counsel for Plaintiff Federal Trade*

By: /s/ *Kenneth S. Canfield*
Kenneth S. Canfield
Ga. Bar. No. 107744
kcanfield@dsckd.com
1355 Peachtree Street, Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 881-8900
Facsimile: (404) 881-3007
*Liaison Counsel for Direct Purchaser*

*Commission*

Bruce E. Gerstein, Pro Hac Vice
bgerstein@garwingerstein.com
Joseph Opper, Pro Hac Vice
jopper@garwingerstein.com
Elena K. Chan, Pro Hac Vice
echan@garwingerstein.com
GARWIN GERSTEIN & FISHER LLP
88 Pine Street, 10th Floor
New York, NY 10005
Telephone: (212) 398-0055
Facsimile: (212) 764-6620

*Co-Lead Counsel for Direct Purchaser Class Plaintiffs*
David P. Smith
dsmith@ssrllp.com
Susan Segura
ssegura@ssrllp.com
SMITH SEGURA & RAPHAEL, LLP
3600 Jackson St., Ste. 111
Alexandria, LA 71303
Telephone: (318) 445-4480
Facsimile: (318)487-1741

John Gregory Odom
jodom@odrlaw.com
Stuart Des Roches
stuart@odrlaw.com
Andrew Kelly
akelly@odrlaw.com
Craig M. Glantz
cglantz@odrlaw.com
ODOM & DES ROCHES, LLP
Poydras Center
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Telephone: (504) 522-0077
Facsimile: (504) 522-0078

*Class Plaintiffs*

David F. Sorensen, Pro Hac Vice
dsorensen@bm.net
Eric Cramer, Pro Hac Vice
ecramer@bm.net
Ellen Noteware, Pro Hac Vice
enoteware@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215)-875-4683
Facsimile: (215)-875-4604

*Co-Lead Counsel for Direct Purchaser Class Plaintiffs*
Peter Kohn
Neill Clark
FARUQI & FARUQI, LLP
101 Greenwood Avenue, Ste. 600
Jenkintown, PA 19046
pkohn@faruqilaw.com
Telephone: (215) 277-5770

Joshua P. Davis (SBN. 193254)
davisj@usfca.edu
LAW OFFICES OF JOSHUA P. DAVIS
437A Valley Street
San Francisco, CA 94131
Telephone: (415) 422-6223

Russell A. Chorush
rchorush@hpcIlp.com
Miranda Jones
mjones@hpcllp.com
HEIM PAYNE & CHORUSH LLP
Chase Tower
600 Travis, Suite 6710
Houston, TX 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

*Counsel for Louisiana Drug Company, Inc.*

David Balto
LAW OFFICES OF DAVID BAL TO
2600 Virginia Ave NW Suite 1111
Washington, DC 20037

*Counsel for Rochester Drug Co-operative, Inc.*

Linda P. Nussbaum
Bradley Demuth
Nussbaum Law Group, P.C.
570 Lexington Avenue, 19th Floor
New York, NY 10022
Telephone: (212) 702-7053
Facsimile: (212) 681-0300

*Co-Lead Counsel for Direct Purchaser Class Plaintiffs*

Joseph M. Vanek
jvanek@vaneklaw.com
David P. Germaine
dgermaine@vaneklaw.com
VANEK, VICKERS & MASINI, P.C.
111 South Wacker Drive, Suite 4050
Chicago, IL 60606
Telephone: (312)224-1500
Facsimile: (312) 224-1510

Joseph R. Saveri (SBN 130064)
isaveri@lchb.com
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Jordan Elias (SBN 228731)
ielias@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
Battery Street, Suite 3000
San Francisco, CA 94111-3339
Telephone. (415) 956-1000

Paul E. Slater
pes@sperling-law.com
SPERLING & SLATER
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200
Facsimile: (312)641-6492

Donald Perelman
dperelman@fineblack.com
Roberta Liebenberg
rliebenberg@fineblack.com

Facsimile. (415) 956-1008

Counsel for Meijer, Inc. and Meijer Distribution, Inc.

By: */s/ Scott E. Perwin*
 Scott E. Perwin
sperwin@kennynachwalter.com
Lauren Ravkind
Anna Neill
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

*Counsel for Walgreen Co., Safeway Inc., American Sales Company, Inc., HEB Grocery Company LP, and SuperValu*

By: */s/ Marshall P. Dees*
Marshall P. Dees
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Tel: (770) 392-00909

Thomas M. Sobol
Lauren Guth Barnes
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel: (617)482-3700

Jayne Goldstein
Pomerantz LLP
1792 Bell Tower Lane, Suite 203

1835 Market Street, 28th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 567-6565
Facsimile: (215) 568-5872

By: */s/ Barry L. Refsin*
Barry L. Refsin
BRefsin@Hangley.com
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square, 27th Fl.
Philadelphia, PA 19103
Telephone: (215) 568-6200
Facsimile: (215) 568-0300

*Counsel for Rite Aid Corporation, Rite Aid Hdqtrs. Corp., and JCG (PJC) USA, LLC, Maxi Drug, d/b/a Brooks Pharmacy, Eckerd Corporation, CVS Pharmacy, Inc., and Caremark, L.L.C.*

*/s/ Erin Gibson Allen*
Erin Gibson Allen
allen@marcus-shapira.com
Marcus & Shapira LLP
Bernard D. Marcus
marcus@marcus-shapira.com
Moira Cain-Mannix
cain-mannix@marcus-shapira.com
Brian C. Hill
hill@marcus-shapira.com
Scott D. Livingston
livingston@marcus-shapira.com
One Oxford Centre, 35th Floor
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758

8

Weston, FL 33326
Tel: (954) 315-3454                    *Counsel for Plaintiff, Giant Eagle, Inc.*

Paul F. Novak
Alastair Findeis
Milberg LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Tel: (212) 594-5300

Kenneth Wexler
Wexler Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 346-2222

*Counsel for End Payor Class Plaintiffs*


**So ORDERED, this __ day of _____, 2016.**


                               **_____**
                               **Thomas W. Thrash, Jr.**
                               **United States District Judge**

## <u>CERTIFICATE OF SERVICE</u>

I, Kenneth S. Canfield, certify that a true and correct copy of the foregoing

**Stipulation Between All Plaintiffs and Defendant Actavis, Inc.**  has been

electronically filed with the Clerk of Court via ECF on this 14th day of March,

2016, which will send notification of such filing to all counsel of record.

<u>/s/ Kenneth S. Canfield</u>
Kenneth S. Canfield

**(ECF No. 1353)**

**Stipulation between all Plaintiffs and Defendant
Actavis, Inc. Regarding Rule 30(b)(6) Notice of
Deposition, dated March 14, 2016.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ANDROGEL ANTITRUST LITIGATION (NO. II) | Master Docket No. 1:09-MD-2084-TWT ALL CASES |
| FEDERAL TRADE COMMISSION v. ACTAVIS, INC. | Case No. 1:09-cv-955-TWT |

## STIPULATION BETWEEN ALL PLAINTIFFS AND DEFENDANT ACTAVIS, INC. REGARDING RULE 30(B)(6) NOTICE OF DEPOSITION

WHEREFORE, Plaintiffs[1] served a Rule 30(b)(6) Notice of Deposition on Actavis, Inc. ("Actavis") on October 9, 2015 (the "30(b)(6) Notice");

WHEREFORE, Plaintiffs have met and conferred with Actavis with respect to the 30(b)(6) Notice to avoid the burden and expense of unnecessary discovery; and

WHEREFORE, Plaintiffs and Actavis have agreed that Actavis' obligation to produce a witness in response to the 30(b)(6) Notice will be satisfied by Actavis' designation of certain prior testimony as corporate testimony pursuant to

---

[1]     For the avoidance of doubt, "Plaintiffs" encompasses all private plaintiffs and the Federal Trade Commission.

Rule 30(b)(6) and Actavis' production of a corporate designee to testify with respect to certain identified topics;

Plaintiffs and Actavis hereby stipulate as follows:

(1)     Actavis designates the testimony of Ms. Margaret Choy at her deposition of April 15, 2011 relating to the topics listed in the 30(b)(6) Notice as the testimony of a corporate representative of Actavis pursuant to Rule 30(b)(6) for the period up to January 27, 2006.

(2)     Actavis will produce Ms. Petrie to testify as a Rule 30(b)(6) corporate representative with respect to the following topics:[2]

(A)     During the time period from January 27, 2006 to November 9, 2015, Your plans and efforts to obtain regulatory approval of Your generic AndroGel 1%, including the development, filing, and approval of Your generic AndroGel 1% ANDA (and any and all amendments and supplements thereto) and communications with the FDA relating to Your ANDA (and any and all amendments and supplements thereto) or relating to generic AndroGel 1% in general. This topic includes, without limitation, Actavis' knowledge of FDA policies, rules, regulations and procedures.

(B)     During the time period from January 27, 2006 to November 9, 2015, Your plans and efforts to obtain materials and supplies in connection with the manufacture and commercial launch of Your generic AndroGel 1%.

(C)     The impact of the Actavis Agreements and/or Par/Paddock Agreements on Your plans and efforts to obtain regulatory approval and on Your plans and efforts to obtain materials and supplies, in connection with the manufacture and commercial launch of Your generic AndroGel 1%.

(D)     The projected and/or actual impact of the launch and marketing of AndroGel 1.62% in the United States under NDA No. 022309 on

---

[2]     All capitalized terms are as defined in the 30(b)(6) Notice.

Your plans and efforts to obtain regulatory approval and on Your plans and efforts to obtain materials and supplies in connection with the manufacture and commercial launch of Your generic AndroGel 1%.

(E)   Whether Actavis had, by September 13, 2006, spent specific sums for facility remodeling, equipment purchase, and scale up related to the manufacture of generic AndroGel 1%.

(F)   The authenticity and status as Your business records of documents that You have produced relating to each of the above topics.

As agreed by Plaintiffs and Defendant Actavis this 14th day of March, 2016.

/s/ Julia K. York
Steven C. Sunshine*
Paul M. Eckles*
Julia K. York*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Ave., N.W.
Washington, D.C. 20005
Telephone (202) 371-7000
Facsimile (202) 393-5760
steven.sunshine@skadden.com
paul.eckles@skadden.com
julia.york@skadden.com

Practicing pursuant to this Court's
Initial Case Management Order

*Counsel for Actavis, Inc.*

By: /s/ Saralisa C. Brau
Saralisa C. Brau
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
sbrau@ftc.gov
Telephone:  (202) 326-2774

By: /s/ Kenneth S. Canfield
Kenneth S. Canfield
Ga. Bar. No. 107744
kcanfield@dsckd.com
1355 Peachtree Street, Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 881-8900

3

Facsimile:    (202) 326-3384
*Counsel for Plaintiff Federal Trade Commission*

Bruce E. Gerstein, Pro Hac Vice
bgerstein@garwingerstein.com
Joseph Opper, Pro Hac Vice
jopper@garwingerstein.com
Elena K. Chan, Pro Hac Vice
echan@garwingerstein.com
GARWIN GERSTEIN & FISHER LLP
88 Pine Street, 10th Floor
New York, NY 10005
Telephone: (212) 398-0055
Facsimile: (212) 764-6620

*Co-Lead Counsel for Direct Purchaser Class Plaintiffs*
David P. Smith
dsmith@ssrllp.com
Susan Segura
ssegura@ssrllp.com
SMITH SEGURA & RAPHAEL, LLP
3600 Jackson St., Ste. 111
Alexandria, LA 71303
Telephone: (318) 445-4480
Facsimile: (318)487-1741

John Gregory Odom
jodom@odrlaw.com
Stuart Des Roches
stuart@odrlaw.com
Andrew Kelly
akelly@odrlaw.com
Craig M. Glantz
cglantz@odrlaw.com
ODOM & DES ROCHES, LLP
Poydras Center
650 Poydras Street, Suite 2020
New Orleans, LA 70130

Facsimile: (404) 881-3007
*Liaison Counsel for Direct Purchaser Class Plaintiffs*

David F. Sorensen, Pro Hac Vice
dsorensen@bm.net
Eric Cramer, Pro Hac Vice
ecramer@bm.net
Ellen Noteware, Pro Hac Vice
enoteware@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215)-875-4683
Facsimile: (215)-875-4604

*Co-Lead Counsel for Direct Purchaser Class Plaintiffs*
Peter Kohn
Neill Clark
FARUQI & FARUQI, LLP
101 Greenwood Avenue, Ste. 600
Jenkintown, PA 19046
pkohn@faruqilaw.com
Telephone: (215) 277-5770

Joshua P. Davis (SBN. 193254)
davisj@usfca.edu
LAW OFFICES OF JOSHUA P. DAVIS
437A Valley Street
San Francisco, CA 94131
Telephone: (415) 422-6223

Telephone: (504) 522-0077
Facsimile: (504) 522-0078

Russell A. Chorush
rchorush@hpcIlp.com
Miranda Jones
mjones@hpcllp.com
HEIM PAYNE & CHORUSH LLP
Chase Tower
600 Travis, Suite 6710
Houston, TX 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

*Counsel for Louisiana Drug Company, Inc.*

David Balto
LAW OFFICES OF DAVID BAL TO
2600 Virginia Ave NW Suite 1111
Washington, DC 20037

*Counsel for Rochester Drug Co-operative, Inc.*

Linda P. Nussbaum
Bradley Demuth
Nussbaum Law Group, P.C.
570 Lexington Avenue, 19th Floor
New York, NY 10022
Telephone: (212) 702-7053
Facsimile: (212) 681-0300

*Co-Lead Counsel for Direct Purchaser Class Plaintiffs*

Joseph M. Vanek
jvanek@vaneklaw.com
David P. Germaine
dgermaine@vaneklaw.com
VANEK, VICKERS & MASINI, P.C.
111 South Wacker Drive, Suite 4050
Chicago, IL 60606
Telephone: (312)224-1500
Facsimile: (312) 224-1510

Joseph R. Saveri (SBN 130064)
isaveri@lchb.com
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Jordan Elias (SBN 228731)
ielias@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
Battery Street, Suite 3000

Paul E. Slater
pes@sperling-law.com
SPERLING & SLATER
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200
Facsimile: (312)641-6492

Donald Perelman
dperelman@fineblack.com

San Francisco, CA 94111-3339
Telephone. (415) 956-1000
Facsimile. (415) 956-1008

Counsel for Meijer, Inc. and Meijer
Distribution, Inc.


By: */s/ Scott E. Perwin*
 Scott E. Perwin
sperwin@kennynachwalter.com
Lauren Ravkind
Anna Neill
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

*Counsel for Walgreen Co., Safeway
Inc., American Sales Company, Inc.,
HEB Grocery Company LP, and
SuperValu*

By: */s/ Marshall P. Dees*
Marshall P. Dees
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Tel: (770) 392-00909

Thomas M. Sobol
Lauren Guth Barnes
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel: (617)482-3700

Jayne Goldstein

Roberta Liebenberg
rliebenberg@fineblack.com
1835 Market Street, 28th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 567-6565
Facsimile: (215) 568-5872


By: */s/ Barry L. Refsin*
Barry L. Refsin
BRefsin@Hangley.com
Hangley Aronchick Segal Pudlin &
Schiller
One Logan Square, 27th Fl.
Philadelphia, PA 19103
Telephone: (215) 568-6200
Facsimile: (215) 568-0300

*Counsel for Rite Aid Corporation, Rite
Aid Hdqtrs. Corp., and JCG (PJC)
USA, LLC, Maxi Drug, d/b/a Brooks
Pharmacy, Eckerd Corporation, CVS
Pharmacy, Inc., and Caremark, L.L.C.*

*/s/ Erin Gibson Allen*
Erin Gibson Allen
allen@marcus-shapira.com
Marcus & Shapira LLP
Bernard D. Marcus
marcus@marcus-shapira.com
Moira Cain-Mannix
cain-mannix@marcus-shapira.com
Brian C. Hill
hill@marcus-shapira.com
Scott D. Livingston
livingston@marcus-shapira.com
One Oxford Centre, 35th Floor
301 Grant Street
Pittsburgh, PA  15219

Pomerantz LLP                                    Phone: (412) 471-3490
1792 Bell Tower Lane, Suite 203                  Fax: (412) 391-8758
Weston, FL 33326
Tel: (954) 315-3454                              *Counsel for Plaintiff, Giant Eagle, Inc.*

Paul F. Novak
Alastair Findeis
Milberg LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Tel: (212) 594-5300

Kenneth Wexler
Wexler Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 346-2222

*Counsel for End Payor Class Plaintiffs*


**So ORDERED, this __ day of _____, 2016.**


                                        _____
                                        **Thomas W. Thrash, Jr.**
                                        **United States District Judge**

## <u>CERTIFICATE OF SERVICE</u>

I, Kenneth S. Canfield, certify that a true and correct copy of the foregoing

**Stipulation Between All Plaintiffs and Defendant Actavis, Inc.**  has been

electronically filed with the Clerk of Court via ECF on this 14th day of March,

2016, which will send notification of such filing to all counsel of record.

/s/ Kenneth S. Canfield
Kenneth S. Canfield

**(ECF No. 1354)**

**Stipulation between all Plaintiffs and Defendant Actavis, Inc., dated March 14, 2016**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **IN RE: ANDROGEL ANTITRUST LITIGATION (NO. II)** | **Master Docket No. 1:09-MD-2084-TWT ALL CASES** |
| **FEDERAL TRADE COMMISSION v. ACTAVIS, INC.** | **Case No. 1:09-cv-955-TWT** |

## STIPULATION BETWEEN ALL PLAINTIFFS AND DEFENDANT ACTAVIS, INC.

WHEREFORE, the parties wish to narrow any dispute as to whether Actavis had the manufacturing, facilities, and operational capability of manufacturing and commercially launching a generic version of AndroGel 1%,

Plaintiffs and Defendant Actavis hereby stipulate as follows:

A.   The following fact is not in dispute and may be presented to the Court and jury as undisputed:

    i.   After receiving FDA final approval on January 27, 2006, and through September 13, 2006, Actavis took steps to be in a position where it could potentially manufacture and commercially launch a generic version of AndroGel 1%.

B.   For the avoidance of doubt, this stipulation does not affect Actavis's ability to offer defenses based on an inability to manufacture and launch due to

regulatory hurdles or the unavailability of supplies or materials required to produce a generic version of AndroGel 1%. For the further avoidance of doubt, this stipulation relates solely to Actavis's capability of manufacturing and commercially launching a generic version of AndroGel 1%. This stipulation shall not constitute or be construed as an admission that Actavis had, at any point prior to September 13, 2006, made a decision to launch a generic version of AndroGel 1% prior to resolution of the litigation over U.S. Patent No. 6,503,894.

C.   Actavis agrees that the following documents identified by Beginning bates numbers WTN0328637, WTN0313134, WTN0093257, WTN0313841, WTN0299844, WTN0313265 related to its facilities, equipment, or operational ability to manufacture and launch generic AndroGel 1% are:

   i.   true and correct copies;

   ii.  genuine and authentic; and

   iii. a business record pursuant to the Federal Rules of Evidence .

As agreed by Plaintiffs and Defendant Actavis this 11th day of March , 2016.

        ____/s/ Julia K. York_____
        Steven C. Sunshine*
        Paul M. Eckles*
        Julia K. York*
        SKADDEN, ARPS, SLATE,
        MEAGHER & FLOM LLP
        1440 New York Ave., N.W.

Washington, D.C. 20005
Telephone (202) 371-7000
Facsimile (202) 393-5760
steven.sunshine@skadden.com
paul.eckles@skadden.com
julia.york@skadden.com

Practicing pursuant to this Court's
Initial Case Management Order

***Counsel for Actavis, Inc.***

By: */s/ Saralisa C. Brau*
Saralisa C. Brau
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC  20580
sbrau@ftc.gov
Telephone:   (202) 326-2774
Facsimile:    (202) 326-3384
*Counsel for Plaintiff Federal Trade
Commission*

By: */s/ Kenneth S. Canfield*
Kenneth S. Canfield
Ga. Bar. No. 107744
kcanfield@dsckd.com
1355 Peachtree Street, Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 881-8900
Facsimile: (404) 881-3007
*Liaison Counsel for Direct Purchaser
Class Plaintiffs*

Bruce E. Gerstein, Pro Hac Vice
bgerstein@garwingerstein.com
Joseph Opper, Pro Hac Vice
jopper@garwingerstein.com
Elena K. Chan, Pro Hac Vice
echan@garwingerstein.com
GARWIN GERSTEIN & FISHER LLP
88 Pine Street, 10th Floor
New York, NY 10005
Telephone: (212) 398-0055
Facsimile: (212) 764-6620

David F. Sorensen, Pro Hac Vice
dsorensen@bm.net
Eric Cramer, Pro Hac Vice
ecramer@bm.net
Ellen Noteware, Pro Hac Vice
enoteware@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215)-875-4683
Facsimile: (215)-875-4604

*Co-Lead Counsel for Direct Purchaser
Class Plaintiffs*
David P. Smith
dsmith@ssrllp.com
Susan Segura

*Co-Lead Counsel for Direct
Purchaser Class Plaintiffs*
Peter Kohn
Neill Clark
FARUQI & FARUQI, LLP

ssegura@ssrllp.com
SMITH SEGURA & RAPHAEL, LLP
3600 Jackson St., Ste. 111
Alexandria, LA 71303
Telephone: (318) 445-4480
Facsimile: (318)487-1741

101 Greenwood Avenue, Ste. 600
Jenkintown, PA 19046
pkohn@faruqilaw.com
Telephone: (215) 277-5770


John Gregory Odom
jodom@odrlaw.com
Stuart Des Roches
stuart@odrlaw.com
Andrew Kelly
akelly@odrlaw.com
Craig M. Glantz
cglantz@odrlaw.com
ODOM & DES ROCHES, LLP
Poydras Center
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Telephone: (504) 522-0077
Facsimile: (504) 522-0078

Joshua P. Davis (SBN. 193254)
davisj@usfca.edu
LAW OFFICES OF JOSHUA P.
DAVIS
437A Valley Street
San Francisco, CA 94131
Telephone: (415) 422-6223


Russell A. Chorush
rchorush@hpcIlp.com
Miranda Jones
mjones@hpcllp.com
HEIM PAYNE & CHORUSH LLP
Chase Tower
600 Travis, Suite 6710
Houston, TX 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

*Counsel for Louisiana Drug Company,
Inc.*

David Balto
LAW OFFICES OF DAVID BAL TO
2600 Virginia Ave NW Suite 1111
Washington, DC 20037

*Counsel for Rochester Drug Co-
operative, Inc.*


Linda P. Nussbaum

Joseph M. Vanek

Bradley Demuth
Nussbaum Law Group, P.C.
570 Lexington Avenue, 19th Floor
New York, NY 10022
Telephone: (212) 702-7053
Facsimile: (212) 681-0300

*Co-Lead Counsel for Direct Purchaser*
*Class Plaintiffs*

Joseph R. Saveri (SBN 130064)
isaveri@lchb.com
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Jordan Elias (SBN 228731)
ielias@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
Battery Street, Suite 3000
San Francisco, CA 94111-3339
Telephone. (415) 956-1000
Facsimile. (415) 956-1008

Counsel for Meijer, Inc. and Meijer
Distribution, Inc.


By: */s/ Scott E. Perwin*
 Scott E. Perwin
sperwin@kennynachwalter.com
Lauren Ravkind
Anna Neill
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

jvanek@vaneklaw.com
David P. Germaine
dgermaine@vaneklaw.com
VANEK, VICKERS & MASINI, P.C.
111 South Wacker Drive, Suite 4050
Chicago, IL 60606
Telephone: (312)224-1500
Facsimile: (312) 224-1510


Paul E. Slater
pes@sperling-law.com
SPERLING & SLATER
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200
Facsimile: (312)641-6492

Donald Perelman
dperelman@fineblack.com
Roberta Liebenberg
rliebenberg@fineblack.com
1835 Market Street, 28th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 567-6565
Facsimile: (215) 568-5872


By: */s/ Barry L. Refsin*
Barry L. Refsin
BRefsin@Hangley.com
Hangley Aronchick Segal Pudlin &
Schiller
One Logan Square, 27th Fl.
Philadelphia, PA 19103
Telephone: (215) 568-6200
Facsimile: (215) 568-0300

*Counsel for Rite Aid Corporation, Rite*
*Aid Hdqtrs. Corp., and JCG (PJC)*

*Counsel for Walgreen Co., Safeway Inc., American Sales Company, Inc., HEB Grocery Company LP, and SuperValu*

By: */s/ Marshall P. Dees*
Marshall P. Dees
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Tel: (770) 392-00909

Thomas M. Sobol
Lauren Guth Barnes
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel: (617)482-3700

Jayne Goldstein
Pomerantz LLP
1792 Bell Tower Lane, Suite 203
Weston, FL 33326
Tel: (954) 315-3454

Paul F. Novak
Alastair Findeis
Milberg LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Tel: (212) 594-5300

Kenneth Wexler
Wexler Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 346-2222

*Counsel for End Payor Class Plaintiffs*

*USA, LLC, Maxi Drug, d/b/a Brooks Pharmacy, Eckerd Corporation, CVS Pharmacy, Inc., and Caremark, L.L.C.*

*/s/ Erin Gibson Allen*
Erin Gibson Allen
allen@marcus-shapira.com
Marcus & Shapira LLP
Bernard D. Marcus
marcus@marcus-shapira.com
Moira Cain-Mannix
cain-mannix@marcus-shapira.com
Brian C. Hill
hill@marcus-shapira.com
Scott D. Livingston
livingston@marcus-shapira.com
One Oxford Centre, 35th Floor
301 Grant Street
Pittsburgh, PA 15219
Phone: (412) 471-3490
Fax: (412) 391-8758

*Counsel for Plaintiff, Giant Eagle, Inc.*

So **ORDERED**, this ___ day of _____, 2016.

_____
**Thomas W. Thrash, Jr.**
**United States District Judge**

## CERTIFICATE OF SERVICE

I, Kenneth S. Canfield, certify that a true and correct copy of the foregoing

**Stipulation Between All Plaintiffs and Defendant Actavis, Inc.** has been

electronically filed with the Clerk of Court via ECF on this 14th day of March,

2016, which will send notification of such filing to all counsel of record.

/s/ Kenneth S. Canfield
Kenneth S. Canfield

**(ECF No. 1402)**

**Stipulation between Plaintiffs and Defendant Par Pharmaceutical Companies, Inc., dated May 16, 2016**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: ANDROGEL ANTITRUST LITIGATION (NO. II) | Master Docket No. 1:09-MD-2084-TWT ALL CASES |
| FEDERAL TRADE COMMISSION v. ACTAVIS, INC. | Case No. 1:09-cv-955-TWT |

## STIPULATION BETWEEN PLAINTIFFS IN THE ABOVE-CAPTIONED CASES AND DEFENDANT PAR PHARMACEUTICAL COMPANIES, INC.

WHEREAS, Plaintiffs in the above-captioned cases ("Plaintiffs") and Defendant Par Pharmaceutical Companies, Inc. ("Par") agree to this stipulation to resolve any and all disputes relating to Topics 1–4 in Plaintiffs' Second Rule 30(b)(6) Notice of Deposition to Defendant Par Pharmaceuticals, Inc., served January 29, 2016 ("Notice"), and dispense with the need for Par to provide any Rule 30(b)(6) witness or witnesses on those topics; and

WHEREAS on April 18, 2016, Par provided to Plaintiffs its Designated Testimony in Response to Topics 1–3 in the Notice ("Designated Testimony");

Plaintiffs and Par hereby stipulate as follows:

1

**Pertaining to Topic 4 of the Notice**

1. Par has never negotiated a manufacturing contract on behalf of a third party or designee.

2. Par has never negotiated a backup manufacturing contract on behalf of a third party or designee.

3. On September 13, 2006, Par, Unimed Pharmaceuticals, Inc. ("Unimed"), and Laboratoires Besins International S.A. ("Besins") entered into a Backup Manufacturing and Supply Agreement ("Backup Manufacturing Agreement"). The Backup Manufacturing Agreement among Par, Unimed, and Besins appointed Par "directly or through its Designee" to manufacture AndroGel® (testosterone gel) 1% as a backup manufacturer for a specified Service Fee. The Backup Manufacturing Agreement further defined Par's "Designee" as "Paddock Laboratories, Inc. ["Paddock"] or such other third party approved by Unimed and designated by Par to Manufacture and supply [AndroGel® (testosterone gel) 1%]."

4. On the same date that Par entered into the Backup Manufacturing Agreement, Par and Paddock agreed pursuant to a written contract that Paddock was designated as the manufacturer and supplier of AndroGel® (testosterone gel) 1% under the Backup Manufacturing Agreement, and that

Paddock was entitled to receive from Par all of the specified Service Fee under the Backup Manufacturing Agreement that otherwise could have become owed to Par under the Backup Manufacturing Agreement.

5. Other than the Backup Manufacturing Agreement, Par has not entered into a manufacturing contract or backup manufacturing contract in which, on the same day any such contract was entered into, Par designated another party to perform Par's obligations and receive the Service Fee that otherwise could have become owed to Par.

As agreed by Plaintiffs and Par this 16th day of May, 2016.

By:  */s/ Saralisa C. Brau*                          
Saralisa C. Brau
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC  20580
sbrau@ftc.gov
Telephone:   (202) 326-2774
Facsimile:    (202) 326-3384

*Counsel for Plaintiff Federal Trade Commission, executing this agreement on behalf of all Plaintiffs*

By: */s/ Eric Grannon*                  
Eric Grannon*
Adam M. Acosta*
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
(202) 626-3600 (telephone)
(202) 639-9355 (facsimile)
egrannon@whitecase.com
adam.acosta@whitecase.com

*Practicing pursuant to this Court's Case Management Order

*Counsel for Par Pharmaceutical Companies, Inc.*

3

**So ORDERED, this __ day of _____, 2016.**

_____
**Thomas W. Thrash, Jr.**
**United States District Judge**

4