# EXHIBIT A

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES B. TURNER, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> LOCKHEED SHIPBUILDING COMPANY, et al., <br><br> Defendants. | C13-1747 TSZ <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motions in limine brought by defendant Lockheed Shipbuilding Company ("Lockheed"), docket no. 111, are GRANTED in part, DENIED in part, STRICKEN in part, and DEFERRED in part as follows:

  (1) <u>Moody's Industrial Manual - GRANTED</u>

Plaintiffs make no showing that Moody's Industrial Manual is relevant, is more probative than prejudicial, and satisfies an exception to the evidentiary rule prohibiting hearsay. Lockheed does not dispute that it was formerly known as Puget Sound Bridge & Dry Dock Co., as indicated in Moody's Industrial Manual (June 1965), Ex. A to André Decl. (docket no. 113). Lockheed also does not dispute that it is a wholly-owned subsidiary of Lockheed Martin Corporation. <u>See</u> Corporate Disclosure Statement (docket no. 4). Plaintiffs may introduce such facts via means other than Moody's Industrial Manual, including a stipulation of the parties. The probative value of Moody's Industrial Manual is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

  (2) <u>Knowledge of Risk Associated with Direct Exposure - DEFERRED</u>

  (3) <u>General Procedure No. 45 - GRANTED</u>

Pursuant to Federal Rule of Evidence 407, General Procedure No. 45 is excluded as evidence of a subsequent remedial measure. Plaintiffs may offer such evidence

MINUTE ORDER - 1

only if Lockheed "opens the door," for example, by disputing the feasibility of precautionary procedures, and only after seeking an explicit ruling from the Court outside the presence of the jury.

   (4) <u>Walsh-Healey Act - GRANTED in part and DEFERRED in part to trial</u>

No witness shall testify and no attorney shall argue that the Walsh-Healey Act, Pub. L. No. 74-846, 49 Stat. 2036 (1936), codified as 41 U.S.C. § 35 et seq., which was superseded in part by the Occupational Safety and Health Act, <u>see</u> 29 U.S.C. § 653(b)(2), and which was repealed and restated by Pub. L. No. 111-350, 124 Stat. 3677 (2011), codified in part as 41 U.S.C. §§ 6501-6502, created any duties on the part of Lockheed that ran to plaintiffs. <u>See</u> <u>Arnold v. Saberhagen Holdings, Inc.</u>, 157 Wn. App. 649, 671, 240 P.3d 162 (2010). Whether evidence concerning the Walsh-Healey Act is admissible as to the issues of what Lockheed knew about workplace safety and when it knew such information is deferred to trial.

   (5) <u>Post-1969 Exposure - DENIED</u>

Although plaintiffs' Amended Complaint, docket no. 82, alleges a claim against Lockheed associated with secondary exposure to asbestos only for the years 1950 through 1969, plaintiff James B. Turner testified that he lived with his parents at various times between 1969 and 1981, and Lockheed had notice that plaintiff was potentially exposed to asbestos brought home on his father's clothing after 1969. Plaintiffs' operative pleading is hereby deemed amended to present this evidence. <u>See</u> Fed. R. Civ. P. 15(b).

   (6) <u>Rule 30(b)(6) Deposition - DEFERRED to trial</u>

The Court will rule on any objections relating to the Rule 30(b)(6) deposition testimony if and when they are raised during trial.

   (7) <u>Financial Status of Lockheed - GRANTED</u>

This motion is unopposed. No witness or attorney shall mention any party's financial status.

   (8) <u>"Sending a Message" Arguments - GRANTED</u>

This motion is unopposed. Counsel shall refrain from making arguments that appeal to passion or prejudice.

MINUTE ORDER - 2

(9) <u>Witness's Asbestos Injury or Lawsuit - GRANTED</u>

Plaintiffs shall not offer evidence or otherwise mention that a witness, other than plaintiff James B. Turner, has a pending lawsuit or previously litigated about asbestos-related injuries or that a witness, other than plaintiff James B. Turner, reached a settlement with or obtained a judgment against any entity in connection with asbestos-related injuries. Plaintiffs shall not elicit from a witness, other than plaintiff James B. Turner, testimony concerning the cause of such witness's illness or injury, if any.

(10) <u>Asbestos Awards or Standards - GRANTED in part and DEFERRED in part to trial</u>

No witness or attorney shall mention settlements, verdicts, or judgments in other cases involving asbestos-related injuries; no witness or attorney shall mention the costs incurred to litigate this case or the manner in which counsel will or might be compensated. The Court will rule on any objections relating to specific arguments or testimony concerning the status of asbestos and the standards relating thereto when they are raised during trial.

(11) <u>Asbestos Disease Among Lockheed Workers - DEFERRED</u>

(12) <u>Characterizing Lockheed as "Asbestos Company" - GRANTED in part and DENIED in part</u>

Lockheed is not a manufacturer of asbestos, and counsel shall refrain from using language that would imply otherwise. Except as granted, the motion is denied, and plaintiffs may present admissible evidence and argument that James B. Turner is a victim of asbestos exposure.

(13) <u>Disparaging Remarks - GRANTED</u>

This motion is unopposed. Counsel shall refrain from using derogatory terms and labels.

(14) <u>Health Conditions of Family Members - GRANTED in part and DENIED in part</u>

No witness or attorney shall mention the health condition of plaintiffs' children, Jonathan and Taylor Turner-Lipson, who are not parties to this action, and who have made no claim for loss of consortium. The motion is denied as to plaintiff Joanne Lipson's health condition, which is relevant to her claim for loss of consortium.

MINUTE ORDER - 3

(15)   Newspaper or Magazine Articles - DEFERRED to trial

Newspaper or magazine articles will not be admitted at trial unless they are relevant, more probative than prejudicial, and satisfy an exception to the rule prohibiting hearsay.  The Court will rule on any objections to specific offers of newspaper or magazine articles when they are raised during trial.

(16)   "Missing" Witness - GRANTED

This motion is unopposed.  No comment shall be made about the failure to call a witness without advance permission of the Court, which shall be sought outside the presence of the jury.

(17)   Exclude Witnesses From Courtroom - GRANTED in part, DENIED in part, and DEFERRED in part

All non-party witnesses are excluded from the courtroom except when they are testifying, except that (i) plaintiffs' children, Taylor and Jonathan Turner-Lipson, may attend all proceedings, and (ii) each defendant may designate one corporate representative who may attend all proceedings.  Fed. R. Evid. 615.  The Court defers ruling on whether and to what extent expert witnesses will be permitted to attend proceedings.

(18)   Advance Notice of Witnesses - GRANTED as follows

At the end of each trial day, counsel shall exchange a list of witnesses they anticipate calling on the next trial day.

(19)   Extra-Pleading Matters - GRANTED

This motion is unopposed.  No new claims, defenses, or legal theories shall be introduced at trial.

(20)   "Ban" on Asbestos - DEFERRED

(21)   Cumulative Asbestos Exposure - STRICKEN as moot

Lockheed's motion to exclude testimony that "every contribution to the lifetime cumulative asbestos dose is causative" is moot because plaintiffs agree that their expert, Carl Andrew Brodkin, M.D., will not present such testimony.  The Court will instruct the jury on the appropriate standard of causation under Washington law.  See Lockwood v. AC&S, Inc., 109 Wn.2d 235, 744 P.2d 605 (1987).

(22)   Testimony of Carl A. Brodkin, M.D. - DEFERRED

MINUTE ORDER - 4

(23) Scope of Expert Testimony - GRANTED

An expert's trial testimony shall be limited to the testimony provided during such expert's deposition and/or to such expert's report, if any, disclosed prior to November 7, 2013.

(24) Testimony of William Longo, Ph.D. - DENIED

Lockheed's motion to preclude Dr. Longo from offering any opinions specific to Lockheed or its predecessors is denied. Lockheed's motion does not otherwise address the scope of Dr. Longo's testimony.

(25) Mare Island Naval Shipyard - DEFERRED

(26) Conditions at Different Shipyards - STRICKEN as moot

The parties agree that a proper foundation is necessary before expert opinions are presented relating to the similarities of different shipyards.

(27) Plaintiff's Father's Work at Lockheed - DEFERRED

(28) Videos Using Tyndall Lighting - DEFERRED

(29) Testimony of Susan Raterman - DEFERRED

(2) Counsel shall be prepared to address the deferred motions in limine, namely Nos. 2, 11, 17, 20, 22, 25, and 27-29, at the Pretrial Conference scheduled for November 26, 2013, at 10:00 a.m. Counsel shall also be prepared to address Lockheed's pending motion for summary judgment, docket no. 76, and plaintiffs' motion for partial summary judgment, docket no. 94.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 22nd day of November, 2013.

                                            William M. McCool
                                            Clerk

                                            s/Claudia Hawney
                                            Deputy Clerk

MINUTE ORDER - 5